USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/8/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
                                                              :

ERICA LEE,                                     :

                                            Plaintiff,     :                        1:22-cv-8618-GHW

                      -against-                             :                             <u>ORDER</u>

DELTA AIR LINES, INC.,                    :

                                          Defendant.    :

------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

    Procedure matters. Plaintiff Erica Lee, a former employee of Defendant Delta Air Lines, Inc., learned that lesson when she brought claims against Delta in federal court in California. After that court gave Lee numerous opportunities to plead and replead her case there, it finally dismissed her case in May 2022 because Lee had not complied with federal or state procedural rules about how to properly format her complaint.

    Rather than appeal that determination, Lee came to this Court with materially identical claims. Usually, you cannot do that: a doctrine known as *res judicata*, or claim preclusion, bars relitigation of claims that have already been decided elsewhere. But *res judicata* applies only when the prior dismissal—in this case, the dismissal in California—was "on the merits." And in an order declining to reconsider its decision to dismiss Lee's case, the court in California explicitly stated that Lee's claims there had *not* been dismissed on the merits.

    Delta nonetheless moves to dismiss Lee's case in this Court pursuant to *res judicata*, arguing that it would be fundamentally unfair to require it to defend against Lee's claims a second time after the California action's termination. But here too, procedure matters: as Magistrate Judge Robert Lehrburger determined in his Report and Recommendation ("R&R"), this Court is neither free to ignore the Californian court's statement that the prior dismissal was not on the merits, nor to

disregard the procedural requirements of the *res judicata* doctrine. As a result, the Court will adopt Judge Lehrburger's R&R in full and Delta's motion to dismiss will be DENIED.

I. **BACKGROUND**[1]

a. **Alleged Discrimination and *Lee I***

Lee alleges that between 2017 and 2020, she was sexually and racially harassed and sexually assaulted by her manager while working for Delta. Dkt. No. 45 (Judge Lehrburger's Report & Recommendation, or "R&R") at 2. After a series of complaints and alleged additional discriminatory incidents, Delta first suspended and then terminated Lee in mid-2021. *Id.* at 2–3.

In September 2020, before her suspension and termination, Lee filed a lawsuit against Delta and two of its employees in front of Judge Consuelo Marshall in the United States District Court for the Central District of California. *See Erika L. Lee v. Delta Air Lines Inc. et al*, No. 2:20-CV-8754 (C.D. Cal.) ("*Lee I*"). For several years, Lee—representing herself *pro se*—pleaded and repleaded her discrimination, retaliation, and related claims through various complaints, the first four of which (her original complaint and first three amended complaints) were dismissed either in part or in full for various deficiencies. *See* R&R at 5–8 (describing the procedural history of *Lee I* in detail). On January 25, 2022, Lee filed her fourth and final amended complaint in *Lee I*. *Id.* at 7. It was one hundred pages long, included over three hundred pages of exhibits, and asserted ten causes of action. *Id.* at 7–8. Delta moved to dismiss it with prejudice under Federal Rules 8 and 41(b) without leave to amend. *Id.* at 8; *see* Fed. R. Civ. P. 8(a)(2) (specifying that pleadings "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief"). On May 13,

---

[1] This order focuses on the facts and procedural history necessary to understanding this Court's evaluation of Judge Lehrburger's Report and Recommendation ("R&R"). For a more thorough recitation of the background facts in this case, readers are referred to that R&R. Dkt. No. 45. In addition, because Delta has filed a Rule 12(b)(6) motion, the Court accepts Lee's pleaded facts as true for the purposes of evaluating the motion. *See, e.g.*, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2022, Judge Marshall granted Delta's motion to dismiss. *Lee I*, Dkt. No. 157 (the "Dismissal Order"). But the Dismissal Order "did not state whether the dismissal was with or without prejudice, nor if it operated as an adjudication on the merits." R&R at 8.

After the *Lee I* Dismissal Order, Delta filed a proposed judgment and Lee filed three motions for reconsideration. *Lee I*, Dkt. No. 158 (proposed judgment); Dkt. Nos. 162–164 (motions for reconsideration). In an order issued on August 3, 2022, Judge Marshall resolved all four filings. She dismissed all of Lee's motions for reconsideration. *Lee I*, Dkt. No. 173 (the "Reconsideration Order") at 5. But she also declined to enter the Proposed Judgment filed by Delta. *Id.* at 5–6. Regarding that issue, Judge Marshall wrote:

> [Delta] lodged a proposed judgment, and the Court ordered [Delta] to cite to authority supporting entry of judgment in this case. [Internal citation omitted.] [Delta] filed a response wherein it did not cite to any authority requiring entry of a separate judgment in this case. [Internal citation omitted.] The Court's Order dismissing [Lee's] Fourth Amended Complaint without leave to amend . . . is a final, appealable order. *See San Diego Cnty. Gun Rts. Comm. v. Reno*, 98 F.3d 1121, 1124 (9th Cir. 1996). Moreover, *the Order was not an adjudication on the merits*. Therefore, the Court finds entry of a separate judgment in this action is unnecessary.

*Id.* (emphasis added).

### b. *Lee II* and Judge Lehrburger's R&R

Before Judge Marshall issued the Reconsideration Order in *Lee I*, Lee—again proceeding *pro se*—commenced this case on June 13, 2022 by filing a complaint in New York state court ("*Lee II*"). Dkt. No. 1-1. Her complaint asserts fourteen causes of action against Delta for discrimination, retaliation, and related claims, and seeks $60 million in damages. *See* R&R at 8–9. Delta removed the case to this Court on October 11, 2022, Dkt. No. 1, and this Court referred the case to Magistrate Judge Lehrburger on October 21, 2022. Dkt. No. 10.

In front of Judge Lehrburger, and after the *Lee I* Reconsideration Order was issued, Delta filed a motion to dismiss the case under Federal Rule of Civil Procedure 12(b)(6) on *res judicata* grounds on January 11, 2023. Dkt. No. 25. Lee responded by opposing the motion and requesting

that it be converted into a Rule 56 motion for summary judgment. Dkt. No. 27. On April 26, 2023, Judge Lehrburger issued a Report and Recommendation recommending that this Court deny Delta's motion. Dkt. No. 45 ("R&R"). He first explained that, because Delta "relie[d] solely on court pleadings and orders from *Lee I*, documents of which the Court can and [did] take judicial notice," "converting the present Rule 12(b)(6) motion to a Rule 56 motion [was] unwarranted." R&R at 12–13. Next, Judge Lehrburger found that two of the three requirements to apply *res judicata*—that the previous action involved the parties to this case and that the claims asserted in this case were, or could have been, raised in the prior action—were met here. *Id.* at 14–18. But Judge Lehrburger found the final *res judicata* requirement not satisfied because the *Lee I* Dismissal Order did not "involve[] an adjudication on the merits." *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001); *see* R&R at 18–25. That conclusion, as Judge Lehrburger explained, was compelled by the *Lee I* "Reconsideration Order by which the *Lee I* judge pointedly characterized the Dismissal Order as not being a determination on the merits." R&R at 20.

Delta filed objections to the R&R on May 10, 2023, specifically objecting to Judge Lehrburger's conclusion that the *Lee I* Dismissal Order was not an adjudication on the merits. Dkt. No. 46. And Lee filed a response to those objections on May 16, 2023, which defended Judge Lehrburger's determination. Dkt. No. 50.

## II.  LEGAL STANDARD

### a. Review of Judge Lehrburger's R&R

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days of receiving a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).

4

The Court reviews for clear error those parts of the report and recommendation to which no party has timely objected. 28 U.S.C. § 636(b)(1)(C); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008). When a party timely objects to a magistrate's report and recommendation, a district court reviews, *de novo*, "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "To the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-cv-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (citation and internal quotation marks omitted). "Objections of this sort are frivolous, general and conclusory and would reduce the magistrate's work to something akin to a meaningless dress rehearsal." *Vega v. Artuz*, No. 97-cv-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (citations and internal quotation marks omitted). "The purpose of the Federal Magistrates Act was to promote efficiency of the judiciary, not undermine it by allowing parties to relitigate every argument which it presented to the Magistrate Judge." *New York City Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (citations omitted).

Finally, "it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (internal citation and quotation marks omitted).

5

### b. Federal Rule of Civil Procedure 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[ ]" claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam). However,

> "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." A complaint must therefore contain more than "naked assertion[s] devoid of further factual enhancement." Pleadings that contain "no more than conclusions . . . are not entitled to the assumption of truth" otherwise applicable to complaints in the context of motions to dismiss.

*DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 87–88 (2d Cir. 2013) (alterations in original) (quoting *Iqbal*, 556 U.S. at 678–79). Thus, a complaint that offers "labels and conclusions" or "naked assertion[s]" without "further factual enhancement" will not survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (alteration in original) (citing *Twombly*, 550 U.S. at 555, 557).

On a motion to dismiss, a court must generally "limit itself to the facts stated in the complaint." *Field Day, LLC v. Cnty. of Suffolk*, 463 F.3d 167, 192 (2d Cir. 2006) (quoting *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999)). In that context, "[a] court's task is to assess the legal feasibility of the complaint; it is not to assess the weight of the evidence that might be offered on either side." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020). "The purpose of Rule 12(b)(6) is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief *without* resolving a contest regarding its substantive merits. The Rule thus assesses the legal feasibility of the complaint, but does not weigh the evidence that might be offered to support it." *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006) (emphasis in original).

  c. **Standard of Review for *Pro Se* Litigants**

Motions filed by *pro se* litigants like Lee are liberally construed and interpreted "to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis in original) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)); *see also, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . ." (citation omitted)); *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) ("Where . . . the complaint was filed *pro se*, it must be construed liberally 'to raise the strongest arguments it suggests.'" (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013))). However, "the liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (internal quotation marks and citation omitted); *see also Rahman v. Schriro*, 22 F. Supp. 3d 305, 310 (S.D.N.Y. 2014) ("[D]ismissal of a *pro se* complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997))).

7

**III.    ANALYSIS**

Because Judge Lehrburger correctly concluded that the *Lee I* Dismissal Order was not an adjudication on the merits, this Court will adopt his R&R and deny Delta's motion to dismiss. As an initial matter, neither party has raised objections to several aspects of Judge Lehrburger's R&R, including (1) that the motion should not have been converted to a Rule 56 motion for summary judgment, and (2) that two of the *res judicata* requirements—that the previous action involved these parties and that the claims asserted in this case were or could have been raised in the prior action— are met here. R&R at 12–18; *see generally* Dkt. No. 46; Dkt. No. 50. The Court has reviewed these aspects of the R&R for clear error and finds none. Accordingly, the Court adopts these parts of the R&R.

The Court also agrees with the final determination reached in the R&R: that the *Lee I* Dismissal Order was not an adjudication on the merits, and that it therefore cannot have *res judicata* effect here.[2] As Judge Lehrburger explained, all three *res judicata* requirements must be met for a prior action to bar a subsequent one. R&R at 14. And among those requirements is that "the previous action involved an adjudication on the merits." *Id.* (quoting *Pike*, 266 F.3d at 91). So, as all parties agree, if the *Lee I* Dismissal Order was not an adjudication on the merits, the requirements of *res judicata* are not met, and Delta's motion to dismiss Lee's case based on *res judicata* must be denied.

As Judge Lehrburger noted, "[i]n isolation, the *Lee I* Dismissal Order appears to be an adjudication on the merits under Rule 41(b)." R&R at 19. That is because under Rule 41(b), "[u]nless [a] dismissal order states otherwise, a dismissal under [that] subdivision . . . except one for lack of jurisdiction, improper venue, or failure to join a party . . . operates as an adjudication on the

---

[2] The parties dispute whether this Court should review this aspect of the R&R *de novo* because Delta has raised specific objections to it or whether, because these objections largely recapitulate arguments made to Judge Lehrburger, the Court should review this portion of the R&R for clear error. *Compare* Dkt. No. 46 at 1 n.1 (Delta requesting *de novo* review), *with* Dkt. No. 50 at 3–4 (Lee requesting clear-error review). The Court need not resolve this dispute because, even assuming that *de novo* review is warranted, the Court finds that Judge Lehrburger's decision was correct.

merits." Fed. R. Civ. P. 41(b). And the *Lee I* Dismissal Order—which was not for lack of jurisdiction, improper venue, or failure to join a party—did not state whether or not it was on the merits and did not state whether or not it was with prejudice. *See generally* Dismissal Order. So in the ordinary course, Rule 41(b)'s default rule would apply, and the *Lee I* Dismissal Order would "operate[] as an adjudication on the merits." Fed. R. Civ. P. 41(b).

But as Judge Lehrburger reasoned, the *Lee I* Reconsideration Order changed all of that by expressly stating that "the [Dismissal] Order was not an adjudication on the merits." Reconsideration Order at 6. And "[a]bsent binding authority" or some other reason to disregard a court's express statement, "this court must assume" that a court's opinion "means what it says." *Maron v. Legal Aid Soc'y*, 605 F. Supp. 3d 547, 558 n.7 (S.D.N.Y. 2022) (internal quotation omitted). Here, that means taking seriously Judge Marshall's statement that the *Lee I* Dismissal Order was not on the merits. *See* Reconsideration Order at 6.

Delta's counterarguments are unavailing. First, it points to the text of Rule 41(b), which notes that "[u]nless the *dismissal order* states otherwise," dismissals under Rule 41(b) (except for the three excluded categories) "operate[] as an adjudication on the merits." Fed. R. Civ. P. 41(b) (emphasis added). Emphasizing the words "dismissal order," Delta argues that because the *Lee I* Dismissal Order said nothing about whether or not it was on the merits, it must operate as an adjudication on the merits—and that nothing said in other orders, including the *Lee I* Reconsideration Order, can alter that conclusion. Dkt. No. 46 at 1, 4. But as Judge Lehrburger noted, that argument conflicts with precedent, in which at least one other court has considered language in a reconsideration order to determine whether a prior dismissal order was on the merits. R&R at 20 (citing *Bay Fireworks, Inc. v. Frenkel & Co.*, 359 F. Supp. 2d 257, 263–64 (E.D.N.Y. 2005), which examined "[t]he order, and the order on reconsideration" when determining if a prior action was dismissed with or without prejudice).

9

Delta's argument also misapprehends the text of Rule 41(b). Under that rule, dismissal orders that do not specify whether they are with or without prejudice "*operate[] as* an adjudication on the merits." Fed. R. Civ. P. 41(b) (emphasis added). That language signifies—as several courts in this circuit have found—that Rule 41(b) creates a "*presumption* . . . that a dismissal thereunder 'operates as an adjudication on the merits.'" *Jamison v. City of New York*, No. 07-cv-1312, 2009 WL 1346832, at *3 (E.D.N.Y. May 5, 2009) (emphasis added); *see Jeffrey v. City of New York*, No. 06-cv-2917, 2007 WL 3036749, at *4 (E.D.N.Y. Oct. 16, 2007) (same); *Myvett v. Rosato*, No. 03-cv-2379, 2004 WL 1354254, at *3 (S.D.N.Y. June 16, 2004) (same). And it can be contrasted with other language used elsewhere in the same rule that specifically describes certain notices of dismissal as *being* without prejudice. *See* Fed. R. Civ. P. 41(a)(1)(B) ("Unless the notice or stipulation states otherwise, the dismissal *is* without prejudice.") (emphasis added); Fed. R. Civ. P. 41 (a)(2) ("Unless the order states otherwise, a dismissal under this paragraph (2) *is* without prejudice.") (emphasis added). This Court agrees with other courts in this circuit that the language of Rule 41(b) creates a presumption, not a binding rule, that dismissals under the rule are on the merits. And it is the nature of presumptions that, in some circumstances, they can be overcome. *See, e.g.*, *Bowen v. Mich. Acad. of Fam. Physicians*, 476 U.S. 667, 673 (1986) (noting that the presumption of judicial review, "like all presumptions," "may be overcome").

Delta nonetheless contends that in this case, the express language in the Reconsideration Order should not overcome the presumption that the Dismissal Order was on the merits because it was a "stray comment" that merely "declined to issue a 'Judgment' under a local court rule." Dkt. No. 46 at 3. But the Court agrees with Judge Lehrburger that the statement in the Reconsideration Order cannot be disposed with so easily. As Judge Lehrburger explained, the Reconsideration Order's statement that the Dismissal Order was not on the merits "was expressly part of the *Lee I* court's reasoning as to why 'entry of a separate judgment . . . [was] unnecessary.'" R&R at 21

10

(quoting Reconsideration Order at 6).  Far from a stray comment, the statement in the Reconsideration Order was therefore part of a holding disposing with Delta's proposal to file a separate judgment in that case.  This Court is not free to ignore it as dicta.

Nor does the Court agree with Delta's premise that the *Lee I* Dismissal Order was so clearly meant to be with prejudice and on the merits that giving effect to the Reconsideration Order would be to elevate "the form of stray language in an extrinsic order" over the "jurisprudential substance of the issue before it with absurdist consequences."  Dkt. No. 46 at 7; *see also id.* at 4–5 (arguing that because Judge Marshall could have stated that the Dismissal Order was without prejudice or not on the merits, but did not, there is no "guesswork" necessary to know that she intended that Order to be on the merits, and that an opposite "interpretation is simply not plausible").  The *Lee I* Dismissal Order dismissed Lee's fourth amended complaint because of various pleading deficiencies—as Judge Marshall noted, Lee had not complied with Rule 8's mandate that her complaint be simple, concise, and direct, and she had also failed to comply with other local rules concerning the formatting of her complaint.  *See* Dismissal Order at 10–13.  And Judge Marshall also noted that unlike dismissals under Rule 12(b)(6) for failing to state a claim, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *Id.* at 13 (quoting *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996)).  This language could be read to suggest that Judge Marshall in fact intended to dismiss Lee's claims regardless of their strength on the merits, and thus did not intend for the dismissal to operate as merits-based.  Absent the Reconsideration Order, of course, this language in the Dismissal Order would be insufficient to overcome Rule 41(b)'s on-the-merits presumption, because it is not a clear statement that the Dismissal Order was not on the merits.  *See* Fed. R. Civ. P. 41(b).  But it nonetheless undermines Delta's argument that the Dismissal Order was plainly meant to be on the merits, and that it would obviously misread that Order to construe it otherwise.

When it turns to precedent, Delta largely "misapprehends the issue at hand." R&R at 23. Citing to *Harry v. Rodriguez*, 337 F. App'x 17, 18 (2d Cir. 2009) (summary order), it argues that a party cannot "subvert the appellate process" by deciding not to appeal claims in one court and instead to relitigate them in another. Dkt. No. 46 at 6. But *Harry*, a non-binding case in any event, specifically noted that *res judicata* was warranted only because the plaintiff's "prior suit was resolved on the merits." 337 F. App'x at 17. That a plaintiff was attempting to avoid the consequences of a judgment by not appealing and coming to a new court, in other words, was a good reason to apply *res judicata*—but the requirements of the doctrine still had to be met.

Just as ineffective is Delta's reliance on *O'Diah v. New York City*, No. 02-cv-274, 2002 WL 1941179 (S.D.N.Y. Aug. 21, 2002). There, Judge Denise Cote applied *res judicata* even though a different court had failed to "enter an order dismissing all claims with prejudice" because "[a]ny other conclusion would be wasteful of judicial resources, impose an unfair burden on defendants, and encourage plaintiffs to ignore court orders and file multiple suits to litigate the same injuries." *Id.* at *5. But here, as Judge Lehrburger noted, Judge Marshall "did not simply fail to enter final judgment; rather, [she] made the express decision that entry of final judgment was unwarranted because the Dismissal Order was not an adjudication on the merits." R&R at 24 (emphasis removed). This direct language from Judge Marshall stating that the Dismissal Order was not on the merits makes *O'Diah* inapposite.

Delta's final argument turns to the unfairness that would result from declining to give the Dismissal Order *res judicata* effect here. *See, e.g.*, Dkt. No. 46 at 5 (arguing that declining to give the *Lee I* Dismissal Order *res judicata* effect would "fly in the face of . . . fundamental fairness"). But potential unfairness cuts both ways: to the extent that Judge Marshall did *not* intend for the Dismissal Order to be on the merits (as she said in the Reconsideration Order), it would be unfair to Lee to give that Order *res judicata* effect. *Cf. Legnani v. Alitalia Linee Aeree Italiane,* 400 F. 3d 139, 142

n.2 (2d Cir. 2005) ("[A] reasonable doubt as to what was decided in the first action should preclude the drastic remedy of foreclosing a party from litigating an essential issue." (quoting *McNellis v. First Fed. Sav. & Loan Ass'n*, 364 F.2d 251, 257 (2d Cir. 1966)). And if there is indeed unfairness here—that is, if the Court and Judge Lehrburger have misread Judge Marshall's language—there may be ways for Delta to mitigate it. While Delta writes that because "Judge Marshall had dismissed the case before her," "there [is] no mechanism or rationale for Delta to seek clarification," Dkt. No. 46 at 5 n.4, this Court certainly does not preclude Delta from filing a letter or motion in California to seek reconsideration or clarification of the *Lee I* Dismissal Order. And even if Delta is unsuccessful in doing so, it may be that one or more of the orders in *Lee I* could have issue-preclusive (as opposed to claim-preclusive) effect here, if an "identical issue necessarily was decided in [a] prior action and is decisive of the present action, and . . . the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." *Plymouth Venture Partners, II, L.P. v. GTR Source, LLC*, 988 F.3d 634, 642 (2d Cir. 2021) (internal citation omitted).[3]

> This Court can sum up the bottom line no better than Judge Lehrburger:
>
> The Court is sympathetic to Delta's position of having to engage in further litigation on issues seemingly already brought to a close in California. But, given that Delta's instant motion is for dismissal solely on res judicata grounds and that a key element of res judicata is missing, it would be improper for the Court to grant dismissal on that basis.

R&R at 25. The Court accordingly adopts Judge Lehrburger's R&R in full and denies Delta's motion to dismiss.

## IV.    CONCLUSION

For these reasons, and as laid out in additional detail above, the Court adopts Judge Lehrburger's Report and Recommendation in full and DENIES Delta's motion to dismiss.

---

[3] Because Delta has not made any issue-preclusion arguments at this time, the Court expresses no view on whether they would be meritorious.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 25.

SO ORDERED.

Dated: June 8, 2023  
New York, New York

GREGORY H. WOODS  
United States District Judge