Erika Lee
20 Confucius Plaza #10K
New York, NY, 10002
646-552-8394. Email: leeerikalatise@gmail.com
ERIKA LEE, PRO SE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **ERIKA LEE** | <u>CASE:1:22-cv-08618-DEH-RWL</u> |
| Plaintiff, Pro Se | **PLAINTIFF'S R&R OBJECTIONS (ECF#96)** |
| -against- | |
| **DELTA AIR LINES, INC., DAVID NEEDHAM & JOSE ROSADO** | |
| Defendants | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

PLAINTIFF'S R&R OBJECTIONS( ECF#96)

Dear Honorable Judge Ho,

    Plaintiff opposes and objects one issue (dismissal without prejudice of Defendants Rosado & Needham for alleged failure to serve)in Magistrate's R&R in ECF Docket #96.  Plaintiff is pro se and does not assume to know much, however if the Court hears Plaintiff out and reviews the record the Court will understand Plaintiff's confusion and see that Defendants Rosado & Needham were served and that dismissal without prejudice of Defendants Rosado & Needham was improper(based on record and voluntary participation and waiver by litigation conduct). The only reason Plaintiff raises this issue is mainly for discovery purposes , since Delta gives their managers full autonomy to make any employment decisions they arbitrarily desire and these 2 individual defendants made the various discriminatory employment decisions which violated Plaintiff's rights , giving rise to this lawsuit. Also, these individual defendants are no longer employed by Delta and Delta can't produce them anytime Delta wants.  Also, because the record is undisputed that these 2 defendants were served, the Magistrate's ruling in ECF#96 focuses solely on the fact that no attorney or even Opposing Counsel in this case ever entered an appearance for them; however, an attorney's failure to enter an appearance for 2 defendants  doesn't mean that they weren't served but rather, as a matter of law, it constitutes that these 2 defendants are currently in default in this case, as these 2 defendants do not deny they were served.(See ECF#70, 71, 72). The reason Plaintiff never raised this issue before is because Plaintiff believed that Plaintiff had to wait until the end to file a Rule 55 default motions for these 2 defendants. see *Ming v. 2317 Omiya Sushi, Inc.*, No. 19-CV-298-FB-SJB (E.D.N.Y. Apr. 5, 2021)("Nonetheless, even if *Frow* is inapplicable, it does not follow that the Court should now resolve the motion for default judgment in this case. The possibility of inconsistent damages calculations leads courts… to refrain from issuing interim decisions when not all parties have defaulted. *Gesualdi v. MMK Trucking, Inc.*, No. 09-CV-1484, 2010 WL 3619569, at *5 (E.D.N.Y. Aug. 24, 2010) ("The *Frow* holding has been narrowed to cases involving true joint liability. Nonetheless, courts have also consistently delayed damages inquests even where a plaintiff seeks joint and several liability in order to avoid the problems of dealing with inconsistent damage determinations…The Court, therefore, respectfully recommends the motion for default judgment be denied without prejudice to renewal upon resolution of the case against the Appearing Defendants.")

---

PLAINTIFF'S R&R OBJECTIONS( ECF#96)

Plaintiff objects to never properly or previously heard on this issue as The Honorable Magistrate judge didn't explain exactly how it was determined that Defendants Rosado & Needham were never served, yet the records shows that Defendants Rosado & Needham were served, as Defendants Rosado & Needham filed affidavits and voluntarily participated in this case, which legally constitutes waiver and forfeiture by litigation conduct.  Plaintiff's objections to this one simple issue are valid because **the record shows (ECF#70, 71, 72)** that it is undisputed that Defendants Rosado & Needham were properly served and they are currently in default.  Also, because no formal 12(b)(2), 12(b)(4), 12(b)(5) motions were ever filed, this dismissal without prejudice to Defendants Rosado & Needham seemed to be raised and issued sua sponte by Magistrate, as this was never briefed by the parties, as Defendants Rosado & Needham are currently in default (no appearance was ever entered), while Defendants Rosado & Needham also participated in this case, admitted they were served and had actual notice, and gave Plaintiff a reasonable expectation that they were going to litigate this case on the merits(by never filing any formal motions to dismiss).In sum,  the record clearly shows either that Defendants Rosado & Needham are currently in default under Rule 55 and/or that Defendants Rosado & Needham waived and forfeited any personal jurisdiction and/or insufficient service by litigation conduct, and failure to file any formal 12(b)(2), 12(b)(4), 12(b)(5) motions. Therefore, because this issue (failure to serve or lack of personal jurisdiction and the ruling of dismissal without prejudice of Defendants Rosado & Needham) was never briefed and Defendants Rosado & Needham are in default, Plaintiff requests District Judge to review record and rule that 1)Defendants Rosado & Needham were served; 2) Defendants Rosado & Needham  are currently in default under Rule 55; or in the alternative 3) Defendants Rosado & Needham  forfeited and waived any 12(b)(2), 12(b)(4), 12(b)(5)defenses by voluntarily participating in this case and not making formal appearances and not objecting;  or in the alternative 4)sending this issue back to Honorable Magistrate Judge as the parties simply never briefed or argued this issue.

  Pro se litigants are entitled to have their pleadings read liberally.See Haines v. Kemer, 404 U.S. 519, 520-21 (1972)."It is well established that a court is ordinarily obligated to afford a special solicitude to pro se litigants" based on "[t]he rationale . that a pro se litigant generally lacks both legal training and experience," Tracy v. Freshwater, 623 F.3d 90, 101 (2d Cir. 2010)("The solicitude afforded to *pro se* litigants takes a variety of forms. It most often consists o***f liberal construction of pleadings, motion papers***…It is not, however, limited to this specific procedural setting. Rather, it also embraces***…l eniency in the enforcement of other procedural rules,*** see LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ( *"[P]ro se* plaintiffs should be granted special leniency regarding

procedural matters."); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) ("A party appearing without counsel is afforded extra leeway in meeting the procedural rules governing litigation. . . .")…")This standard is applied with even greater force where the plaintiff alleges civil rights violations or where the complaint is submitted pro se." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994)

**Record shows(ECF#70, 71, 72) that Defendants Rosado & Needham were properly served**

New York does allow for service by leaving the summons and complaint at the defendant's workplace if copies also are *mailed* to that address. As the record shows, the person serving did both of things in compliance with NY law . Service of process may be effected upon an individual in any judicial district of the United States either "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons" upon a defendant in that state's courts, or "by delivering a copy of the summons and of the complaint to the individual personally or . . . by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process." Rule 4(e), Fed.R.Civ.P. In New York, under CPLR 308, personal service on an individual may be made by delivering the legal process: directly to the defendant (CPLR 308(1)); to someone of suitable age and discretion at the defendant's "actual place of business, dwelling place or usual place of abode" and mailing a copy of the summons to the defendant's last known residence or actual place of business (CPLR 308(2)).New York law provides for service of process on a natural person by, among other ways, delivering the summons and complaint "to a person of suitable age and discretion at the actual place of business . . . of the person to be served <u>and</u> by . . . mailing the summons by first class mail to the person to be served at his or her actual place of business" with such delivery and mailing "to be effected within twenty days of each other." N.Y.C.P.L.R. § 308(2). If this method is used, "proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later." <u>Id.</u> see <u>Howard v. Klynveld Peat Marwick Goerdeler,</u> <u>977 F. Supp. 654, 660</u> (S.D.N.Y. 1997).

Defendants didn't argue the allegations in the server's Affidavit were not true or even deny the allegations in the server's Affidavit of Service. *MRS Prop. Invs. v. Bivona*, 21-CV-1104(EK)(AYS) (E.D.N.Y. May. 3, 2021)("Bivona does not, however, deny the allegations in the process server's Affidavit of Service. Instead, he states baldly that there is "no evidence" that he "received any mailing" or that "an email was received" containing the summons and complaint. Id. at 3. New York State, however, does not require actual receipt by a party. Instead, C.P.L.R. § 308(2) requires that the summons be delivered to a "person of suitable age and discretion" at the dwelling or abode of the person to be served.SeePope

---

PLAINTIFF'S R&R OBJECTIONS( ECF#96)

v. Rice, No. 04-CV-4171, 2005 WL 613085, at *14 (S.D.N.Y. Mar. 14, 2005) ("Substituted service is complete when: a) a person of suitable age and discretion is served; and b) a copy of the summons and complaint is mailed to the defendant; and c) upon the expiration of ten days after proof of such service has been filed.").")Here, substituted service was complete as Defendants admit they were served at their workplace and were mailed copies. see St. Clair v. Cox, 106 U.S. (16 Otto) 350, 357-58 (1882) ("[A] certificate of service …on a person who is its agent there would, in our opinion, be sufficient prima facie evidence . . . ."); see also Marshall v. Balt. & Ohio R.R. Co., 57 U.S. (16 How.) 314, 329 (1854).

### Voluntarily Participation in this Case

Defendants Rosado & Needham waived their personal jurisdiction and any service arguments by making an unofficial informal appearance(submitting affidavits), without any motions to dismiss, and submitting to the jurisdiction of the court their appearances. See Ins. Corp. of Ireland, LTD v. Compagnie des Bauxite de Guinea, 456 U.S. 694, 703 (1982("an individual may submit to the jurisdiction of the court by appearance." )**Defendants Rosado & Needham waived and "forfeited any insufficient service, failure to serve, or personal jurisdiction defenses by their voluntary participation in this case and/or by failing to "raise" these defenses. United States v. Jones, 565 U.S. 400, 413 (2012).**See also, Adam v. Saenger, 303 U.S. 59 (1938)(In sustaining service, the court pointed out (at 67) that "by his voluntary act, submitted himself to the jurisdiction of the court, there isnothing arbitrary or unreasonable in treating him as being there for all purposes for which justice… requires his presence.");NY CPLR § 320(b) (2023)("When appearance confers personal jurisdiction, generally. Subject to the provisions of subdivision (c), an appearance of the defendant is equivalent to personal service of the summons upon him, unless an objection to jurisdiction under paragraph eight of subdivision (a) of rule 3211 is asserted by motion or in the answer as provided in rule 3211.");Lincoln Property Co. v. Roch, 546 U.S. 81 (2005) ("A named defendant who admits involvement in the controversy and would be liable to pay a resulting judgment is not "nominal" in any sense except that it is named in the complaint").

Defendants Rosado & Needham gave Plaintiff a "reasonable expectation" that they "will defend the suit on the merits," when they voluntarily filed affidavits admitting they had notice of lawsuit and were served at their places of employment, led plaintiff to believe that they were not formally and seriously contesting personal jurisdiction or any improper service as they also never made any formal motions under 12(b)(2), 12(b)(4), or 12(b)(5) with these arguments to put plaintiff on notice that they were ever disputing personal jurisdiction and/or any  service . See  German Am. Fin. Advisors v. Rigsby, 623 F. App'x 806 (7th Cir. 2015)("Yet a defendant will waive objection to the absence of personal jurisdiction by giving the plaintiff a"reasonable expectation" that she "will defend the suit on the merits." MobileAnesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A., 623 F. 3d 440, 443 (7th Cir. 2010); see Cont'l Bank, N.A. v. Meyer, 10 F.3d 1293, 1297 (7th Cir.

---

PLAINTIFF'S R&R OBJECTIONS( ECF#96)

1993); Gerber v. Riordan, 649 F.3d 514, 519 (6th Cir. 2011). And Mary signaled that she would defend the suit when she joined her husband in seeking more time to respond to German American's motion for summary judgment. Mary's participation in that motion might seem at first blush too insignificant to waive her defense to personal jurisdiction since asking for additional time to respond to a motion is not the type of activity that typically will allow a plaintiff to reasonably expect a merits defense to follow. See Mobile Anesthesiologists, 623 F.3d at 443. What the Rigsbys filed, though, was more than a request for additional time; their submission proposes defenses for the district court to evaluate if more time was not allotted for them to challenge the motion for summary. judgment. **Mary's participation in this filing waived any objection that she had topersonal jurisdiction."**) Similarly in this case here,  Defendants Rosado & Needham's filing of affidavits in ECF#70,71,72  led Plaintiff to reasonable expect" that they "will defend the suit on the merits" as they were not contesting personal jurisdiction or service in any of Delta's Motions to Dismiss and they did not file any 12(b)(2), 12(b)(4), or 12(b)(5) after being properly served.

      The defense of of improper service or personal jurisdiction is waived"may be lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct." Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 168 (1939)). Torres v. Walsh, 221 F.2d 319 (2d Cir.), cert. denied, 350 U.S. 836 (1955)( holding defendant waived personal jurisdiction because " the respondent claimant has agreed voluntarily to appear in the action..."); Commercial Cas. Ins. Co. v. Consol. Stone Co. , 278 U.S. 177, 178–81, 49 S.Ct. 98, 73 L.Ed. 252 (1929) (discussing requirement that venue be "seasonably" raised and finding waiver where the "[d]efendant allowed the time for effective objections to expire and did nothing");.The defense of improper service or personal jurisdiction is waived when the defendant makes a Rule 12 motion that omits the defense, or if the defendant fails to raise the defense either in a Rule 12 motion or to include it in a responsive pleading. Fed. R. Civ. P. (h)(1).S O'Brien v. R. J. O'Brien & Assocs., Inc., 998 F.2d 1394, 1399 (7th Cir. 1993) ("a party must include a defense of insufficiency of process in its first Rule 12 motion or the defense is waived").

      It is undisputed that Defendants Rosado and Needham did not met the formal requirements of Fed.R.Civ.P. 12(h)(1) by filing Rule 12 motions or by  including in its answer the following sentence: "The Court lacks personal jurisdiction over.."  and Defendants also delayed in challenging personal jurisdiction or service  as they still never formally challenged personal jurisdiction or service by appearance or motion. see *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58 (2d Cir. 1999). ("However, this Court has ruled that a "delay in challenging personal jurisdiction by motion to dismiss" may result in waiver, "even where . . . the defense was asserted in a timely answer." *Datskow v. Teledyne, Inc.*, 899 F.2d 1298, 1303 (2d Cir. 1990)…"Most defenses, including the defense of lack of personal jurisdiction, may be waived as a result of the course of conduct pursued by a party during litigation.").

PLAINTIFF'S R&R OBJECTIONS( ECF#96)

Under Hamilton, Defendants " forfeited" all personal jurisdiction or service by being served, actual notice of case, and then filing affidavits that they were served, and never moving to dismiss for lack of personal jurisdiction or insufficient service, and then voluntarily submitting affidavits and participating in case with no formal objections.See Grammenos v. Lemos, 457 F.2d 1067, 1070 (2d Cir. 1972)("If a party enters a case, makes no objection to jurisdiction, and asks the court to act on its behalf in some substantive way, it will be held to have waived further objection. Savas v. Maria Trading Corp., 285 F.2d 336, 340-341 (4 Cir. 1960); Backo v. Local 281, United Brotherhood of Carpenters and Joiners, 308 F.Supp. 172 (N.D.N.Y. 1969), aff'd 438 F.2d 176 (2d Cir. 1970), cert. denied, 404 U.S. 858, 92 S.Ct. 110, 30 L.Ed.2d 99 (1971)")See, e.g., Hamilton v. Atlas Turner, Inc., 197 F.3d 58, 61-62 (2d Cir. 1999);Datskow v. Teledyne, Inc., 899 F.2d 1298, 1303 (2d Cir. 1990)(holding that a defendant waived the defense of improper service by participating in litigation without raising the personal jurisdiction issue until four months after raising the issue in its answer). Opposing Counsel made binding judicial admissions(see DKT #70, 71, 72) that Defendants Rosado and Needham were properly served, waiving any argument that there" was any defect in the service of process." see Hamilton.

### Waiver of Venue by Litigation conduct

Opposing Counsel waived this issue by never formally and sufficiently raising any failure to serve, insufficient service, or any personal jurisdiction issue in any 12(b)(2), 12(b)(4), or 12(b)(5) motion to dismiss or any first motion to dismiss. Thus, as a matter of law, any any failure to serve, insufficient service, or any personal jurisdiction issue involving Defendants Rosado and/or Needham weren't sufficiently raised, briefed or argued by the parties and Rosado and Needham forfeited and waived the defenses. see Fed. R. Civ. P 12(h)(1) (stating that "[a] party waives any defense listed in Rule 12(b)(2)-(5)," including the defense of lack of personal jurisdiction, by "failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading.");Tolbert v. Queens Coll., 242 F.3d 58, 75 (2d Cir. 2001);("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived… A contention is not sufficiently presented for appeal if it is conclusorily asserted only in a footnote. *See, e.g., United States v. Restrepo,* 986 F.2d 1462, 1463 (2d Cir.), *cert. denied,* 510 U.S. 843, 114 S.Ct. 130, 126 L.Ed.2d 94 (1993); *cf. Cooper v. Parsky,* 140 F.3d 433, 441 (2d Cir. 1998) (where the only mention of personal jurisdiction appeared in a footnote in appellant's reply brief and stated simply that dismissal for lack of personal jurisdiction without a hearing or discovery was error and cited a single case, the issue was not properly presented for review)")

### STANDARD OF REVIEW

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."Fed. R. Civ. P.72; 28 U.S.C. § 636(b)(1). With respect to a magistrate judge's recommendations on a dispositive matter, the Court reviews de novo those

determinations as to which a party has specifically objected. See id. ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). See Thomas v. Arn, 474 U.S. 140, 150 (1985); Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008). Here, Plaintiff is objecting to a dispositive manner(dismissal without prejudice of Defendants Rosado & Needham for failure to serve.)

**CONCLUSION:** For the reasons above, Defendants Rosado & Needham were sufficiently served and they waived any personal jurisdiction and/or service objections by voluntary submitting to this Court's jurisdiction, participating in litigation, filing affidavits, and giving Plaintiff reasonable expectation that they were going to litigate this case on the merits. OR in the alternative, Defendants Rosado & Needham are currently in default, and Plaintiff must be allowed to follow a Rule 55 Motion for Default.

Date: 8/9/2024                    _____/s/_____
                                   ERIKA L. LEE, the PLAINTIFF(proceeding as PRO SE)

# **AFFIRMATION OF SERVICE**

I, Erika L. Lee, declare under penalty of perjury that on 8/9/2024, I served a copy of the attached: "PLAINTIFF'S R&R OBJECTION (ECF#96)" upon all other parties in this case by email to ira.rosenstein@morganlewis.com and by USPS mail to the following persons: IRA ROSENSTEIN, c/o MORGAN LEWIS LAW FIRM, 101 Park Ave, New York, NY 10178-0060.

Date: 8/9/2024                    _____/s/_____

                ERIKA L. LEE, the PLAINTIFF(proceeding as PRO SE)