UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIKA LEE,<br><br>      Plaintiff,<br><br>v.<br><br>DELTA AIR LINES, INC., et al.,<br><br>      Defendants. | 22 Civ. 8618 (DEH)<br><br>**OPINION<br>AND ORDER** |

DALE E. HO, United States District Judge:

  Plaintiff Erika Lee ("Plaintiff" or "Lee"), proceeding pro se, filed suit against Defendants Delta Air Lines, Inc. ("Delta"), David Needham ("Needhan"), and Jose Rosado ("Rosado") (collectively, "Defendants"), asserting numerous claims stemming from her previous employment with Delta. Magistrate Judge Robert W. Lehrburger issued a Report and Recommendation (the "Report") and Amendment ("Amended Report"), recommending that Defendants' motion to dismiss the Second Amended Complaint ("SAC")[1] be granted in part and denied in part.[2] For the reasons discussed herein, the Court adopts the as-amended Report in full.

  This action was assigned to Magistrate Judge Robert W. Lehrburger for general pretrial supervision and for dispositive motions on October 21, 2022.[3] Defendants filed their motion to dismiss the SAC on February 22, 2024.[4] On July 29, 2024, Judge Lehrburger issued a Report and Recommendation on Defendants' motion, recommending that all but the following claims should be dismissed: Count II's claims for sexual harassment and hostile work environment, and

---

[1] SAC, ECF No. 58.

[2] *See generally* Report, ECF No. 96; Amended Report, ECF No. 101.

[3] *See* ECF No. 10.

[4] *See* ECF No. 84.

Count III (retaliation under 42 U.S.C. § 1981, NYSHRL, and NYCHRL), "except as to 42 U.S.C. § 1981 insofar as applied to retaliation for complaints based on disability, gender, or sex, which should be dismissed."[5]  The Report additionally recommended the dismissal of the Individual Defendants Needham and Rosado.

Plaintiff timely filed an objection on August 9, 2024 and appears to have re-filed the same after the deadline, on August 14, 2024.[6]  The sole basis for Plaintiff's objection was that the two Individual Defendants should not be dismissed because they were properly served.  *See generally* Objection.  Defendants did not file a reply.

On August 29, 2024, Judge Lehrburger filed an Amended Report that withdrew the portions of the Report that recommended dismissal of the Individual Defendants Needham and Rosado at this time.[7]  No party timely raised an objection.

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[8]  For dispositive matters, a district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to" by any party.[9]  For those portions to which no proper objection is made, a district court need only satisfy itself that there is no "clear error on the face of the record."[10]  The Court has reviewed found no error, clear or otherwise, and accordingly adopts the as-amended Report in full.

---

[5] *See* Report 61.

[6] *See* ECF Nos. 97, 98.

[7] *See* ECF No. 101.

[8] 28 U.S.C. § 636(b)(1)(C).

[9] Fed. R. Civ. P. 72(b)(3).  All references to Rules are to the Federal Rules of Civil Procedure.  In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

[10] *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 n.4 (2d Cir. 2022).

## CONCLUSION

For the reasons discussed herein, the Court adopts Judge Lehrburger's as-amended Report. Accordingly, Defendant's motion to dismiss is **GRANTED IN PART and DENIED IN PART**. Specifically:

1. Count I (racial discrimination under NYSHRL and NYCHRL) is dismissed.

2. Count II (gender discrimination, sexual harassment, and hostile work environment) is dismissed with respect to the claim for gender discrimination; Count II's claims for sexual harassment and hostile work environment is not dismissed.

3. Count III (retaliation under 42 U.S.C. § 1981, NYSHRL, and NYCHRL) is dismissed, except as to 42 U.S.C. § 1981 insofar as applied to retaliation for complaints based on disability, gender, or sex, which is dismissed.

4. Count IV (racial discrimination under 42 U.S.C. § 1981) is dismissed.

5. Count V (failure to accommodate under NYSHRL and NYCHRL) is dismissed.

6. Counts VI (failure to engage in cooperative dialogue under NYSHRL and NYCHRL) is dismissed.

7. Count VII (defamation) is dismissed.

8. Counts VIII and IX (negligence) are dismissed.

9. Count X (battery / sexual battery) is dismissed.

10. Count XI (whistleblower retaliation under NYLL) is dismissed.

The Clerk of Court is respectfully requested to terminate ECF No. 84.

SO ORDERED.

Dated: September 28, 2024
       New York, New York

                                        DALE E. HO
                            United States District Judge

4