# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIKA LEE,<br><br>                            Plaintiff,<br><br>              v.<br><br>DELTA AIR LINES, INC., DAVID NEEDHAM, and JOSE ROSADO,<br><br>                           Defendants. | 22-CV-8618 (DEH) (RWL)<br><br>PROTECTIVE ORDER |

      WHEREAS, Defendant Delta Air Lines, Inc. ("Defendant" or "Delta") requests that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that they may need to disclose in connection with discovery in this case; and

      WHEREAS, Plaintiff was given the opportunity to make any objections to the protective order proposed by Defendants by November 7, 2024, and Plaintiff did not file any objections; and

      WHEREAS, the Court finds that good cause exists for issuance of an appropriately tailored protective order (the "Protective Order") governing the treatment of confidential information exchanged in the pretrial phase of this action,

      IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the Parties to this action, their attorneys, representatives, agents, consultants, experts, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

      1.     Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as

"Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted by this Protective Order.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that consists of:

(a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b) previously nondisclosed material relating to ownership or control of any non-public company;

(c) previously nondisclosed business plans, product development information, or marketing plans;

(d) any information of a personal or intimate nature regarding any individual; or

(e) any other category of information hereinafter given confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the person subject to this Protective Order or that person's attorney may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

4. With respect to deposition transcripts and exhibits, a party or party's attorney may designate such transcript (or portion thereof) or exhibit as Confidential either by:

    (a) indicating on the record during the deposition that a question or answer contains Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or

    (b) notifying the reporter and all parties of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing person or that person's attorney by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

5. If at any time prior to the trial of this action, a person subject to this Protective Order determines that some portion(s) of Discovery Material that previously was produced without a Confidential designation should be designated as Confidential, such person may designate such material as Confidential by notifying in writing all parties of record, the parties' attorneys, and any other recipients of the Discovery Material of whom the person is aware, and thereafter such designated portion(s) of the Discovery Material will be deemed to be and treated as Confidential under the terms of this Protective Order.

6. Confidential Discovery Material shall not be disclosed to any person except:

(a) the Parties to this action;

(b) attorneys for the Parties, and any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) that a party or party's attorney hires and assigns to this matter;

(d) any mediator or arbitrator engaged by the Parties or appointed by the Court in this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee and any other person indicated on the face of the document as having previously received a copy of the document;

(f) any witness whom a party or their attorney believes in good faith may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person retained by a Party as a consultant or expert to assist in the prosecution or defense of this action, to the extent deemed necessary by the Party or the Party's attorney, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers engaged to transcribe depositions conducted in this action; and

(i) this Court, including any appellate court, and the court reporters and support personnel for the same.

7. Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action, and specifically (and by way of example and not limitation) may not use Confidential Discovery Material for any business, commercial, or competitive purpose, or in the prosecution and/or defense of any other action.

8. Each Party shall maintain a copy of every Non-Disclosure Agreement executed pursuant to Section 6 above for 45 days after the final disposition of this Action. A party may, on written notice to the other party, request that other party provide the requesting party with copies of every Non-Disclosure Agreement executed pursuant to Section 6 and the other party shall provide those copies promptly upon receipt of the request for copies.

9. Defendant's Confidential Discovery Material shall not be disclosed to Nicholas Pimentel, Azir Azzarmi, or any other alias by which that individual is known ("Azzarmi") without express permission of the Court upon the filing of a motion by Plaintiff and only upon a showing by Plaintiff that Azzarmi satisfies the criteria for disclosure set forth in Section 6 above and good cause exists to disclose Confidential Discovery Material to Azzarmi. The motion shall specifically identify the Confidential Discovery Material (including by Bates stamp numbers or page and line citation to a deposition transcript, where applicable) that Plaintiff proposes to disclose to Azzarmi and a sworn statement from Azzarmi that Azzarmi: (A) will comply with the provisions of this Protective Order; (B) will destroy all copies of any Confidential Discovery Material the Court permits Plaintiff to disclose to Azzarmi within five (5) days after the purpose for which the Court has approved Plaintiff to disclose the Confidential Discovery Material to Azzarmi ceases to exist, and, in no event later than fifteen (15) days after the final disposition of this Action; and (C) that Azzarmi will certify in a writing delivered to Defendant that Azzarmi has destroyed all copies of Confidential Discovery Material in Azzarmi's possession, custody, or control within five (5) days of the date specified in Section 9(B).

10. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving such a request will (unless prohibited by law from doing so) provide written notice to all parties and attorneys for the parties before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. This notice is intended to enable a party to seek to oppose compliance with the subpoena, other compulsory process, or other legal notice if the party deems it appropriate to do so.

11. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

12. In the event additional parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material until the newly-joined party has executed and, at the request of any other party, filed with the Court its agreement to be fully bound by this Protective Order.

13. If information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not be made to any party is inadvertently produced to such party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which a Party would otherwise be entitled. If a claim of inadvertent production is made pursuant to this paragraph with respect to information then in the custody of another party, that other party shall promptly return to the claiming party that material, including all copies, as to which the claim of inadvertent production has been made, and the receiving party shall not use such information for any purpose until further order of the Court.

14. This Protective Order adopts by reference all procedures and requirements set forth in the Appendix to Magistrate Judge Lehrbuger's Individual Practices in Civil Cases governing Rules for Redactions and Filing Under Seal.

15. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing party, or, upon request of the producing party, destroyed. At the producing party's request, the receiving party will certify in writing that the receiving party has returned and/or destroyed all Confidential Discovery Material pursuant to this Paragraph 13.

16. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment and/or relief as deemed appropriate by the Court.

17. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt and/or violation thereof.

SO ORDERED, this __12th__ day of __November__, 2024.

Hon. Robert W. Lehrburger
United States Magistrate Judge

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIKA LEE,<br><br>         Plaintiff,<br><br>  v.<br><br>DELTA AIR LINES, INC., DAVID NEEDHAM, and JOSE ROSADO.<br><br>         Defendants. | 22-CV-8618 (DEH) (RWL) |

## **NON-DISCLOSURE AGREEMENT**

  I, _____, acknowledge that I have read and understand the Protective Order (the "Protective Order") in this action governing the nondisclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to any other person; that I will not use such Confidential Discovery Material other than for purposes of this litigation; and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or, upon request of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____      Signature: _____

                                Name: _____