Erika Lee
20 Confucius Plaza #10K
New York, NY, 10002
646-552-8394. Email: leeerikalatise@gmail.com
ERIKA LEE, PRO SE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **ERIKA LEE** | <u>CASE:1:22-cv-08618-DEH-RWL</u> |
| Plaintiff, Pro Se | **PLAINTIFF'S OBJECTIONS TO DEFENDANT'S "PROPOSED PROTECTIVE ORDER"(ECF#115)AS DEFENDANTS IMPROPERLY JOIN A THIRD PARTY** |
| -against | |
| **DELTA AIR LINES, INC., DAVID NEEDHAM & JOSE ROSADO** | |
| Defendants | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**OBJECTIONS TO DEFENDANT'S "PROPOSED PROTECTIVE ORDER"(ECF#115)**

Dear Honorable Magistrate Judge,

    Plaintiff objects Line 9 of Defendant's "Proposed Protective Order," as Defendant's are improperly attempting to join third parties to this case and third parties to their "Proposed Protective Order" in ECF#115. Plaintiff can not sign this "Proposed Protective Order" based on Line #9, as Plaintiff can not sign on behalf of third parties as Defendant's are requesting here. Line #9 must be stricken as Plaintiff can not agree to this, third parties to this case can not be bound to any court orders in this case when they have not properly joined and who are not parties to this case. Besides Line #9, Plaintiff is willing to sign, however Defendant's attorneys are refusing to remove Line #9, which has nothing to do with Plaintiff or this case.

**COURT HAS NO PERSONAL & SUBJECT MATTER JURISDICTION OVER THIRD PARTIES, INCLUDING BUT NOT LIMITED TO THE THIRD PARTY IN LINE #9**

    The term "jurisdiction" refers to "'a court's adjudicatory authority.' " Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 160 (2010) (quoting Kontrick v. Ryan, 540 U.S. 443, 455 (2004)). Properly understood, therefore, the term "applies only to 'prescriptions delineating the classes of cases (subject- matter jurisdiction) and the persons (personal jurisdiction)' implicating that authority." Id. (quoting Kontrick, 540 U.S. at 455)).Hamer v. Neighborhood Hous. Servs. of Chi., 583 U.S. 17, 28 (2017) ("In contrast to the ordinary operation of our adversarial system, courts are obliged to notice jurisdictional issues and raise them on their own initiative."); When a defect is jurisdictional, it is "not subject to waiver or forfeiture and may be raised at any time in the court of first instance and on direct appeal."Id. Boechler, P.C. v. Commissioner of Internal Revenue, 596 U.S. 203 (2022)("Jurisdictional requirements cannot be waived or forfeited, must be raised by courts sua sponte, and . . . do not allow for equitable exceptions."). "Objections to a tribunal's jurisdiction can be raised at any time, even by a party that once conceded the tribunal's subject-matter jurisdiction over the controversy." See Sebelius v. Auburn Regional Medical Center, 568 U.S. 145, 153 (2013)

    This Court has no subject matter jurisdiction and no personal jurisdiction over this third party in Line #9 that Defendant's attorneys have an insatiable, wanton, lascivious obsession with. see *Crowley v. Bannister*, 734 F.3d 967 (9th Cir. 2013)("Even though the district court's grant of summary judgment was a final order, we cannot reach the merits of Crowley's claims against Dr. Sussman, as he was never served with the complaint and summons. " 'A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed.R.Civ.P. 4.' " *Travelers Cas. & Sur. Co. of Am. v. Brenneke,* 551 F.3d 1132, 1135 (9th Cir.2009) (quoting *Benny v. Pipes,* 799 F.2d 489, 492 (9th Cir.1986)).

    Defendant's have failed to establish that this Court has subject matter jurisdiction and personal jurisdiction over this third party in Line #9 for the Court to issues orders involving this third party in Line #9. This third party has never been served under Rule 4 and no party

**OBJECTIONS TO DEFENDANT'S "PROPOSED PROTECTIVE ORDER"(ECF#115)**

has claims against this third party. see *Merrell Dow Pharmaceuticals Inc.* v. *Thompson,* 478 U.S. 804, 809, n. 6 (1986)(*"Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."*);Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)("It is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.");  see Milliken v. Meyer, 311 U.S. 457, (1940)("That a court cannot go out of its appointed sphere, and that its action is void with respect to persons who are strangers to its proceedings, are propositions established by a multitude of authorities.")(citing Reynolds v. Stockton, 140 U.S. 254, 268 (1891);Thomas P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica, 614 F.2d 1247, 1255 (9th Cir. 1980) ("It is well-established that a judgment entered without personal jurisdiction over the parties is void."). Shall Defendants wish to join any third parties and shall this Court issue orders against third parties, Defendants must properly join and serve third parties to bring them in this case and within the Court's jurisdiction for the Court to afford any third parties due process. see *Mullane v. Central Hanover Bank Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950).;Baker v. Baker, Eccles & Co., 242 U.S. 394, 403 (1917) ("The fundamental requisite of due process of law in judicial proceedings is the opportunity to be heard.");Simon v. Craft, 182 U.S. 427, 436 (1901) ("The essential elements of due process of law are notice and opportunity to defend. ***In determining whether such rights were denied we are governed by the substance of things and not by mere form.***");ee Williams v. North Carolina, 317 U.S. 287 (1942)); Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950) ("[T]here can be no doubt that at a minimum they require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case.");Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950). Defendant's are attempting and requesting the Court engage in "hypothetical jurisdiction" or "ultra vires acts," which has been rejected and repudiated by the US Supreme Court. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93–95 (1998) (rejecting the doctrine of hypothetical jurisdiction, which allowed a court to decide the merits of a case before deciding whether it had jurisdiction over it… "For a court to pronounce upon [the merits] when it has no jurisdiction to do so is … for a court to act ultra vires.");RUHRGAS AG V. MARATHON OIL CO. (98-470) 526 U.S. 574 (1999) Thus, this Court can not grant Defendant's "Proposed Protective Order," as this Court would be engaging in "hypothetical jurisdiction" or "ultra vires acts," by making orders involving third parties, who have never been served and are not properly joined in this case.

## CONCLUSION

Because This Court has no subject matter jurisdiction and no personal jurisdiction over this third party in Line #9, The Court must strike Line #9 so Plaintiff can sign this

**OBJECTIONS TO DEFENDANT'S "PROPOSED PROTECTIVE ORDER"(ECF#115)**

Protective Order and discovery can proceed, as Defendant's are using Line #9 as a strategy to delay and protract litigation to their benefit.

Date: 11/7/2024      _____

ERIKA L. LEE, the PLAINTIFF(proceeding as PRO SE)

# AFFIRMATION OF SERVICE

I, Erika L. Lee, declare under penalty of perjury that on 11/7/2024, I served a copy of the attached: "PLAINTIFF'S OBJECTIONS TO DEFENDANT'S "PROPOSED PROTECTIVE ORDER"(ECF#115)AS DEFENDANTS IMPROPERLY JOIN A THIRD PARTY" upon all other parties in this case by email to ira.rosenstein@morganlewis.com and by USPS mail to the following persons: IRA ROSENSTEIN, c/o MORGAN LEWIS LAW FIRM, 101 Park Ave, New York, NY 10178-0060.

Date: 11/7/2024      _____

ERIKA L. LEE, the PLAINTIFF(proceeding as PRO SE)