# Morgan Lewis

**Michael F. Fleming**
Associate
+1.212.309.6207
michael.fleming@morganlewis.com

April 7, 2025

**VIA ECF**
Hon. Robert W. Lehrburger, USMJ
United States District Court for the Southern District of New York
500 Pearl St., Courtroom 1960
New York, NY 10007-1312

Re:   *Lee v. Delta Air Lines, Inc.*, **Case No. 1:22-cv-08618-DEH-RWL**

Your Honor:

We represent Defendant Delta Air Lines, Inc. ("Delta") in the above-referenced action. We write to advise the Court of Plaintiff's ongoing discovery deficiencies and to request relief from the Court pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 37(d). As set forth below, Plaintiff failed to appear for her deposition on April 4, 2025. Additionally, notwithstanding Plaintiff's prior representations that she had produced all documents in her possession, custody, and control, Plaintiff recently served three sets of Requests for Admission to which she attached documents not previously provided to Delta, including, notably, confidential documents that were produced by Delta in a litigation to which Plaintiff is not a party. Accordingly, Delta respectfully requests that the Court issue an order (a) awarding Delta its costs in connection with Plaintiff's failure to attend her deposition on April 4, 2025; (b) compelling Plaintiff to appear for her deposition on April 29, 2025; and (c) extending the April 15, 2025 fact discovery deadline to June 13, 2025 solely to allow Delta to depose Plaintiff and obtain documents that Plaintiff has not yet provided to Delta.

**Relevant Procedural Background**

On February 14, 2025, Delta served Plaintiff with a Notice of Deposition setting February 28, 2025 as the deposition date, but requesting that Plaintiff advise if that date worked for her. The parties exchanged several emails about availability before arriving on a mutually available date—April 4, 2025—for which Counsel for Delta promptly provided Plaintiff with an updated Notice of Deposition. *See* **Exhibit A and B**. On March 21, Delta's Counsel emailed Plaintiff to confirm her April 4 deposition. **Ex. C, p. 5**. Plaintiff did not respond to that email. *See id.* Moreover, notwithstanding Plaintiff's prior representations to Delta and to the Court that she had produced all relevant documents to Delta, on March 23, Plaintiff served Delta with "Plaintiff's F.R.C.P Rule 36 Requests for Admissions (Set 2)" ("Second RFAs") to which she attached a number of "exhibits," including a document from the

*Lee v. Delta Air Lines, Inc.*
April 7, 2025
Page 2

California litigation that she had not produced previously to Delta in this litigation.[1] *See* **Ex. D**. On March 28, Delta's Counsel again emailed Plaintiff to confirm her April 4 deposition. Plaintiff did not respond to this email until April 3 at 12:28 a.m. **Ex. C, p. 4-5**. In the interim, on March 30, Plaintiff served Delta with "Plaintiff's F.R.C.P Rule 36 Requests for Admissions (Set 3)" ("Third RFAs") to which she attached a number of "exhibits," including an email exchange between Plaintiff and Delta HR regarding her suspension for lack of candor and other misconduct in 2021. *See* **Ex. E**. Prior to sending her Third RFAs, Plaintiff had not produced this email to Delta in this litigation.

In her April 3 email sent in response to Delta's Counsel's confirmation email for the April 4 deposition, Plaintiff claimed that she was unable to attend her deposition on April 4 because of a "last minute [medical] appointment" that she had been notified about via email "[the] other day," but allegedly had not seen until she checked her "spam" in the early morning hours of April 3. *See* **Ex. C, p. 4**. Delta's Counsel told Plaintiff that Delta would accommodate her appointment by adjusting the time of her deposition, but that the deposition, which had been noticed for over a month, needed to go forward to meet the April 15 fact discovery deadline. *Id.* Delta's Counsel also advised Plaintiff that Delta's in-house counsel had already incurred the expense of traveling from Atlanta to New York City to attend Plaintiff's deposition. *Id.*, p. 3. Delta's Counsel requested that Plaintiff provide the time and expected duration of her appointment by 3 p.m. that day so that counsel could adjust the start time of the deposition. *Id.*, Plaintiff did not respond Delta's Counsel's email by the 3 p.m. deadline. *Id.*, p. 2-3. Instead, at 5:05 p.m., Plaintiff served Delta with "Plaintiff's F.R.C.P Rule 36 Request for Admissions (Set 4)" ("Fourth RFAs").[2] *See* **Ex. F**. Attached to Plaintiff's Fourth RFAs were eleven "exhibits," four of which Plaintiff had not previously produced to Delta in this action. Most concerningly, one of the "exhibits" appears to be taken from a confidential document production made by Delta to Aasir Azzarmi (a.k.a. Nicholas Pimentel) in the matter of *Pimentel v. Delta Airlines, Inc.*, E.D.N.Y. Case No. 1:17-cv-05317-AMD-JO.[3] The document bears a Bates stamp from Delta's *Pimentel* document production, as well as a "CONFIDENTIAL" stamp reflecting that it was subject to a confidentiality agreement signed by Azzarmi in that action.

At 2:13 a.m. on April 4, just hours before Plaintiff's deposition was scheduled to begin, Plaintiff emailed Delta's Counsel and falsely claimed that she "never confirmed" her deposition, indicated that she could provide a doctor's note, and blamed Delta for the delay in scheduling her deposition. *See* **Ex. C, p. 3**. At that time, Delta could not cancel the court reporter and videographer scheduled for Plaintiff's deposition without incurring a fee and Delta's in-house counsel had already traveled to attend Plaintiff's deposition. Accordingly, on April 4, Delta's Counsel made a formal record of Plaintiff's non-appearance with the

---

[1] Delta reserves its right to seek sanctions pursuant to FRCP Rule 37(b)(2), up to and including dismissal of the action, based on Plaintiff's ongoing failures to comply with her discovery obligations. The Court previously advised Plaintiff that failure to comply with the Court's orders "will result in sanctions, which may include adverse inferences, dismissal of her case, or any other sanctions that are warranted under the circumstances." Dkt. No. 137, ¶ 7.

[2] To date, Plaintiff has served Delta with 265 Requests for Admissions.

[3] The *Pimental* action was dismissed after Azzarmi refused to comply with a number of court orders and submitted several filings to the Court with crude and ad hominem attacks against the Court and Delta's counsel.

*Lee v. Delta Air Lines, Inc.*
April 7, 2025
Page 3

court reporter. **Ex. G**. Delta's Counsel then advised Plaintiff that Delta intended to seek relief from the Court and asked that Plaintiff provide documentation regarding her alleged medical appointment. *See* **Ex. C, p. 2**. At 2:09 p.m. that same day, Plaintiff responded to Delta's Counsel's email stating "Do you want to schedule my deposition at my time or not ? Please advise by 5pm today." *See id.*, p. 1-2.[4] Delta's Counsel responded requesting Plaintiff's availability to be deposed on April 23, 28, 29, or May 1. *See id.*, p. 1. Delta's Counsel also renewed its request that Plaintiff provide documentation of her purported medical appointment. On April 6, Plaintiff emailed Delta's counsel consenting to a deposition on April 29. However, as of the time of this filing, Plaintiff has not responded to Delta's request for documentation of her purported April 4 medical appointment. *Id.*

### Plaintiff Should Be Required to Pay the Costs Delta Incurred in Connection with Her Failure to Appear for Her April 4, 2025 Deposition.

Pursuant to FRCP Rule 37(d), if the Court does not sanction[5] a party for failing to appear at a deposition, "the court **must** require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *See* FRCP Rule 37(d)(3) (emphasis added). Courts routinely order that a party who fails to appear for their deposition must pay the costs incurred by the deposing party, including attorneys' fees incurred in preparing for the deposition, preparing a motion seeking to recover costs, and court reporter costs. *See, e.g., Sample v. Am. Nat'l Red Cross*, No. 21-CV-2005, 2023 WL 123203, at *4 (S.D.N.Y. Jan. 6, 2023) (awarding attorneys' fees incurred as a result of plaintiff's failure to appear at deposition, including fees for motion to recover costs); *Nevarez v. Hunt*, 288 F.R.D. 270, 271 (W.D.N.Y. 2013) (awarding attorneys' fees and court reporter costs even assuming plaintiff's nonappearance was not bad faith). Plaintiff's failure to appear for her deposition was plainly not justified. Delta scheduled Plaintiff's deposition for April 4 at Plaintiff's request. Delta sent several communications leading up to April 4 confirming her deposition on that date, which Plaintiff ignored while serving additional discovery on Delta. Plaintiff did not advise Delta of her purported conflict until the day before her scheduled deposition and then failed to respond to Delta's attempt to accommodate that conflict until 2:13 a.m. on the day of her deposition. Plaintiff has refused to provide Delta with any documentation of her purported medical appointment. Accordingly, Plaintiff should be required to pay the costs Delta has incurred in connection with her failure to appear.[6]

### Plaintiff Should Be Ordered to Appear for Her Deposition on April 29 and Limited Fact Discovery Should be Extended to June 13.

Fact discovery currently is scheduled to close on April 15, 2025. Plaintiff has consented to

---

[4] At 2:11 p.m., Plaintiff sent a "correction" to her email, changing "at my time" to "at any time in the future."
[5] Delta reserves its right to seek additional relief pursuant to FRCP Rule 37(b)(2), up to and including dismissal of the action. Delta also notes that the Court has advised Plaintiff that failure to comply with the Court's orders "will result in sanctions, which may include adverse inferences, dismissal of her case, or any other sanctions that are warranted under the circumstances." (Dkt. No. 137, ¶ 7.)
[6] If the Court requires, Delta is prepared to submit an affidavit to the Court setting forth the costs incurred and documentation thereof.

*Lee v. Delta Air Lines, Inc.*
April 7, 2025
Page 4

be deposed on April 29. *See* **Ex. C, p. 1**. To ensure Plaintiff's attendance on April 29, Delta requests that the Court issue an order that Plaintiff must appear on that date. Further, based on Plaintiff's conduct to date—including the attachment of several previously unproduced documents, including emails, to her late-served RFAs—Delta believes that Plaintiff has not produced to Delta all documents in her possession, custody, or control that are relevant to this action. Delta anticipates filing a separate motion with the Court regarding Plaintiff's failure to produce relevant emails. Delta further anticipates that it will need to serve additional document requests following Plaintiff's deposition. Accordingly, Delta submits that good cause exists to extend fact discovery by a period of 45 days from Plaintiff's deposition, i.e., to June 13, solely to allow Delta to take Plaintiff's deposition and obtain these documents, which should have been produced previously in this action. To be clear, discovery should not be extended to permit Plaintiff to obtain any discovery that she failed to timely serve during the discovery period, including her Second, Third, and Fourth RFAs, which were served after the March 22 deadline.

*        *        *

We thank the Court in advance for its consideration of Delta's submission and are available at the Court's convenience to conference further on these matters.

Respectfully submitted,

*/s/ Michael F. Fleming*

Michael F. Fleming

C: Plaintiff (via ECF; email)

Enclosures