Erika Lee
20 Confucius Plaza #10K
New York, NY, 10002
646-552-8394. Email: leeerikalatise@gmail.com
ERIKA LEE, PRO SE

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

------------------------------X

| | |
|---|---|
| **ERIKA LEE** | <u>**CASE:1:22-cv-08618-GHW-RWL**</u> |
| Plaintiff, Pro Se | PLAINTIFF'S RESPONSE TO ECF#140; PLAINTIFF'S LETTER MOTION FOR LEAVE TO FILE MOTION TO COMPEL 30(b)(6) DEPOSITION; PLAINTIFF'S LETTER MOTION TO EXTEND FACT DISCOVERY DEADLINES DUE TO DELTA'S FAILURE TO PRODUCE ANY RELEVANT DISCOVERY: CROSS-MOTION FOR SANCTIONS UNDER RULE 11 and COURT'S INHERENT POWERS |
| -against | |
| **DELTA AIR LINES, INC., DAVID NEEDHAM & JOSE ROSADO** | |
| Defendants | |

------------------------------X

RESPONSE TO ECF#140; Letter for leave to File Motion to Compel

Dear Honorable Court,

While Defendant's letter to the Court is solely used for frivolous , harassing, vexatious reasons, Defendant's own letter seems to agree with Plaintiff that Delta itself has refused to produce any relevant discovery to Plaintiff at any time and therefore, discovery must be extended due to Delta's own discovery failures. Delta's production of a few documents, consisting solely of alleged general company documents that don't pertain to Plaintiff and/or the claims in this case, is not relevant to Plaintiff's discovery requests. Because Defendant has refused to produce discovery and Defendant rescheduled Plaintiff's deposition for April 29, 2025, both parties are requesting the Court to extend all "fact discovery" deadline dates for **BOTH PARTIES, as Plaintiff needs to propound further** Production of Documents, 3 Interrogatories, 30(b)(6) Deposition Notice, and Requests for Admissions (See Delta's request labelled as "c"). Moreover, Plaintiff objects to and The Court must deny Delta's request that the Court "issue an order (a) awarding Delta its costs in connection with Plaintiff's failure to attend her deposition on April 4, 2025," as Plaintiff gave more than 24 hours notice(see Exhibit B)that Plaintiff was not going to be able to attend due to medical reasons and Plaintiff **NEVER CONFIRMED** the tentative April 4 date as Defendant demanded Plaintiff to. Otherwise, why did Delta ask Plaintiff to confirm if the confirmation or Plaintiff's failure to confirm didn't mean anything? Plaintiff's failure to confirm in written meant Plaintiff wasn't confirming attendance. Because Defendant knew Plaintiff didn't confirm a date back in March 2025 in the attached emails, then Delta had no reason to believe the April 4, 2025 deposition was going to occur and Plaintiff did not cause Delta to incur any fees. Strangely enough, Delta did the same thing to Plaintiff a few months ago and the Court refused to order Delta to pay the fees Plaintiff incurred. As Delta's own documents shows , Delta did not occur any financial costs that are attributable to any of Plaintiff's conduct. Also, Plaintiff objects to the Court "compelling Plaintiff to appear for her deposition on April 29, 2025," as Plaintiff voluntarily and enthusiastically agreed to attend. Why does the Court need to compel Plaintiff to do something ("appear for her deposition on April 29, 2025,") that Plaintiff wants to do and that Plaintiff never said she wasn't doing?

### Relevant Procedural Background

Opposing Counsel intentionally misstates and mischaracterizes the "Relevant Procedural Background," which is not relevant at all and Plaintiff objects. However, it is undisputed by the parties that Plaintiff NEVER CONFIRMED the tentative April 4 date as Defendant demanded Plaintiff to because Plaintiff wasn't sure if Plaintiff would be medically well enough to attend deposition. How is voluntarily agreeing to reschedule a deposition due to medical reasons a grounds for any sanctions when Plaintiff gave Defendant more than 24 hours notice? In fact, Plaintiff gave Opposing Counsel more than 24 hours notice that Plaintiff was not going to be able to attend due to medical reasons. For the purposes of committing fraud on the court and to spin this false narrative, Opposing Counsel then still insisted on having the the deposition, knowing more than 24 hours in advance that Plaintiff wasn't going to attend. Opposing Counsel's sole purpose of refusing to cancel the April 4, 2025 knowing Plaintiff was going to be at a hospital, was solely for his bad faith purpose of fraudulently manufacturing this frivolous issue in front of us right now, solely to vex, annoy , harass Plaintiff and to intentionally waste the Court's time and resources, and for his own monetary gain. Additionally Plaintiff has attached her doctor's note as Exhibit A, and Plaintiff was at these medical facilities all day long(from around 10:30am-5:15pm) for bloodwork and different testing.

**Plaintiff Should Not Be Required to Pay the Costs Delta never Incurred in Connection with Plaintiff Giving Notice more than 24 hours in Advance & Never having previously confirmed April 4, 2025 Deposition date**

RESPONSE TO ECF#140; Letter for leave to File Motion to Compel

     Because Plaintiff's alleged failure to appear at the already cancelled deposition (that should have been cancelled by Opposing Counsel after Defendant received 24 hours notice by Plaintiff ) due to medical reasons is "substantially justified," as Plaintiff has a doctor's note (see Exhibit A attached).These  medical "circumstances make an award of expenses unjust," and the Court can not sanction Plaintiff under FRCP Rule 37(d)(3) as Defendants waived and forfeited all arguments Delta failed to argue or prove such as "willfulness, bad faith, or any fault of petitioner." As matter of law , Defendant's request for FRCP Rule 37 monetary sanctions has no legal or factual basis, as their request does not meet the legal standard for the Court to even consider these sanctions.

     First of all, when Delta failed to appear at Delta's properly noticed deposition months ago, the Court never imposed any fees that Plaintiff actually incurred as a result of Delta's conduct. When Plaintiff requested leave to file a Motion to Compel 30(b)(6), the Court wouldn't even compel Delta to attend a deposition.  Thus, to now make Plaintiff pay Delta fees, which Delta never actually incurred is unjust, when the Court allowed to do the same and worse, with impunity. Second, the Court can't sanction plaintiff under Rule 37 because Plaintiff did not disobey any Court order.
See Rule 37(b), which empowers the court to take remedial action if a party "fails to obey an order to provide or permit discovery, including an order under Rule ... 37(a)." Fed. R. Civ. P. 37(b)(2)(A). Opposing Counsel's orders are not Court orders.  Moreover, Delta never even explained what alleged costs it incurred for the Court to even impose costs on Plaintiff. Because Delta never, in fact, actually incurred any alleged costs due to Plaintiff's conduct, Delta can not even explain these alleged costs to Plaintiff and/or the Court.  Because Delta's failed to sufficiently explain the particulars of the fee request and should have canceled any alleged court reporting service within 24 hours, Delta's alleged fees are self-inflicted by Opposing Counsel. Thus, Plaintiff is not responsible for Delta's court reporter fees (assuming arguendo those are even the alleged fees), because here we don't even know what the alleged actual costs incurred are as Delta never explained. The Court can't sanction Plaintiff with costs when it is still an absolutely mystery to Plaintiff and the Court what these alleged fraudulent costs are.  It would be unjust and denial of due process for the Court to sanction plaintiff and award costs when Delta can not even explain what the alleged costs were that they actually incurred that were allegedly attributable to plaintiff's alleged conduct. See Faizi v. Temori,
No. 22-4224 (N.D. Calif., April 24, 2024);See Falstaff Brewing Corp. v. Miller Brewing Co., 702 F.2d 770, 784 n.8 (9th Cir. 1983) ("[T]he use of Rule 37 sanctions must be tempered by due process.... [It is improper to dismiss a claim or to exclude evidence if the failure to comply with a discovery order is due to circumstances beyond thedisobedient party's control.");see also
Société InternationalePour Participations Industrielles Commerciales, S.A. v. Rogers, 357 U.S. 197, 212 (1958) ("Rule 37 should not be construed to authorize dismissal of this complaint because of petitioner's noncompliance with a pretrial production order when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of petitioner."). Plaintiff being in a hospital and having a doctors note(see Exhibit A attached) demonstrates "inability"  and "not to willfulness, bad faith, or any fault of"'plaintiff's. See Id.  Therefore, plaintiff's alleged failure to attend deposition was substantially justified as Plaintiff was at Bellevue hospital for medical purposes.

     As evidenced by Defendant's  own Exhibit B, it is undisputed that Plaintiff gave Defendants and Opposing Counsel more than 24 hours notice that Plaintiff was not confirming and not attending the April 4, 2025 deposition. On April 3, 2025,  yet Defendants and Opposing Counsel, on their own volition and without Plaintiff's consent , voluntarily still had the deposition on April 4, 2025, knowing that Plaintiff was not going to attend on April 4, 2025. Defendants had more than 24 hours

RESPONSE TO ECF#140; Letter for leave to File Motion to Compel

notice and should not have continued with the deposition. Thus, any and all of defendant's alleged expenses were self imposed and self inflicted and not caused by Plaintiff. Any alleged court reporting service fees are not attributable to Plaintiff as Plaintiff gave 24 hour notice and Delta refused to cancel the deposition, solely so Delta could bring this frivolous motion. Now because It is undisputed that Plaintiff gave 24 hour notice (Exhibit B) of needing to reschedule, Delta has no costs or fees that Plaintiff could have ever possibly or reasonably caused. Opposing Counsel unilaterally decided to bring the court reporter to the deposition knowing that Plaintiff was going to be at the hospital all day. Opposing Counsel's personal choice to spend fees to conduct a deposition knowing Plaintiff was never going to be attending and was going to be at Bellevue hospital, was a poor financial choice that Opposing Counsel unilaterally made and can not be attributed to Plaintiff for the purpose of legal sanctions, since Plaintiff gave more than 24 hour notice  On the other hand, because Opposing Counsel letter-motion has no legal and/or factual basis (as he is requesting some alleged phantom costs for a deposition he held when he already knew that Plaintiff canceled and requested to reschedule), Opposing Counsel violated Rule 11 and USC 1927, and the Court must sanction Opposing Counsel under the Court's inherent powers, as there is no relief that the Court could provide Defendant, which Plaintiff did not already agree to. Opposing Counsel is intentionally wasting the Court's time and resources.

**Plaintiff Should Not Be Ordered to Appear for Her Deposition on April 29 and Limited Fact Discovery Should be Extended to June 13.**

Fact discovery currently is scheduled to close on April 15, 2025. Because Plaintiff has voluntarily consented to be deposed on April 29. See **Ex. C, p. 1**, the Court doesn't need to "ensure Plaintiff's attendance on April 29, " with an "order that Plaintiff must appear on that date." Plaintiff objects. **At all times,** Delta has failed to produce any relevant discovery to Plaintiff, thus Delta can not frivolously argue that Plaintiff allegedly violated discovery obligations , as Delta claims and argues that Plaintiff allegedly recently found emails that Delta sent plaintiff, which is currently in Delta's possession, but which Delta itself has refused to produce to Plaintiff.  In fact , Opposing Counsel is lying because Plaintiff has already produced all these documents in her possession back in January 2025. These are not new documents in plaintiff's possession. Also,  Delta was itself in possession of all these documents(Delta emails) but refused to produce them to Plaintiff. Therefore Delta must be sanctioned for Delta's conduct and Delta' refusal to produce all discovery. Delta's argument has no merit or legal basis, assuming arguendo their false narrative were even true, as parties can produce documents in discovery as they are discovered and discovery is open.

**Plaintiff's Letter-Motion for Leave to File Motion to Compel Discovery (30(b)(6) Deposition) and to EXTEND FACT DISCOVERY FOR ALL PARTIES as PLAINTIFF WILL PROPOUND 3 Interrogatories, Requests for Admissions and Requests for Production of Documents**

Plaintiff objects to Delta's request that "discovery should not be extended to permit Plaintiff to obtain any discovery that she failed to timely serve during the discovery period, including her Second, Third, and Fourth RFAs, which were served after the March 22 deadline," as Delta has refused to provide any and all relevant discovery. Plaintiff has absolutely no discovery solely because Delta has produced none and because of the Court's last order, which seemed extremely biased, and foreclosed plaintiff the ability to file any letter motion for leave to file a motion to compel discovery.  Why is plaintiff not allowed to file a motion to compel discovery when Delta refuses to produce any relevant discovery?   The Court won't allow plaintiff to obtain any discovery and/or to take Delta's deposition and Delta will not voluntarily agree to be deposed or produce any relevant

RESPONSE TO ECF#140; Letter for leave to File Motion to Compel

discovery. So how else would Plaintiff be able to obtain discovery in this case if both the Court and Defendant will not allow Plaintiff to obtain discovery?   The Court is only allowing Delta to obtain discovery but not Plaintiff. Thus, Plaintiff is now legally prejudiced and objects.  Plaintiff respectfully moves the Court to allow Plaintiff leave to file an omnibus Motion to Compel Discovery.

Date: 4/8/2025          _____/s/_____
                                  ERIKA L. LEE, the PLAINTIFF

---

RESPONSE TO ECF#140; Letter for leave to File Motion to Compel

# NYC HEALTH+HOSPITALS | Bellevue

BELLEVUE HOSPITAL CENTER
BELLEVUE BARIATRIC SURGERY
462 1ST AVE
NEW YORK NY 10016
Dept: 212-562-3224

April 4, 2025

Patient:        Erika Lee
Date of Birth: 11/29/1980
Date of Visit: 4/4/2025

To Whom It May Concern:

It is my medical opinion that Erika Lee was seen in the clinic today.

If you have any questions or concerns, please don't hesitate to call.

Sincerely,

Ryan Engdahl, MD

This document was electronically signed on 4/4/2025 at 3:57 PM.


