# Morgan Lewis

**Michael F. Fleming**
Associate
+1.212.309.6207
michael.fleming@morganlewis.com

April 15, 2025

**VIA ECF**
Hon. Robert W. Lehrburger, USMJ
United States District Court for the Southern District of New York
500 Pearl St., Courtroom 1960
New York, NY 10007-1312

Re:   *Lee v. Delta Air Lines, Inc.*, **Case No. 1:22-cv-08618-DEH-RWL**

Your Honor:

We represent Defendant Delta Air Lines, Inc. ("Delta") in the above-referenced action. We write in response to Plaintiff's submission of April 14, 2025 ("Plaintiff's Letter"; Dkt. No. 141) in which Plaintiff purports to respond to Delta's letter to the Court, dated April 7, 2025 ("Delta's Letter"), and also requests that the Court grant her certain relief. Notably absent from Plaintiff's Letter is any reasonable explanation for her ongoing discovery deficiencies, including her failure to appear for her deposition on April 4, her failure to produce documents to Delta before attaching them to late-served requests for admission, and her possession of confidential material from another action to which she was not a party. For those reasons, and those stated in Delta's Letter, Delta requests that the Court grant the relief sought in its Letter, namely an order: (A) awarding Delta the costs it incurred preparing for and attending Plaintiff's deposition and seeking relief for her non-appearance; (B) compelling Plaintiff to attend her deposition on April 29, 2025; and (C) extending fact discovery to June 13, 2025 for the limited purpose of allowing Delta to take Plaintiff's deposition and obtain documents from Plaintiff that she has not previously produced in this litigation. As set forth further below, Plaintiff also fails to establish any legitimate basis for the relief she seeks in her Letter and, accordingly, her requests for relief should be denied.[1]

**Plaintiff Has Not Established That Her Failure to Appear Was Substantially Justified or That Awarding Delta Its Costs Would Be Unjust.**

Pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 37(d), the Court "**must require**" Plaintiff "to pay the reasonable expenses, including attorney's fees, caused by the failure [to attend

---

[1] On April 14, 2025, the Court granted Delta's request to compel Plaintiff to attend her deposition on April 29, 2025 and to extend the fact discovery deadline to June 13, 2025, solely to allow Delta to depose Plaintiff and obtain documents that Plaintiff has not yet provided to Delta. (*See* Dkt. No. 142.) The Court further ordered Plaintiff to show cause why she should not be required, pursuant to Fed. R. Civ. P. 37(d)(3), to pay Delta its costs in connection with her failure to attend her deposition on April 4, 2025. (*See id.*) Plaintiff's Letter was emailed to Delta's counsel on April 8, 2025, but was not published to the Court's docket until April 14, 2025, shortly before the Court's Order was published. (*See* Dkt. No. 141.) On April 15, 2025, the Court vacated its April 14, 2024 order. (*See* Dkt. Entry dated April 15, 2025.)

*Lee v. Delta Air Lines, Inc.*
**April 15, 2025**
Page 2

her deposition], **unless** the failure was substantially justified or other circumstances make an award of expenses unjust." *See* FRCP R. 37(d)(3) (emphasis added). Plaintiff's Letter confirms that Plaintiff's failure to appear was not substantially justified and that there are no other circumstances that would make the required award of costs unjust. Plaintiff contends that she was unable to appear for her deposition "due to medical reasons," for which she provides only a short doctor's note as support. The note—from a doctor who has never before been disclosed to Delta at a bariatric surgery "clinic"—does not provide any information about: (A) whether Plaintiff was "seen" in connection with a scheduled appointment; (B) when Plaintiff received notice of the appointment; (C) the purpose of the appointment; and (D) the time and duration of the appointment.[2] As such, it is impossible to assess the validity of Plaintiff's claim that she learned of the appointment via email after midnight on April 3, *see* Ex. C, p. 4.[3] Nor does the note explain why Plaintiff refused to respond to Counsel's offer to adjust the start time of her deposition to accommodate the appointment. *See id.* p. 1-3.[4]

Moreover, Plaintiff's contention that she never confirmed her deposition for April 4 is belied by her email to Delta's Counsel offering that date to Delta. *See* Ex. A. Plaintiff's attempt to misconstrue Delta's subsequent emails about that deposition is further proof that she is not engaging in discovery in good faith. Critically, Plaintiff offers no explanation for why she did not respond to any of Delta's follow-up emails until April 3—the day before her deposition, *see* Ex. C, p. 4, or why she disregarded Delta's offer to adjust the start time for her deposition to accommodate her appointment, *see id.*, p. 1-3, while serving a fourth set of RFAs during that same period.

Finally, Plaintiff's claim that Delta is not entitled to costs because it has not appeared for a deposition is nonsensical. Delta provided Plaintiff with written responses to Plaintiff's Rule 30(b)(6) deposition notice over two months ago. Plaintiff never responded, nor did she proceed with her stated intention to take the deposition by written questions. Plaintiff's separate failure to pursue her own discovery is not a basis to excuse her misconduct in connection with her deposition. Accordingly, Delta requests that the Court award it the costs it incurred preparing for and attending Plaintiff's deposition and the costs incurred in seeking the same relief from the Court. The accompanying Declaration of Michael F. Fleming, attached hereto as Exhibit H, sets forth those costs.[5]

Delta further submits that Plaintiff's demonstrated misconduct and evasive behavior in connection with her previously scheduled deposition necessitates a Court order compelling her to appear on April 29, notwithstanding Plaintiff's representation that she has "consented" to appear on that date.

---

[2] Delta's Counsel called the doctor who signed the note to obtain additional information about Plaintiff's purported visit; however, as of the time of this submission, the doctor has not returned Counsel's call.
[3] Tellingly, Plaintiff has not provided that email to Delta, nor has she submitted it to the Court.
[4] Plaintiff states in her Letter that she spent "all day long (from around 10:30am-5:15pm)" at the doctor's office "for bloodwork and different testing," but the doctor's note does not reflect any of this information.
[5] Delta is further prepared to submit documentation of these costs, should the Court require. However, Delta respectfully requests that, if such documents are requested by the Court, Delta be permitted to file those documents under seal. Delta submits that filing under seal is necessary due to Aasir Azzarmi's misuse of Delta's filings and discovery in this proceeding and other proceedings.

*Lee v. Delta Air Lines, Inc.*
**April 15, 2025**
Page 3

**<u>Plaintiff Has Not Established a Basis for Any of the Relief Requested In Her Letter.</u>**

In her Letter, Plaintiff requests to extend the fact discovery deadline to June 13 to allow her to (A) serve additional interrogatories, requests for admissions, and requests for the production of documents, and (B) file an "omnibus Motion to Compel Discovery." Plaintiff's requests should be denied. Plaintiff provides absolutely no explanation as to (i) what additional discovery she intends to seek from Delta, (ii) why she needs this discovery, (iii) why she failed to seek this discovery previously, (iv) why she should be excused from the limits imposed on the number of interrogatories and document requests imposed by the FRCP and the Court's prior order, or (iv) why she waited until the week before the current discovery deadline (and only after Delta raised serious concerns regarding her compliance with her discovery obligations) to request relief from the Court. Plaintiff has already served Delta with 25 interrogatories, 65 RFPs (despite the Court's order capping both parties at 25 RFPs (Dkt. No. 113), and 265 Requests for Admissions. Delta responded to all of Plaintiff's prior interrogatories, the first 25 RFPs she served, and the first 105 RFAs she served.[6] Delta produced documents to Plaintiff in response to her first 25 RFPs. Delta also has responded to multiple iterations of Plaintiff's Notice of Deposition Pursuant to Rule 30(b)(6). Plaintiff has not identified any specific deficiencies in these responses, and she offers no explanation for her failure to timely pursue discovery in this case, nor could she. Her failure is inexcusable. Plaintiff should not be permitted to use her own discovery misconduct to obtain additional time to seek discovery that she failed to seek or obtain during the originally established discovery period.

By contrast, as explained in its Letter, Delta recently learned that Plaintiff was in possession of documents which she contends are relevant to this case, but which she did not previously produce to Delta. Plaintiff attached these documents to RFAs served on Delta in late March and early April 2025. Delta has written to Plaintiff requesting an explanation as to when and how these documents came into her possession. *See* Exhibit I hereto. As noted in Delta's Letter, one of these documents appears to be from a confidential document production Delta made in another action to which Plaintiff was not a party, which is of significant concern to Delta. Delta has further advised Plaintiff that, should she fail to provide a complete and legitimate explanation for how and when she obtained these documents, Delta intends to seek relief from the Court. As of the time of this submission, Plaintiff has not responded to Delta's request for an explanation as to when and how these documents came into her possession. Accordingly, Delta intends to request that the Court require Plaintiff make her personal email account available to be searched using targeted search terms intended to identify (1) additional relevant emails Plaintiff may have in her possession concerning this case and (2) email exchanges with Aasir Azzarmi regarding this litigation and any documents exchanged with Azzarmi in violation of confidentiality agreements or protective orders, including the protective order issued by the Court in this case.

\*   \*   \*

---

[6] As noted in Delta's Letter, Plaintiff's Second, Third, and Fourth RFAs were served after the March 22, 2025 deadline set in the Scheduling Order (Dkt. No. 113) and, Delta has no obligation to respond to those RFAs. Plaintiff provides no explanation for why she was unable to serve these requests before the deadline.

*Lee v. Delta Air Lines, Inc.*
**April 15, 2025**
**Page 4**

We thank the Court in advance for its consideration of Delta's submission and are available at the Court's convenience to conference further on these matters.

Respectfully submitted,

*/s/ Michael F. Fleming*

Michael F. Fleming

C: Plaintiff (via ECF; email)

Enclosures