UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ERIKA LEE,                                  :
                                            :
                                            :   22-CV-8618 (DEH) (RWL)
                    Plaintiff,              :
                                            :   **ORDER**
        - against -                         :
                                            :
DELTA AIR LINES, INC. et al.,               :
                                            :
                    Defendants.             :
------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This is an employment discrimination case for which the deadline to complete discovery was April 15, 2025. On April 7, 2025, Defendant Delta Airlines, Inc. filed a letter requesting the Court to issue an order (a) awarding Delta its costs in connection with Plaintiff's failure to attend her deposition on April 4, 2025; (b) compelling Plaintiff to appear for her deposition on April 29, 2025; and (c) extending the April 15, 2025 fact discovery deadline to June 13, 2025, solely to allow Delta to depose Plaintiff and obtain documents that Plaintiff has not yet provided to Delta. (Dkt. 140.) Plaintiff responded and, in addition to opposing Delta's requests, sought to compel Delta to produce discovery and to extend discovery to June 13, 2025, but give both parties the opportunity to conduct discovery during that period. (Dkt. 141.) Delta filed a letter in reply. (Dkt. 143.) Having considered the parties' letter briefs, the exhibits thereto, and the prior proceedings in this case, the Court orders as follows.

1

## Background

### A.   Plaintiff's Failure To Appear At Her Deposition

On February 14, 2025, Delta served Plaintiff with a notice of deposition setting her deposition for February 28, 2025, but requesting that Plaintiff advise if that date worked for her. Plaintiff indicated it did not. The parties exchanged several additional emails about dates to which the parties could agree. Ultimately, in response to Delta's question whether she was available on April 1 or 4, Plaintiff responded with April 4. (Dkt. 140-1 at ECF 2.) The following day, Delta sent a responding email stating that April 4 also worked for it and attaching an amended notice of deposition reflecting the April 4 date. (*Id.*; Dkt. 140-2.)

On March 21, Delta's counsel emailed Plaintiff "to confirm that we have made arrangements for your deposition on April 4 at our offices." (Dkt. 140-3 at ECF 6.) A week later, on March 28, Delta's counsel emailed Plaintiff, referencing the March 21 confirmation email and asking Plaintiff to "please confirm your attendance at your deposition scheduled for next Friday, April 4, 2025, starting at 10 a.m." (*Id.* at ECF 5.) Plaintiff did not respond to that email until April 3 at 12:28 a.m. (*Id.*)

In her April 3 email, Plaintiff claimed that she was unable to attend her deposition on April 4 because of a "last minute [medical] appointment" that she had been notified about via email "[the] other day," but had not seen until she checked her "spam" in the early morning hours of April 3. (*Id.*) Plaintiff added that the appointment was "urgent and medically mandatory/imperative for my future invasive surgery" and could not be rescheduled. (*Id.*) Plaintiff then offered dates of April 14, 15, and 16 as options for rescheduling. (*Id.*)

2

Delta's counsel responded that Delta would accommodate Plaintiff's appointment by adjusting the time of her deposition, but that the deposition, which had been noticed for over a month, needed to go forward to meet the April 15 fact discovery deadline. (*Id.* at ECF 4.)  Delta's email also advised Plaintiff that Delta's in-house counsel had already incurred the expense of traveling from Atlanta to New York City to attend Plaintiff's deposition. (*Id.*) Delta requested that Plaintiff provide the time and expected duration of her appointment so that counsel could adjust the start time of the deposition. (*Id.*)  Finally, Delta's email warned that "if we do not hear back from you by 3 p.m. ET, we will proceed with the deposition as scheduled" and that if Plaintiff failed to appear, Delta would seek relief from the Court. (*Id.*)  Plaintiff did not respond by the 3 p.m. deadline.

Instead, at 2:13 a.m. on April 4 – the day for which Plaintiff's deposition was scheduled – Plaintiff emailed Delta's counsel, stating that she "never confirmed [she] was attending the deposition." (*Id.*)  Plaintiff indicated that she could provide a doctor's note, and said that she was awaiting for Delta to provide its availability for a rescheduled date. (*Id.*)  By that time, however, Delta could not cancel the court reporter and videographer scheduled for Plaintiff's deposition without incurring a fee, and Delta's in-house counsel had already traveled to attend Plaintiff's deposition. Accordingly, on April 4, Delta's Counsel made a formal record of Plaintiff's non-appearance with the court reporter. (Dkt. 140-7.)

Delta's Counsel then advised Plaintiff that Delta intended to seek relief from the Court and asked that Plaintiff provide documentation regarding her alleged medical appointment. (Dkt. 140-3 at ECF. 3.)  At 2:08 p.m. that same day (April 4), Plaintiff responded to Delta's Counsel's email stating, "Do you want to schedule my deposition at

3

my time or not ? Please advise by 5pm today." (*Id* at ECF 2-3.) Delta's counsel responded requesting Plaintiff's availability to be deposed on April 23, 28, 29, or May 1. (*Id.* at ECF 2.) Delta also renewed its request that Plaintiff provide documentation of her purported medical appointment. (*Id.*) On April 6, Plaintiff emailed Delta's counsel consenting to a deposition on April 29. (*Id.*)

As of Delta's filing the instant letter motion on April 7, 2025, Plaintiff still had not responded to Delta's request for documentation of her April 4 medical appointment. Plaintiff did provide documentation concerning her purported medical appointment in response to Delta's motion. With her opposition, Plaintiff included a copy of a "To Whom It May Concern" letter dated April 4, 2025, stating: "It is my medical opinion that Erika Lee was seen in the clinic today. If you have any questions or concerns, please don't hesitate to call." (Dkt. 141 at ECF 6.) No information is provided about the time of Plaintiff's appointment or how long it lasted. The letter is denoted as coming from Ryan Engdahl, MD. There is no signature, however, although below Dr. Engdahl's name the letter states that "This document was electronically signed on 4/4/2025 at 3:57 PM." (*Id.*) Plaintiff has not provided any documentation concerning the email she says that she found in her spam on April 3 offering her an appointment for April 4.

B.   **Plaintiff's Production Of Previously Undisclosed Documents**

By order dated January 14, 2025, the Court directed Plaintiff to produce all remaining responsive documents to Delta by January 29, 2025. (Dkt. 132 ¶ 2.) The order also confirmed Plaintiff's representation that she is not withholding production of any documents on the basis of objections asserted to Delta's document requests. (*Id.*)

4

On March 23, 2025, more than a month and a half after Plaintiff's deadline for production had passed, Plaintiff served Delta with "Plaintiff's F.R.C.P Rule 36 Requests for Admissions (Set 2)" ("Second RFAs") to which she attached a number of "exhibits," including a document from the California litigation she previously brought against Delta that she had not produced to Delta in this litigation. (*See* Dkt. 140 at 1-2; Dkt. 140-4.) Then, on March 30, Plaintiff served Delta with "Plaintiff's F.R.C.P Rule 36 Requests for Admissions (Set 3)" ("Third RFAs") to which she again attached a number of "exhibits," including an email exchange between Plaintiff and Delta Human Relations regarding her suspension for lack of candor and other misconduct in 2021. (See Dkt. 140 at 2; Dkt. 140-5.) Prior to sending her Third RFAs, Plaintiff had not produced that email to Delta in this litigation.

Repeating the pattern, on April 3 – at a time when Plaintiff still had not responded to Delta's email offering to adjust the time of her deposition on April 4 – Plaintiff served Delta with "Plaintiff's F.R.C.P Rule 36 Request for Admissions (Set 4)" ("Fourth RFAs"). (*See* Dkt. 140 at 2; Dkt. 140-3 at ECF 4; Dkt. 140-6.) Plaintiff's Fourth RFAs attached eleven "exhibits," four of which Plaintiff had not previously produced to Delta in this action. And, according to Delta, one of the "exhibits" appears to be taken from a confidential document production made by Delta to Aasir Azzarmi (a.k.a. Nicholas Pimentel) in the matter of *Pimentel v. Delta Airlines, Inc.*, No. 17-CV-5317 (E.D.N.Y.). The document apparently bears a Bates stamp from Delta's Pimentel document production, as well as a "CONFIDENTIAL" stamp reflecting that it was subject to a confidentiality agreement signed by Azzarmi in that action. (Dkt. 140 at ECF 2.)

5

## Discussion

### A.    Costs For Failure To Appear At Deposition

Delta asserts that is entitled to recover costs expended in connection with the April 4 deposition that did not go forward because Plaintiff did not appear. Delta's counsel claims that Delta incurred $23,773.92 in such costs, consisting of $12,004 for time preparing for and attending Plaintiff's deposition; $7,873 for time preparing Delta's request for costs; $799 for court reporter and videographer costs; and $3,097.92 for the cost of Delta's in-house counsel's travel and accommodation costs. (Dkt. 143-1.)

When a party fails to appear for a duly noticed deposition, apart from other sanctions that may be imposed, "the court must require the party failing to act … to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). "Conduct is substantially justified if there was a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Klein v. Torrey Point Group, LLC*, 979 F. Supp.2d 417, 442 (S.D.N.Y. 2013). As the Second Circuit has explained, Rule 37(d)(3) "place[s] the burden on the disobedient party to avoid expenses by showing that his failure is justified or that special circumstances make an award of expenses unjust." *Novak v. Wolpoff & Abramson LLP*, 536 F.3d 175, 178 (2d Cir. 2008) (internal quotation marks omitted) (quoting Fed R. Civ. P. 37 advisory committee note to 1970 amendments).

Delta argues that Plaintiff's failure to appear for her deposition on April 4, 2025, was not justified because April 4 was a date that Plaintiff volunteered and to which Delta agreed; Delta sent emails confirming the deposition date, which Plaintiff "ignored while

serving additional discovery on Delta"; Plaintiff did not advise Delta of her purported conflict until the day before the scheduled deposition "and then failed to respond to Delta's attempt to accommodate that conflict until 2:13 a.m. on the day of her deposition"; and has failed to provide Delta with any documentation of her purported medical appointment. (Dkt. 140 at 3.)  Plaintiff argues that she should not be required to pay costs for her failure to appear, principally because she did not confirm the "tentative" April 4 date in response to Delta's request for confirmation, and because she notified Delta "more than 24 hours in advance" that she was not going to be able to attend due to medical reasons.  (Dkt. 141 at ECF 2-4.)

The Court recognizes the competing facts that each party can cite.  Assuming for the moment that Plaintiff's description of her last-minute, late-discovered medical appointment is true, Plaintiff's failure to appear would be substantially justified.  That conclusion is bolstered by two significant additional facts.  First, Delta's counsel opened the door to treating the April 4 date as "tentative" rather than confirmed.  That is because, in the wake of Delta counsel's March 21 "confirmation" of the April 4 date that Plaintiff had volunteered (Dkt. 140-3 at ECF 6), counsel followed up a week later with an email asking Plaintiff to "please confirm your attendance" for April 4.  (*Id.* at ECF 5.)  By doing so, Delta's counsel introduced ambiguity into whether the deposition would proceed in the absence of Plaintiff's confirmation.  Second, in her email notifying Delta's counsel of the "last minute appointment," Plaintiff proactively provided three dates for rescheduling the deposition.  (Dkt. 140-3 at ECF 5.)  Although those dates fell on the last day before the end of discovery, the end of discovery, and the day after completion of discovery, they were not unreasonably later in time to April 4, and either Delta or the parties jointly could

7

have made the request to allow the deposition to take place beyond April 14 (just as Delta is doing now). The Court acknowledges that Plaintiff could and should have been more responsive, but if she in fact learned of an urgent medical appointment at the last minute, then Plaintiff should not be required to pay costs in connection with her failure to appear.

That said, there are aspects of Plaintiff's explanation that raise questions. For instance, why has Plaintiff not produced the email informing her of the appointment opening, which she only learned of by coming across it in her spam folder? Was there in fact such an email? Why did Plaintiff not respond to Delta's counsel's March 28 request for confirmation inasmuch as several days passed before Plaintiff learned of the appointment email? The April 4 "To Whom It May Concern" letter raises additional questions. For example, why is the fact that Plaintiff was seen in the clinic characterized in the letter as the doctor's "medical opinion"? Why is there no signature or electronic signature stamp, and instead only a typed statement that the document was electronically signed? What time was the appointment? When did it end?

Because of those lingering questions, the Court finds that further factual development is necessary. Accordingly, by **April 22, 2025**, Plaintiff shall produce to Delta's counsel all documents (including but not limited to email and other electronic information) concerning her April 4 appointment, including but not limited to the April 3 email Plaintiff found in her spam folder. Delta shall be permitted to ask Plaintiff questions about the appointment story at Plaintiff's deposition and is granted an additional half hour to ask such questions in the event additional time beyond the 7-hour allotment is needed.

For present purposes, the Court denies Delta's motion for costs without prejudice to renew with supplemental information learned from Plaintiff's production of documents

8

and her deposition. Any such application to renew shall be made within 14 days of Delta's receipt of the transcript of Plaintiff's deposition.

**B.      The April 29, 2025 Deposition**

Plaintiff does not oppose appearing for her deposition on April 29 but argues that she should not be ordered to do so. (Dkt. 141 at ECF 4.) To ensure that there are no last-minute cancellations or miscommunications about confirmation, however, the Court deems it appropriate to make her rescheduled deposition the subject of a court order. Accordingly, Plaintiff shall appear for her deposition on **April 29, 2025**, at the place and time designated by Delta. Plaintiff is warned that failure to appear may result in imposition of sanctions, including dismissal of Plaintiff's case, adverse inferences, monetary sanctions, and/or any other sanction permitted by law.

**C.      Extension Of Fact Discovery Deadline**

The parties agree that fact discovery should be extended to June 13, 2025. They disagree, however, about the purposes of the extension. Delta argues that the extension should be for the purpose of allowing Delta to depose Plaintiff and obtain responsive documents that Plaintiff has not yet provided to Delta. Delta has shown good cause for extending discovery so that it can obtain the additional discovery it describes. Plaintiff did not appear at her deposition on April 4, and it has been rescheduled for April 29 – beyond the now-expired discovery deadline. Further, Plaintiff produced documents attached to her requests to admit demonstrating that she had not fully done so despite earlier representations. Delta should be given the opportunity to ensure that there are no more responsive documents and to follow up on what may emerge from Plaintiff's deposition.

Plaintiff argues that she also should be afforded the benefit of extended discovery because Delta has not complied with all of its discovery obligations. But Plaintiff has not pointed to any specific instance in which Delta has not fulfilled its obligation to comply with discovery requests timely issued in compliance with the scheduling order. Plaintiff does allude to Delta not having responded to her requests to admit (Dkt. 141 at ECF4), but, as Delta correctly notes, all of Plaintiff's requests to admit were served after the March 22, 2025 deadline for serving requests to admit had expired. (*See* Dkt. 113 ¶ 6 (scheduling order); Dkt. 140-4 (Second RFAs served March 23, 2025); Dkt. 140-5 (Third RFAs served March 30, 2025); Dkt. 140-6 (Fourth RFAs served April 3, 2025).) Plaintiff has had ample opportunity for discovery but has not availed herself of it. For instance, she did not take a deposition of Delta even though the subject was discussed in a discovery conference in which Plaintiff asked, and was granted permission, to take Delta's deposition by written questions. (*See* Dkt. 132 ¶ 6.) Moreover, unlike Delta, Plaintiff did not seek any extension of discovery prior to expiration of the April 14 deadline. Indeed, Plaintiff did not seek relief from the Court for any discovery lapses by Delta (not addressed previously in the litigation) until Delta filed the instant motion. Plaintiff has not shown good cause for extending the discovery period so that she can take additional discovery.

Accordingly, fact discovery is extended to **June 13, 2025**, solely for the purpose of allowing Delta to depose Plaintiff and obtain responsive documents that Plaintiff has not yet provided to Delta.

The Clerk of Court is respectfully directed to terminate the letter motion at Dkt. 140.

10

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:    April 17, 2025
          New York, New York

The Court respectfully requests the Clerk of Court to mail a copy of this Order to the pro se Plaintiff:

Erika Lee
20 Confucius Plaza, Apt. 10K
New York, NY 10002