Erika Lee
20 Confucius Plaza #10K
New York, NY, 10002
646-552-8394. Email: leeerikalatise@gmail.com
ERIKA LEE, PRO SE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **ERIKA LEE** | <u>CASE:1:22-cv-08618-DEH-RWL</u> |
| Plaintiff, Pro Se | **PLAINTIFF'S RULE 26 MOTION FOR PROTECTIVE ORDER QUASHING SUBPOENAS SERVED ON NON PARTY WITNESSES, OR IN THE ALTERNATIVE, LIMITING SCOPE OF DISCOVERY; RULE 37 MOTION TO COMPEL PRODUCTION OF DOCUMENTS DELTA PRESENTED FOR FIRST TIME AT 04/29/2025 DEPOSITION** |
| -against | |
| **DELTA AIR LINES, INC., DAVID NEEDHAM & JOSE ROSADO** | |
| Defendants | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

MOTION FOR PROTECTIVE ORDER QUASHING SUBPOENA

Scanned with CamScanner

Dear Honorable Magistrate Judge,

**PLAINTIFF'S RULE 37 MOTION TO COMPEL PRODUCTION OF DOCUMENTS DELTA PRESENTED FOR FIRST TIME AT 04/29/2025 DEPOSITION**

Defendant Delta is in possession of at least 10 documents that Delta's attorney showed Plaintiff for first time at her deposition on 04/29/2025. However, Delta's attorneys are refusing to produce copies to Plaintiff and have never produced these documents at any time during discovery. Plaintiff asked for copies of these documents at 04/29/2025 deposition and then again in an email on 04/30/2025. However, Delta's attorneys are refusing to produce copies of these documents they alleged are relevant to Delta's defense of Plaintiff's claims. Plaintiff is entitled to these documents, as Delta admits they exist and allege they are relevant. Therefore, Plaintiff moves the Court to compel Delta to produce all documents they presented on the record, in the 04/29/2025 deposition.

**PLAINTIFF'S RULE 26 MOTION FOR PROTECTIVE ORDER QUASHING SUBPOENAS SERVED ON NON PARTY WITNESSES, OR IN THE ALTERNATIVE, LIMITING SCOPE OF DISCOVERY INTO PLAINTIFF'S PRIVILEGED CELL PHONE RECORDS, WHICH HAVE NO RELEVANCE TO ANY CLAIMS AND/OR DEFENSES**

In this action by Plaintiff against Defendant Delta Airlines, Inc.("Delta"), Plaintiff moves under Fed. R. Civ. P. 26(b)(2)(C) and 26(c)(1) for a protective order quashing subpoenas served on non-party witnesses, or, in the alternative, limiting the scope of the depositions and document productions. For the reasons that follow, the Court must grant Plaintiff's Rule 26(c) motion to protect Plaintiff "from annoyance, embarrassment, oppression, or undue burden or expense…," Lipinski v. Skinner, 781 F. Supp. 131 (N.D.N.Y 1991), as Plaintiff's medical communication with her doctors are privileged (NYS law) and protected by HIPAA(Federal). Furthermore, Delta seeks to go on a fishing expedition by serving this subpoena to non-party witness to discover privileged information which is overly broad, burdensome, harassing, oppressive, embarrassing, annoying, abusive and not within the scope of Rule 26, as Plaintiff's medical communications and cell phone records have no relevance to any claims and/or defenses in this case. Rule 26(b)(2)(C) provides that a court "must limit the frequency or extent of discovery otherwise allowed by" the Federal Rules of Civil Procedure when (i) the discovery sought is unreasonably cumulative duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information in discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1). Rule 26(b)(2)(C). Phone records are only considered discoverable information if they are relevant to the case, and here, Plaintiff's cell phone records are not relevant and Delta already took Plaintiff's testimony in a deposition regarding the issue of 04/04/2025 doctor appointment. Delta's subpoena is cumulative, duplicative, harassing, abusive, not proportional, irrelevant, burdensome, expensive and a violation of Rule 1. The Court has a role in ensuring that the discovery process is fair and that the subpoenaed information is relevant. The court must review Delta's subpoena and find that it is overbroad and the information requested is privileged, not relevant, protected, annoying, harassing, and not discoverable within the confines of Rule 26. The Court has a duty to ensure that subpoenas are issued only for proper purposes and that they are in compliance with FRCP. See United States v. Weissman, 01-CR-529(BSJ), 2002 WL 31875410, at *1 n. 1 (S.D.N.Y. Dec. 26, 2002);United States v. Ferguson, 06-CV-137 (CFD), 2007

WL 2815068, at *3 (D. Conn. Sept. 26, 2007) (discussing the requirements of subpoenas); Nixon, 418 U.S. at 701 n.12. Plaintiff also raises First Amendment(religious freedom privilege) and Fifth Amendment privileges.

### CASE HISTORY ON THIS ISSUE (DELTA'S INTENTIONAL VIOLATION OF PREVIOUS COURT ORDER)

The Honorable Court has already ruled that Delta was only entitled to the 1 email that Plaintiff's medical providers sent her about the 04/04/2025 medical appointment. Thus, the Court has already made a ruling limiting the specific scope of Delta's discovery on Plaintiff's privileged(doctor-patient privilege), HIPAA protected medial records and communications with Plaintiff's doctors, which have no relevance to any claims and/or defenses in this case. Delta violated the Court's order regarding the scope of Delta's permissible discovery into Plaintiff's privileged communications with Plaintiff's medical doctors by Delta unilaterally serving a Subpoena on the non-party witness, Plaintiff's cell phone companies. (**See Exhibit A**- attached, which is Delta's served Subpoena). Plaintiff files this Motion as Delta is in violation of this Court's previous order and in violation of the Federal Rules of Civil Procedure as Delta is attempting to circumvent the Court's previous order limiting discovery on this issue. Plaintiff has already complied with the Court's previous order and the Court ruled that Delta was only entitled to 1 email on this issue and to depose Plaintiff on this issue. Delta's unilateral subpoena violates the Court's order and is cumulative, duplicative, expensive, harassing and violates Plaintiff's HIPAA rights and doctor-patient privileges. Delta has failed to demonstrate why this discovery is relevant to any claim or defense in this case. Delta has no legal and/or factual basis for this third party subpoena, as the discovery sought is simply not discoverable under the 2015 amendments. Nevertheless, and even on its own initiative, the Court must limit the frequency or extent of proposed discovery that is irrelevant or disproportional to the needs of the case. Fed. R. Civ. P. 26(b)(2)(C)(iii). Parties may only obtain discovery "***regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.***" Fed. R. Civ. P. 26(b)(1). Delta can not meet its legal burden of showing relevance, admissibility, proportionality and specificity. See Nixon, 418 U.S. at 701.Evidence is only relevant if it has any tendency to make a material fact more or less probable. Fed. R Evid. 401. The 2015 proportionality amendments began a new era in protecting privacy from discovery as parties seeking to avoid discovery of relevant-but-private information may no longer need to seek a protective order under Rule 26(c) because the privacy concerns — as a proportionality factor — may place the information outside of what is discoverable in the first place. Rule 26(b), as amended, still provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," but adds another threshold consideration – the information must also be ***"proportional to the needs of the case." (Fed. R. Civ. P. 26(b)(1) (2016).*** The Rule now directs courts to consider: the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. (*Ibid.*)While this change was significant, the inclusion of specific "proportionality factors" in Rule 26(b) arguably did not create a brand new standard for discovery so much as identify considerations percolating in the case law for many years. (*Gilead Sciences, Inc. v. Merck & Co*. (N.D. Cal. Jan. 13, 2016) 2016 WL 146574 at *1 ["Proportionality in discovery under the Federal Rules is nothing new."]) Even prior to the December 2015 amendments, the advisory committee acknowledged the concern that the "reasonably calculated" language might "swallow any other limitation on the scope of discovery." (*Id*.) Courts have often restricted overbroad and burdensome discovery practices, even when the information sought technically may have been "reasonably calculated to lead to the discovery of admissible evidence." Proportionality is therefore not an

MOTION FOR PROTECTIVE ORDER QUASHING SUBPOENA



Case 1:22-cv-08618-DEH-RWL    Document 145    Filed 05/02/25    Page 4 of 12

entirely new concept in discovery or even in the Federal Rules. Indeed, several courts have noted that "proportionality" has been an explicit consideration in the Rules governing discovery since 1983. (See, e.g., *Robertson v. People Magazine* (S.D. N.Y. Dec. 16, 2015) 2015 WL 9077111, at *2; *Henry v. Morgan's Hotel Group, Inc*. (S.D. N.Y. Jan. 25, 2016) 2016 WL 303114, at *3.) By enacting these amendments, the drafters intended to return the scope of discovery debate to focus on proportionality. In the notes following the December 2015 amendment, the advisory committee observed that **"[t]he present amendment restores the proportionality factors to their original place in defining the scope of discovery."** (Fed. R. Civ. P. 26(b)(1) (advisory committee notes, 2015 Amendment).) By deleting the former standard governing the scope of discoverable evidence and substituting a list of specific proportionality factors, the committee provided a tool for courts to impose further control on parties during the discovery process. The amendments to the Rule "encourage judges to be more aggressive in identifying and discouraging discovery overuse by emphasizing the need to analyze proportionality before ordering production of relevant information." (*Henry*, 2016 WL 303114, at *3, internal quotation marks omitted); *In re Bard* (D. Ariz. 2016) 317 F.R.D. 562, 564-5 ("Relevancy alone is no longer sufficient – discovery must also be proportional to the needs of the case."). Delta's subpoena seeks to discover information that is not only irrelevant but not proportional, in violation of the 2015 amendments to FRCP and Rule 26. **In** *Henry v. Morgan's Hotel Group, Inc*. (S.D. N.Y. Jan. 25, 2016) 2016 WL 303114, at *3.), an employment discrimination case the court prefaced its analysis by explaining that the pre-2015 amendment standard of allowing discovery calculated to lead to the discovery of admissible evidence **no longer applied,** and that pursuant to Rule 26(b), as amended in 2015 , courts **"should consider both the nature of the information sought and whether its production is 'proportional to the needs of the case.'"** (*Id*. at *3.) This SDNY court concluded that the subpoenas' demanding production of all documents and data referring to plaintiff was overbroad. In addition, this SDNY court found that the information sought from third parties was not directly relevant to the issues in the case and therefore not proportional to the needs of the case.

     Here, Plaintiff argues first that the third parties should not be compelled to produce any documents in response to the subpoenas duces tecum because (1) the requested documents are unreasonably cumulative and duplicative of discovery that the has already been produced, and (2) the documents seek discovery outside the scope permitted by Rule 26(b)(1) because they are both speculative, irrelevant and producing them would impose significant burden and expense on the third party witnesses. Moreover, the subpoenas into Plaintiff's personal phone records are harassing and an invasion of Plaintiff's privacy because Defendant Delta only wants plaintiff's phone records for periods of time during which Plaintiff was not an active employee and was not being paid for any work by Defendant. Also, Defendant subpoena violates Plaintiff HIPAA rights and doctor patient privilege as Defendant is on a fishing expedition to view all of the times that plaintiff was communicating with her various doctors. Plaintiff does not have any medical malpractice claims or any negligence claims in this case for the Court to allow Defendant to go on a fishing expedition to violate Plaintiff HIPAA rights and doctor patient privileges. (3) The Court has already ruled on the scope of the discovery permitted into Plaintiff's communications with Plaintiff's medical providers and Delta's subpoenas intentionally violated the Court's previous order limiting the discovery on Plaintiff's privileged medical communications with Plaintiff's doctors. Because the Court already previously ruled on this issue limiting Delta's scope of discovery on Plaintiff's communications with her medical providers, The Court must again agree with Plaintiff that the subpoenaed documents fall outside the scope of discovery that Rule 26(b)(1) permits as the the subpoenas duces tecum are not limited to communications between specific individuals and to a specific timeframe during Plaintiff's active employment , and they are not confined to communications that are related to a claim or defense in this case: rather, they require the witnesses to produce documents "related to any

MOTION FOR PROTECTIVE ORDER QUASHING SUBPOENA



communications" with any and all third parties during **January 1, 2021 to June 30, 2021 and February 14, 2025 to April 30, 2025**. However, it is undisputed by the parties that the time frame for which Defendant seeks Plaintiff's cell phone records, Plaintiff was not an "active" employee as Plaintiff was on an unpaid COVID 19 leave in 2021 and was never paid for any work during this time period. Defendant is not entitled to Plaintiff's personal cell phone record when Plaintiff was off-duty and on a voluntary COVID-19 leave and not conducting Delta business. Also, from January 1, 2021 to June 30, 2021, Plaintiff's phone service was in California and thus California law applies to the 2021 phone records, which entitles Plaintiff to an even stricter privacy rights than New York based on California Constitution's strict privacy laws, the strictest in the nation. see *Board of Trustees v. Superior Court,* 119 Cal.App.3d 516, 174 Cal.Rptr. 160 (1981).) None of Plaintiff's claims and/or Defendants's defenses waive plaintiff's privacy rights under NY law and/or California law and/or under HIPAA federal law and NY's doctor patient privilege laws. **New Yorkers** generally enjoy a privacy right, embodied in the **physician-patient privilege** set forth in CPLR 4504(a), preventing disclosure. NYCPLR § 4504 (2024);(*Davis v. Superior Court* (1992) 7 Cal.App.4th 1008, 1116-17.) Additionally, *NONE of the claims or defenses* in this case can be attributed to the time period from **February 14, 2025 to April 30, 2025.** Defendant Delta has absolutely no legal or factual basis to invade Plaintiff's privacy and violate Plaintiff's HIPAA rights and NY state doctor-patient privileges . Consequently, although these subpoenas duces tecum do have some suitable time limitations, they do not limit the scope of the communications and they "*still exceed[] the permissible scope of discovery as set forth in Rule 26(b), as [they] would likely encompass many communications having absolutely nothing to do with*" the issues in this case. Crescent City Remodeling, LLC v. CMR Constr. & Roofing, LLC, 643 F.Supp.3d 613, 620 (E.D. La. 2022). District courts in the Second & Fifth Circuit generally look with disfavor on subpoenas that require production of documents that are not actually related to a claim or defense. See, e.g., MC Trilogy Tex., LLC v. City of Heath, Tex., 2023 WL 5918925, at *8 (N.D. Tex. Sept. 11, 2023) (Fitzwater, J.) (declining to enforce third-party subpoena duces tecum requiring production of "all" communications during time-bound period as overly broad); Crescent City Remodeling, 643 F.Supp.3d at 620 (narrowing third-party subpoena to require production of only documents on case-related issues); Burdette v. Panola County,83 F. Supp.3d 705, 707 (N.D. Miss. 2015) (quashing third-party subpoena where relevance of requested documents to any party's claim or defense was not shown); Winter v. Bisso Marine Co., 2014 WL 3778833, at *2 (E.D. La. July 29, 2014) (same); Williams v. City of Dallas, 178 F.R.D. 103, 110 (N.D. Tex. 1998) (Fitzwater, J.) (narrowing third-party subpoena requiring production of "any and all" documents). The court therefore must conclude that, as written, the document production requirement in the witnesses' subpoenas duces tecum is impermissibly overbroad and exceeds the scope of permissible discovery under Rule 26(b)(1)."Generally, modification of a subpoena is preferable to quashing it outright." Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812, 818 (5th Cir. 2004) But here, narrowing the subpoenas duces tecum to include only communications between the witnesses and Plaintiff related to a claim or defense in the case would not suffice.If the court imposed such a modification, the document production would then be unreasonably duplicative of other discovery because Plaintiff has already produced the documents the Court previously ruled were discoverable on the 4/4/2025 medical communication. The Court must concludes that Delta has failed to present sufficient proof of deficiencies in Plaintiff's previous production to warrant compelling the non-party witnesses to produce what is likely to be generally cumulative and duplicative discovery. Delta's has not met its legal burden in explaining to the Court how Plaintiff's cell phone records and conversations with her medical providers and with over 300 non-parties to this case are relevant to this case and discoverable under Rule 26. Delta's subpoena seeking irrelevant, duplicative, cumulative discovery on Plaintiff's cell phone records communications with other 300 third parties is

MOTION FOR PROTECTIVE ORDER QUASHING SUBPOENA

"overly broad and unquestionably burdensome." see Metropolitan Life Insurance Company v. Robertson-Ceco Corp., United Dominion Industries, Inc., 84 F.3d 560 (2d Cir. 1996)("Allowing discovery of an unlimited time period, as requested…would have been overly broad and unquestionably burdensome.");In re Application for Pen Register and Trap/Trace Device with Cell Site Location Authority,2005 WL 2656621, 396 F.Supp.2d 747 (S.D.Tex.2005)("Cell Site "),In Re United States for an Order Authorizing the Use of a Pen Register & a Trap & Trace Device, 384 F. Supp. 2d 562 (E.D.N.Y 2005)("existing law does not permit the government to obtain the requested information on a prospective, real-time basis without a showing of probable cause…The next level of process is required when the government seeks access to any "record or other information pertaining to a subscriber to or customer of [electronic communication] service (not including the contents of communications)." *18 U.S.C. § 2703*(c)(1). To obtain such disclosure, the government must offer "specific and articulable facts showing that there are reasonable grounds to believe that ... the records or other information sought, are relevant and material to an ongoing criminal investigation." *18 U.S.C. § 2703*(d).") Here, in civil case like this one, when the discovery sought is protected by HIPAA and by doctor-patient privilege, the Court must quash the subpoena and grant protective order to protect Plaintifif's HIPAA and doctor-patient privileges statutorily coded in NYS law.In **Burdette v. Panola County, No. 3:13CV286-MPM-SAA (N.D. Miss. February 4, 2015)**, Mississippi Magistrate Judge S. Allan Alexander granted the plaintiff's Motion to Quash, as Judge Alexander noted that the defendants ***"have offered no explanation for why these text messages and phone calls are relevant and has not agreed to limit the production of them in any way"***. Despite the fact that the plaintiff in that case failed to maintain the phone and computer, Judge Alexander determined that ***"neither of those two facts support the request for all of plaintiff's text messages and phone calls before and for three weeks after his termination. If defendants desire to seek a spoliation instruction, they are permitted to do so, but defendants have failed to convince the undersigned that production of text messages and phone call logs will resolve any issue relating to the recorded conversation. The court will not permit irrelevant discovery that appears to be more harassing than productive.""Weighing the factors set out by the Fifth Circuit for quashing a subpoena, the relevance factor clearly weighs against production of the phone records",*** stated Judge Alexander, finding that **"the breadth of the request is entirely too wide even if a valid reason for the request had been established."** As a result, he granted the plaintiff's request to quash the defendant's subpoena and this Court must do the same. see also Equal Employment Opportunity Commission v. SkyWest Airlines Inc, No. 3:2022cv01807 - Document 62 (N.D. Tex. 2024).  This Court must quash Defendant's Subpoena.see United States v. Nachamie, 91 F. Supp. 2d 552, 563 (S.D.N.Y. 2000). (quashing the subpoenas at issue as they failed to meet either the Nixon or the advocated, more relaxed standard);United States v. Tucker, 249 F.R.D. 58, 66 (S.D.N.Y. 2008) (holding that subpoenas issued by defendants to non-parties should be enforced if "reasonable, construed as "material to the defense'" and "not unduly oppressive for the producing party"). In this case, Delta's subpoena's are not "reasonable" and/or "material to the defense" are "oppressive," expensive and harassing for producing party and the discovery sought violates Plaintiff's doctor-patient privilege and Plaintiff's HIPAA rights. Because Delta's subpoena was not "made in good faith" and is "intended as a general 'fishing expedition," it must be quashed as it is abusive, harassing, humiliating, and privileged information. see *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34-35 (1984) ("Because of the liberality of pretrial discovery permitted by Rule 26(b)(1), it is necessary for the trial court to have the authority to issue protective orders conferred by Rule 26(c). It is clear from experience that pretrial discovery . . . has a significant potential for abuse. This abuse is not limited to matters of delay and expense; discovery also may seriously implicate privacy interests of litigants and third parties."); Fed. R. Civ. P. 34(a) advisory committee note (1970) ("Protection may be afforded to claims of privacy or

MOTION FOR PROTECTIVE ORDER QUASHING SUBPOENA

secrecy or of undue burden or expense under what is now Rule 26(c).") (emphasis added).see SEC v. TheStreet.com, 273 F.3d 229, 231 n.10 (2d Cir. 2001) (quoting Amodeo I, 44 F.3d at 147) ("[P]rotective orders issued under Rule 26(c) serve "the vital function ...of"secur[ing] the just, speedy, and inexpensive determination' of civil disputes ... by encouraging full disclosure of all evidence that might conceivably be relevant.This objective represents the cornerstone of our administration of civil justice." Without an ability to restrict public dissemination of certain discovery materials that are never introduced at trial, litigants would be subject to needless "annoyance, embarrassment, oppression, or undue burden orexpense." Rule 26(c).see  Nixon, 418 U.S. at 699-700; accord Bowman Dairy, 341 U.S. at 219-22. see See United States v.Ferguson, 06-CV-137 (CFD), 2007 WL 2815068, at *3 (D. Conn. Sept. 26, 2007) (discussing the requirements of subpoenas).

## CONCLUSION

For the reasons stated above, the Court must grant Plaintiff's Motion for Protective Order Limiting Discovery and Quashing Delta's Subpoena to Non-Party Witness.

Respectfully submitted,
Date: 5/1/2025          _____/s/_____
          ERIKA L. LEE, the PLAINTIFF(proceeding as PRO SE)

## AFFIRMATION OF SERVICE

I, Erika L. Lee, declare under penalty of perjury that on 05/01/2025, I served a copy of the attached: "PLAINTIFF'S LETTER MOTION FOR LEAVE TO FILE MOTION TO COMPEL " upon all other parties in this case by email to Michael.fleming@morganlewis.com and by USPS mail to the following person: MICHAEL FLEMING,  c/o MORGAN LEWIS LAW FIRM, 101 Park Ave, New York, NY 10178-0060.

Date: 5/1/2025          _____/s/_____
          ERIKA L. LEE, the PLAINTIFF(proceeding as PRO SE)

MOTION FOR PROTECTIVE ORDER QUASHING SUBPOENA

# Morgan Lewis



**Michael F. Fleming**
+1.212.309.6207
Michael.fleming@morganlewis.com

May 1, 2025

**VIA FEDEX AND FAX**

Straight Talk Wireless
Attn: Subpoena Compliance Dept.
700 NW 112th Avenue
Miami, FL 33178

TracFone Wireless, Inc.
d/b/a Straight Talk Wireless Subpoena Compliance
Attn: Executive Resolution Dept.
P.O. Box 160340
Hialeah, FL 33016
Fax: 1-866-809-7134

Re:   **Erika Lee v. Delta Airlines, Inc., et al.**
      **Civil Action No. 22-CV-8618-DEH-RWL**

Dear Sir or Madam:

This firm represents Defendant Delta Airlines, Inc. in the above-referenced lawsuit brought by Erika Lee.

Enclosed please find a subpoena compelling the production of any and all phone records relating to Erika Lee. The enclosed subpoena may be complied with by sending the requested documents to my attention at the offices of Morgan, Lewis & Bockius, LLP, 101 Park Avenue, New York, NY 10178-0060 or emailing to michael.fleming@morganlewis.com on or before the date specified. We will also reimburse you for all reasonable copying expenses incurred in connection with complying with this subpoena.

If you have any questions or expect any difficulties complying with the subpoena, please call me at the above-listed number. Thank you for your assistance in this matter.

Sincerely,

/s/ Michael F. Fleming

Michael F. Fleming

Enclosure

Morgan, Lewis & Bockius LLP

101 Park Avenue
New York, NY 10178-0060        ● +1.212.309.6000
United States                  ● +1.215.309.6001




AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| Erika Lee,<br>*Plaintiff*<br>v.<br>Delta Airlines, Inc., et al.,<br>*Defendant* | )<br>)<br>)  Civil Action No. 22-CV-8618 (DEH) (RWL)<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Straight Talk Wireless Attn: Subpoena Compliance Dept.
700 NW 112th Avenue, Miami, FL 33178 (Fax: 1-866-809-7134)

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Morgan, Lewis & Bockius LLP<br>Michael F. Fleming, Esq.<br>101 Park Avenue, New York, NY 10178-0060 | Date and Time:<br>05/15/2025 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/01/2025

CLERK OF COURT
                                                        OR
_____                             /s/ Michael F. Fleming
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant Delta Airlines, Inc._____, who issues or requests this subpoena, are:
Morgan, Lewis & Bockius LLP, Michael F. Fleming Esq., 101 Park Avenue, NY, NY 10178,
michael.fleming@morganlewis.com, 212-309-6207

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Scanned with CamScanner

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Case 1:22-cv-08618-DEH-RWL    Document 145    Filed 05/02/25    Page 10 of 12

Civil Action No. 22-CV-8618 (DEH) (RWL)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Scanned with CamScanner

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



## **ATTACHMENT A**

## **DOCUMENTS TO BE PRODUCED**

1. Any and all phone records in your possession, custody, or control concerning, relating, or referring to **Erika L. Lee: (646) 552-8394** ("Ms. Lee"), including, but not limited to, documents identifying all incoming and outgoing voice calls and text messages for Ms. Lee's telephone number for the time period **January 1, 2021 to June 30, 2021 and February 14, 2025 to April 30, 2025**, including the number called or calling, the length of each call, the connect date, connect time, originating number, destination number and message direction indicator.


Scanned with
CamScanner