# Morgan Lewis

**Michael F. Fleming**
Associate
+1.212.309.6207
michael.fleming@morganlewis.com

May 6, 2025

**VIA ECF**

Hon. Robert W. Lehrburger, USMJ
United States District Court for the Southern District of New York
500 Pearl St., Courtroom 1960
New York, NY 10007-1312

Re:    *Lee v. Delta Air Lines, Inc.*, **Case No. 1:22-cv-08618-DEH-RWL**

Your Honor:

Plaintiff's "motion," filed on May 2, 2025 (Plaintiff's "Motion"; Dkt. No. 145), is the latest example of Plaintiff engaging in frivolous litigation tactics while simultaneously shirking her discovery obligations to Delta and this Court.[1] In her Motion, Plaintiff requests that the Court "compel" Delta to produce documents that were produced to Plaintiff months ago. Plaintiff also seeks to quash subpoenas Delta served on her mobile phone providers, which seek records that are specifically related to new allegations that Plaintiff asserted during her deposition on April 29. Plaintiff's Motion is meritless and should be denied. Delta also requests that the Court award it costs associated with responding to the Motion and renews its request for costs in connection with Plaintiff's failure to appear at her deposition on April 4, 2025. Delta further requests that, due to Plaintiff's refusal to participate in her deposition in good faith, (A) Plaintiff be ordered to attend a second day of deposition (for which Plaintiff should bear the cost); and/or (B) the Court issue an order precluding Plaintiff from seeking compensatory damages based on alleged emotional distress and/or economic losses.

## Plaintiff's Deposition[2]

After failing to appear for her deposition on April 4, 2025, Plaintiff was deposed pursuant to the Court's order on April 29, 2025. During her deposition, Plaintiff objected over 900 times and repeatedly asserted meritless objections under the "First Amendment," "Fifth Amendment," "HIPAA," and "doctor-patient" privilege, among others. (*See, e.g.*, Ex. A, 46:21-51:13, 352:17-355:9, and Index Pages for "Objection.") Based on these "objections," Plaintiff refused to answer

---

[1] The Court previously advised Plaintiff that filing further frivolous and/or vexatious applications to the Court "will result in sanctions, which may include adverse inferences, dismissal of her case, or any other sanctions that are warranted under the circumstances." (*See* Order, dated February 4, 2025.)

[2] Relevant excerpts from the transcript of Plaintiff's Deposition are attached as Exhibit ("Ex.") A.

**Morgan, Lewis & Bockius LLP**

101 Park Avenue
New York, NY 10178-0060         T +1.212.309.6000
United States                    F +1.212.309.6001

*Lee v. Delta Air Lines, Inc.*, Case No. 1:22-CV-08618-DEH-RWL
May 5, 2025
Page 2

questions seeking plainly relevant information regarding her purported economic and emotional distress damages. (*See, e.g.*, *id.*) As the Court is aware, Plaintiff also repeatedly failed to directly answer Delta's counsel's questions and instead gave irrelevant, meandering and non-responsive answers in a transparent attempt to filibuster the deposition. (*See, e.g.*, *id.*, 93:2-109:19.)

Critically, Plaintiff also testified for the first time about several phone calls that she claims she had with Delta personnel in 2021 prior to her termination. (*See, e.g.*, *id.*, 312:6-333:25.) Specifically, she testified about alleged telephone conversations with Delta HR Manager David Needham (on her cell phone), during which Plaintiff claimed Mr. Needham propositioned her for sex and made a number of sexually and/or racially charged statements. (*Id.*, 319:5-320:1.) Plaintiff had never before asserted these allegations—not in any of the complaints she filed with this Court, nor in her Central District of California proceeding, nor in any discovery response, nor in any of her internal complaints to Delta. Plaintiff also claimed to have spoken by phone with other Delta HR employees about the alleged conversations with Mr. Needham. Delta has no records of such communications and, because Plaintiff has never before raised these allegations, did not have a reason to seek any discovery regarding the purported phone calls.

Finally, despite the Court's prior order permitting Delta to ask Plaintiff questions about her failure to appear for her deposition (*see* Court's Order, dated April 17, 2025; Dkt. 144), Plaintiff refused to provide any specific information regarding the time of her purported appointment on April 4, 2025; how long the appointment lasted; what the appointment was for; or when the appointment was made (Ex. A, 363:18-375:19). While Plaintiff testified that she originally was called by her doctor's office "not too long before" she received the confirmation email on March 30, she stated that she could not verify this with her phone records because she claimed those records had been deleted on her cell phone due to the call being over 30 days old. (*Id.*, 370:12-372:8.) Plaintiff also conceded that the "screenshot" she provided to Delta purportedly confirming the appointment was cropped to omit certain information, potentially including when Plaintiff initially made the appointment and/or what time the appointment was for. (*Id.*, 368:5-19.) Plaintiff also admitted that the email linked to another communication from her doctor that she did not produce. (*Id.*, 369:2-9.) Delta advised Plaintiff during her deposition that the record was being kept open for purposes of addressing Plaintiff's non-compliance and to allow Delta to obtain and review previously unproduced documents that could be relevant to Plaintiff's claims. (*Id.*, 18:4-19:30, 373:19-374:1.)

### **Plaintiff's Request to Compel Is Frivolous and Should Be Denied.**

Plaintiff's claim that she was shown "at least 10 documents" during her deposition that were not previously produced by Delta is wholly spurious. Apart from the Second Amended Complaint (which is a public record) and an exhibit that contained only publicly available images,[3] all the exhibits introduced during the deposition were produced to Plaintiff in December 2024 via email and FedEx. Delta has received confirmations both that the electronic versions of the productions were downloaded multiple times by someone using Plaintiff's email account[4] and that hard-copy

---

[3] Specifically, the exhibit contained six publicly available images of women, one of whom was Bernadette Tamasi. While Plaintiff contends that she was repeatedly sexually harassed and assaulted by Ms. Tamasi while working at Delta, during her deposition, **Plaintiff was unable to identify Ms. Tamasi in the photo lineup**. (*See* Ex. A, 375:22-376:3.)

[4] Delta notes that this is the same email address—i.e., leeerikalatise@gmail.com—that was used in the email Delta previously identified to the Court as likely evidence that Plaintiff was sharing confidential information with third parties. (*See* Dkt. Nos. 131, p. 3, n.3, and 131-4.)

*Lee v. Delta Air Lines, Inc.*, Case No. 1:22-CV-08618-DEH-RWL
May 5, 2025
Page 3

versions were delivered to her physical address (which, on information and belief, she shares with Aasir Azzarmi). (Copies of the delivery confirmations are collectively attached as Ex. B.) Plaintiff's claim that these documents were never produced is further evidence that someone other than Plaintiff (likely Azzarmi) has accessed the confidential document productions in violation of the Court's Protective Order. Therefore, Plaintiff's request to "compel" production of these documents should be denied as meritless and moot, and Delta should be awarded the costs it incurred in opposing this frivolous request. Further, Delta requests that the Court order Plaintiff to identify everyone whom Plaintiff has shown or otherwise allowed to access Delta's confidential document production.

### Delta's Subpoenas Are Appropriate and Should Be Enforced.

As noted above, Plaintiff made several allegations during her deposition regarding phone calls that allegedly were related to her substantive claims (e.g., the new allegations against Mr. Needham) or her failure to attend her deposition on April 4. Plaintiff claims not to have any records of these calls (including because she failed to preserve them after the Court's April 17 order). Accordingly, Delta served Plaintiff's mobile phone service providers with requests for those records. If Plaintiff's contention about deleting or otherwise not having access to the records is correct, these subpoenas are the only means by which Delta can obtain those records. Delta's requests are narrowly tailored to the time periods at issue.[5] Plaintiff's claim that these subpoenas impose an undue burden is meritless, including because Plaintiff bears no burden with regard to complying with third-party subpoenas.[6] Accordingly, the Court should deny Plaintiff's request to quash.

### Plaintiff's Ongoing Behavior Warrants Additional Relief.

As noted herein, Plaintiff asserted hundreds of frivolous objections and otherwise refused to answer questions at her deposition regarding several topics that are plainly relevant to this matter, including questions regarding her employment post-termination as relevant to mitigation of damages and her mental health as relevant to alleged emotional distress damages. Notably, Plaintiff claimed for the first time that she has a disability that prevents her from working, but refused to provide any other information to Delta regarding that disability. (Ex. A, 356:1-358:19.) Accordingly, and because Plaintiff has continued to impede the progress of this matter in a manner that appears to be intentional, Delta requests that the Court order Plaintiff to sit for an additional deposition, at her own expense, for the purpose of answering questions regarding information that she improperly refused to disclose at her April 29, 2025 deposition. Should Plaintiff continue to refuse to answer Delta's questions regarding her mitigation efforts (or lack thereof) and emotional

---

[5] The subpoenas seek, in part, Plaintiff's phone records from January 1, 2021 (i.e., four days after Plaintiff filed her First Amended Complaint in the Central District of California, which included, for the first time, the allegations that Ms. Tamasi had sexually harassed Plaintiff) and June 30, 2021 (i.e., the end of the month in which Plaintiff was terminated) to account for any allegations that Plaintiff may make about Mr. Needham contacting her at times other than those she testified to during her deposition. The subpoenas also seek, in part, Plaintiff's phone records from February 14, 2025 (i.e., the date New York City Health + Hospitals represented to Delta's counsel that Plaintiff's April 4 medical appointment was made) and April 29, 2025 (i.e., the date of Plaintiff's deposition) to assess the veracity of Plaintiff's claims regarding when and how the appointment was made, as well as her claims that she was not communicating with anyone about her deposition during breaks in deposition.

[6] Conversely, Plaintiff could alleviate the burden on Delta of serving and seeking to enforce the subpoenas by providing releases for Delta to access those records. Delta respectfully requests that, should the Court find those records are relevant, the Court further order Plaintiff to provide Delta with releases to obtain those records directly from Plaintiff's phone providers.

distress (and treatment therefor), Delta requests that the Court order that Plaintiff be barred from seeking damages for lost wages and emotional distress from Delta.

Moreover, in the April 17 Order, the Court denied Delta's request for costs accruing from Plaintiff's failure to appear at her deposition scheduled for April 4, 2025 without prejudice to renew such request with supplemental information learned from Plaintiff. (Dkt. 144 at 8-9.) Given Plaintiff's refusal to provide information beyond a vague email, which by Plaintiff's own admission was incomplete, Delta requests that the Court grant Delta its costs as previously sought. Plaintiff's refusal to answer questions regarding the appointment or to provide an authorization of release for Delta to seek information directly from the doctor is demonstrative of Plaintiff's pattern of dealing in bad faith. Plaintiff has consistently engaged in brazen, evasive, and dishonest behavior before this Court and in her dealings with Delta, apparently without fear of reprisal. Because Plaintiff has not shown that her failure to appear at her scheduled deposition was substantially justified, Delta requests that the Court order her to pay costs as detailed in Delta's request (Dkt. 143-1). *See* Fed. R. Civ. P. 37(d)(3).

*   *   *

We thank the Court in advance for its consideration of Delta's submission and are available at the Court's convenience to conference further on these matters.[7]

Respectfully submitted,

*/s/ Michael F. Fleming*

Michael F. Fleming

Enclosures

C: Plaintiff (Via Email; First-Class Mail; and ECF)

---

[7] Delta's counsel are travelling internationally during the week of May 12-16, 2025, but are otherwise available to confer with the Court at its convenience regarding these issues.