Erika Lee
20 Confucius Plaza #10K
New York, NY, 10002
646-552-8394. Email: leeerikalatise@gmail.com
ERIKA LEE, PRO SE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **ERIKA LEE** | <u>CASE:1:22-cv-08618-DEH-RWL</u> |
| Plaintiff, Pro Se | **PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN ECF#146** |
| -against- | |
| **DELTA AIR LINES, INC., DAVID NEEDHAM & JOSE ROSADO** | |
| Defendants | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

MOTION FOR PROTECTIVE ORDER QUASHING SUBPOENA….

Dear Honorable Magistrate Judge,

Plaintiff objects to all of Defendant's alleged facts and arguments in ECF#146, as Plaintiff has not "engaged in frivolous litigation tactics while simultaneously shirking her discovery obligations to Delta and this Court." Plaintiff's Motion to Compel in ECF#145 is meritorious, as Delta can not refuse to produce documents to Plaintiff during discovery, show Plaintiff at deposition that Delta is in possession of these documents, but then refuse at all times(past, present, and future) to produce these documents to Plaintiff that were never produced. Delta's subpoenas served on Plaintiff's mobile phone providers seek records that are absolutely irrelevant and not related to any new allegations. Plaintiff's Motion is not meritless and should not be denied. The Court must deny Delta also any award of costs associated with responding to the Motion and deny Delta's renewal for its request for costs in connection with Plaintiff's failure to appear at her deposition on April 4, 2025. The Court must also deny Delta's further requests that, "due to Plaintiff's refusal to participate in her deposition in good faith, (A) Plaintiff be ordered to attend a second day of deposition (for which Plaintiff should bear the cost); and/or (B) the Court issue an order precluding Plaintiff from seeking compensatory damages based on alleged emotional distress and/or economic losses."

**Plaintiff's First Amendment Privilege, Fifth Amendment Privilege, HIPAA and Doctor/Patient Objections at Deposition**

Plaintiff has constitutional rights to meritoriously object under the "First Amendment," "Fifth Amendment,""HIPAA," and "doctor-patient" privilege, among others." Plaintiff never "refused to answer questions seeking plainly relevant information regarding her purported economic and emotional distress damages," however when making these specific objections, the testifying party can not answer to preserve these specific objections. Plaintiff's association with her church, her phone calls to her church members, her church members associations congregations, her finances intermingled with her church participation are clearly protected First Amendment activity and Defendant's subpoena accessing these records will encroach on Plaintiff's religious activities and future exercise of her religion. 42 U.S.C. § 2000bb through 42 U.S.C. § 2000bb-4;Tanzin v. Tanvir, 592 US 1 (2020); City of Boerne v. Flores, 117 S. Ct. 2157 (1997). Any compelled disclosure of Plaintiff's phone records, medical records, financial documents, would further alienate and chill congregants, members, donors and donees, expose Plaintiff's "sources and uses of funds" to unwarranted scrutiny, and thereby infringe on Plaintiffs' rights to free exercise, free speech, and associational privacy. 6 ISKCON, 1985 WL 315, at *9 n.16;Defendant's subpoena will chill Plaintiff's associational rights with her church members and exercise of her religion. Binding precedent of the Supreme Court and the Second Circuit holds that a First Amendment privilege applies in civil discovery.These cases make clear that the First Amendment shields a party from discovery requests that would intrude upon its freedom of speech, belief, or association unless the other party can show a "compelling need" for the information sought, including financial records. Thus, in the seminal case of NAACP v. Alabama, 357 U.S. 449, 460 (1958), the Supreme Court held that, in the context of a discovery demand, compelled disclosure of associational information would violate the fundamental constitutional right to freedom of belief and association. See id. at 462–63 ("It is hardly a novel perception that compelled disclosure of affiliation with groups engaged in advocacy may constitute [an] effective . . . restraint on freedom of association."); see also N.Y. State Nat'l Org. for Women v. Terry, 886 F.2d 1339 (2d Cir. 1989). Subsequent cases have "consistently applied the right of associational privacy to compelled disclosure through discovery" by recognizing a qualified First Amendment privilege. Int'l Soc'y for Krishna Consciousness, Inc. v. Lee (ISKCON), 1985 WL 315, at *9 n.16 (S.D.N.Y. Feb. 28, 1985).The First Amendment privilege extends to the disclosure of any type of information that may chill protected activity, see Perry v. Schwarzenegger, 591 F.3d 1147, 1162 (9th Cir. 2009)—including the "compelled disclosure of the

MOTION FOR PROTECTIVE ORDER QUASHING SUBPOENA….

sources or uses of an organization's funds." ISKCON, 1985 WL 315, at *8; see also Buckley v. Valeo, 424 U.S. 1, 66 (1976) ("financial transactions can reveal much about a person's activities, associations, and beliefs" (internal quotation marks omitted)). As the Supreme Court made clear in Brown v. Socialist Workers '74 Campaign Committee (Ohio), 459 U.S. 87, 96–98 (1982), the First Amendment's protections extend even to basic commercial transactions, because disclosure of expenditures to individuals may result in harassment and "cripple" an organization's "ability to operate effectively."The Second Circuit requires that a party asserting the First Amendment privilege simply "articulate some resulting encroachment on their liberties." Terry, 886 F.2d at 1355.5 "Mindful of the crucial place speech and associational rights occupy under our constitution, we hasten to add that in making out a prima facie case of harm the burden is light." Id.; see also Local 1814 Int'l Longshoreman's Ass'n v. Waterfront Comm'n of N.Y. Harbor, 667 F.2d 267, 272 (2d Cir. 1981) (adopting a "commonsense approach" to the analysis of chilling effects; rejecting defendant's argument that plaintiffs must show that disclosure would lead to economic or physical harassment). Once a party articulates an encroachment on its liberties, the burden shifts to the inquiring party to demonstrate "the necessary compelling interest in having discovery." Terry, 886 F.2d at 1355. In contrast to the "light" burden on the party objecting to disclosure of First Amendment-protected information, courts have "consistently emphasized the strictness of the showing that the inquiring party must make," ISKCON, 1985 WL 315, at *8, as "[i]nfringement of First Amendment interests must be kept to a minimum," Black Panther Party v. Smith, 661 F.2d 1243, 1268 (D.C. Cir. 1981), vacated on other grounds, 458 U.S. 1118 (1982). To establish a compelling interest, the party seeking disclosure must show that the information is "'crucial to [its] case,' or that it goes to the 'heart of the claims.'" ISKCON, 1985 WL 315, at *8 (citations omitted). Applying these standards, Defendant's discovery requests must be denied and subpoena must be quashed, as Delta has not met its legal burden in demonstrating how this discovery and these phone records are relevant to Plaintiff's claims and/or Delta's defenses. The First Amendment privilege bars Defendant's requests for Plaintiff's protected financial information, protected HIPPA records, and protected phone records. Plaintiff has more than satisfied their "light" burden of articulating an encroachment on First Amendment-protected activities. Terry, 886 F.2d at 1355. Thus, permitting Defendant to access wide- ranging phone and financial records "would have the practical effect of discouraging the exercise of constitutionally protected rights." NAACP, 357 U.S. at 461; see also ISKCON, 1985 WL 315, at *9 (plaintiffs made a sufficient First Amendment showing where defendants' interrogatories "entail[ed] an extensive inquiry into plaintiffs' associations and their finances," and plaintiffs' group was subject to "occasionally overt hostility"). Defendant has never offered any legal or factual basis to demonstrate the relevance of their sweeping broad discovery requests and subpoenas.  None of these theories meet the threshold showing for relevance, and none satisfy the high burden of a "compelling need" to obtain information protected by the First Amendment.

     While this was the first time Plaintiff "testified" at a deposition, this wasn't the "first time" Delta was aware "about several phone calls that she claims she had with Delta personnel in 2021 prior to her termination." Plaintiff did not testify that she had "telephone conversations with Delta HR Manager David Needham (on her cell phone)" but rather Delta's landline phone at the airport. Plaintiff has before asserted these allegations—not in complaints filed, in discovery responses, and in any of her internal complaints to Delta. In fact, the emails attached to complaints show that Delta's manager were aware of these phone calls and requested Plaintiff's personal phone records in 2021, which Plaintiff refused to turn over in 2021 to Delta's HR managers. Thus, Opposing Counsel is clearly lying when he states that " ***Delta has no records of such communications and, because Plaintiff has never before raised these allegations, did not have a reason to seek any discovery regarding the purported phone calls."*** These emails are attached to the complaint regarding Delta's knowledge of these phone conversations, which did not occur on Plaintiff's personal cell phone.Finally, due to HIPPA and doctor-patient privilege, Plaintiff only had to discuss details of the scheduling of the appointment with her doctor and not "specific information regarding…how long the appointment lasted; what the appointment was for," and what procedures were performed on Plaintiff. As these are irrelevant to the facts of this case and are privileged and protected. While Plaintiff testified that she originally was called by her doctor's office "not too long before" she received the confirmation email on March 30, she stated that she could not verify this with her phone records because she claimed those records

MOTION FOR PROTECTIVE ORDER QUASHING SUBPOENA….

had been deleted on her cell phone due to the call being over 30 days old. (Id., 370:12-372:8.) Plaintiff never admitted that the email linked to another communication from her doctor that she did not produce. Delta even admits that Delta is going on a fishing expedition in Delta's reply as Delta argues that Delta "advised Plaintiff during her deposition that the record was being kept open for purposes of addressing Plaintiff's non-compliance and to allow Delta to obtain and review previously unproduced documents that *could be relevant to Plaintiff's claims." Delta conceded that these cell phone records "could" only potentially "be relevant to Plaintiff's claims" which, as a matter of law, means Delta has not met its legal burden and thus, Delta's subpoena must quashed.*

**Plaintiff's Request to Compel IS NOT Frivolous and Should NOT Be Denied since Delta admitted in Deposition Record that Delta is in possession of alleged "Relevant" documents but refuses to produce them to Plaintiff.**

The Bottom line here is that Delta has produced absolutely NO RELEVANT DOCUMENTS to Plaintiff at any time. While Delta only sent Plaintiff a general Delta handbook that Delta gives every employee and provides the public, Delta has failed to produce any alleged relevant documents to Plaintiff claims and is now admitting that they are refusing to produce these documents they showed Plaintiff for first times at Plaintiff's deposition. Because Delta is attempting to use these documents to depose Plaintiff and as a defense , Plaintiff is entitled to a copy of all of these Delta documents that have never been produced. Thus, Plaintiff's Motion to Compel is not frivolous.

**Delta's Subpoenas Are NOT Appropriate and MUST BE QUASHED**

As Plaintiff testified, Plaintiff's "phone calls" to Mr. Needham were not made from Plaintiff's personal cell phone but from a Delta landline phone, thus, Plaintiff's cell phone records are irrelevant to the facts and merits of this case and are not discovery, as they are not "related to her substantive claims." Plaintiff doesnot to have any records of these calls because they were made on Delta's landline phones which Plaintiff does not have access to. Delta's subpoena requests are NOT "narrowly tailored to the time periods at issue." Accordingly, the Court must deny Delta's request to enforce subpoena.

**Plaintiff's Alleged "Ongoing Behavior" CAN NOT BE SANCTIONED AS IT IS CONSTITUTIONALLY PROTECTED AND DOES NOT Warrant " Additional Relief."**

Plaintiff's First & Fifth Amendment objections are constitutionally protected activity and to preserve them Plaintiff can not answer them. Plaintiff can not be punished or sanctioned for Fifth Amendment and First Amendment objections. see Spevack v. Klein, 385 U.S. 511, 87 S.Ct. 625, 17 L.Ed.2d 574 (1967), for example, the Supreme Court held that an attorney could not be disbarred solely because he claimed his privilege against self-incrimination in refusing to provide records and testimony for an investigation into his alleged professional misconduct. "*In this context `penalty' is not restricted to fine or imprisonment. It means, as we said in Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), the imposition of any sanction which makes assertion of the Fifth Amendment privilege `costly.*'" Id. at 515, 87 S.Ct. at 628. Garrity v. New Jersey, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967)("The choice given petitioners was either to forfeit their jobs or to incriminate themselves. The option to lose their means of livelihood or to pay the penalty of self-incrimination is the antithesis of free choice to speak out or to remain silent." Id. at 497, 87 S.Ct. at 618.;Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886) (a statute offering the owner of goods in a forfeiture action an election between producing a document or forfeiture of the goods at issue was held to be a form of compulsion in violation of both the Fourth and Fifth Amendments); Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964) (a person has the right "to remain silent unless he chooses to speak in the unfettered exercise of his own will, and to suffer no penalty . . . for such silence"); Sanitation Men v. Sanitation Comm'r., 392 U.S. 280, 88 S.Ct. 1917, 20 L.Ed.2d 1089;Cf. Elliott v. American Mfg. Co., 138 F.2d 678 (5th Cir. 1943) ("The remedy against forced improper disclosure, and the opportunity for testing its propriety is simply to refuse to disclose…"). Moreover, Plaintiff's Fifth Amendment privilege extends to the production of document requests. See, e.g., Marron v. United States, 275 U.S. 192,. 48 S.Ct. 74, 72 L.Ed. 231 (1927); In re Grand Jury Subpoena, Dated April 18, 2003, 383 F.3d 905, 909 (9th Cir. 2004). The taxpayer bears the burden of showing that testimony or documents are privileged. See

MOTION FOR PROTECTIVE ORDER QUASHING SUBPOENA….

United States v. Brown, 918 F.2d 82, 84 (9th Cir. 1990) (per curiam). United States v. Rubio-Topete, 999 F.2d 1334, 1338 (9th Cir. 1993) (Fifth Amendment).

    The Court must deny Delta's request for another deposition regarding "several topics" that are clearly NOT relevant to this matter. Plaintiff has never "claimed for the first time that she has a disability that prevents her from working, but refused to provide any other information to Delta regarding that disability." In fact, the Court dismissed Plaintiff's disability claims, so Plaintiff's disability is not relevant to this case. Plaintiff's mental disability( PTSD, depression, anxiety and emotional distress) were fully disclosed, as Plaintiff's medical records and medications were provided to Defendants. Accordingly, the Court must deny Delta's request that the Court order Plaintiff to sit for "an additional deposition, at her own expense, for the purpose of answering questions regarding information that she improperly refused to disclose at her April 29, 2025 deposition," as Plaintiff's invocation of her First, Fifth, HIPPA, and doctor-patient privilege objections mean that Plaintiff will not answer these questions at a second deposition in order to preserve these objections. Thus, any subsequent deposition will be futile as Plaintiff will invoke her First, Fifth, HIPPA, and doctor-patient privilege objections to preserve these objections again. Plaintiff answered all of Delta's questions regarding her "mitigation efforts (or lack thereof) and emotional distress (and treatment therefor)," and provided medical records. The Court must deny "Delta's request that the Court order that Plaintiff be barred from seeking damages for lost wages and emotional distress from Delta." Because Plaintiff provided the one and only email Plaintiff is in possession of, the Court must deny "Delta's request for costs accruing fromPlaintiff's failure to appear at her deposition scheduled for April 4, 2025, as no "supplemental information" was learned from Plaintiff. The Court can't "grant Delta its costs as previously sought" for Plaintiff exercising her First, Fifth, HIPPA, and doctor-patient privilege objections. Delta is not entitled "to seek information directly from the doctor." Plaintiff has shows with doctor's note and email that her failure to appear at her scheduled deposition was substantially justified, and Delta did not incur any "costs," that were not self-inflicted, as Plaintiff gave more than 24 hours notice that Plaintiff was not attending 4/4/25 deposition.

## CONCLUSION

    For the reasons stated above, the Court must grant Plaintiff's Motion for Protective Order Limiting Discovery and Quashing Delta's Subpoena to Non-Party Witness and must deny Delta's requests to sanction and/or punish Plaintiff for engaging in constitutionally protected activity and for exercising her NY state doctor-patient privilege rights and Federal HIPPA rights.

Respectfully submitted,

Date: 5/12/2025                                   /s/ _____

                     ERIKA L. LEE, the PLAINTIFF(proceeding as PRO SE)

**AFFIRMATION OF SERVICE**

I, Erika L. Lee, declare under penalty of perjury that on 05/01/2025, I served a copy of the attached:

"PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN ECF#146" upon all other parties in

this case by email to Michael.fleming@morganlewis.com and by USPS mail to the following person:

MICHAEL FLEMING, c/o MORGAN LEWIS LAW FIRM, 101 Park Ave, New York, NY

10178-0060.

Date: 5/12/2025                                  /s/ _____

        ERIKA L. LEE, the PLAINTIFF(proceeding as PRO SE

MOTION FOR PROTECTIVE ORDER QUASHING SUBPOENA….