UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ERIKA LEE,                                              :
                                                        :        22-CV-8618 (DEH) (RWL)
                            Plaintiff,                  :
                                                        :        **ORDER**
            - against -                                 :
                                                        :
DELTA AIR LINES, INC. et al.,                           :
                                                        :
                            Defendants.                 :
---------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order addresses (1) Plaintiff Lee's motion to compel production of documents from Defendant Delta and to quash subpoenas served by Delta on Lee's phone providers (Dkts. 145, 147), and (2) Delta's response to Lee's motion together and Delta's own request for relief regarding Lee's obstructive behavior at her deposition and related applications for costs (Dkt. 146).

**1. Lee's Motion To Quash:** Lee's motion to quash is GRANTED IN PART and DENIED IN PART. The request for telephone records from January 1, 2021, to June 30, 2021, to assess the veracity of Lee's claims concerning calls with Mr. Needham is appropriate and proportional to the needs of the litigation. Delta is entitled to test Lee's allegations about sexually and racially charged conversations. Similarly, the request for Lee's phone records from February 14, 2025 – the date concerning the making of Lee's purported medical appointment – is fair game given the unresolved issue about the reason for and timing of Lee's cancellation of her first deposition date. However, the request for records from the day of Lee's deposition on April 29, 2025, to assess the veracity of her claims that she was not communicating with anyone about her deposition

1

during breaks is unduly speculative. Accordingly, Lee's motion to quash is denied, except with respect to call records for the day of Lee's deposition on April 29, 2025.

**2. Lee's Motion To Compel:** Lee's motion to compel production of documents is DENIED. Delta repeatedly has represented it has produced all responsive, non-objectionable documents, and has represented that the documents used at Lee's deposition were previously produced, with the exception of the Second Amended Complaint (already in Lee's possession), and an exhibit consisting of publicly available images used for a photo lineup (made available to Plaintiff as an exhibit to the deposition). (Dkt. 146 at 2.) Delta's application for costs in connection with its one-paragraph response to Lee's request is DENIED.

**3. Delta's Motion To Compel Lee's Deposition:** Delta's motion to compel Lee's appearance for a second day of deposition is GRANTED. It is obvious from Delta's letter and the transcript excerpts provided to the Court that Lee unduly obstructed the deposition by (i) responding to literally hundreds of questions with "Objection" before answering; (ii) in some instances providing discursive narratives that did not directly answer the questions asked; and (iii) refusing to answer questions for subject matter that is at issue, including Lee's mitigation efforts if any, Lee's assertion that she is disabled such that she cannot work, and medical and mental health information relevant to Lee's claim of extreme emotional distress.

Accordingly, Lee shall appear for a second day of deposition, shall refrain from objecting to virtually every question with "objection" (although Defendant is on notice that Plaintiff's failure to object will not automatically be deemed a waiver of objection if the Court otherwise deems the question to be objectionable); shall answer directly questions

2

posed to her; and shall answer questions about efforts to mitigate damages, questions about her claim of disability from working, and questions about any claimed emotional distress and her mental health history for a period of no more than five years before the date she filed her initial complaint in California to now. Lee's objections based on HIPPA and doctor-patient privilege are overruled consistent with the foregoing.

Lee shall also fully answer questions regarding her purported medical appointment of April 4, 2025; and, **by May 20, 2025**, shall produce to Delta the complete, un-cropped string of communications that includes the cropped screenshot Lee provided to Delta regarding her medical appointment. Any documents produced by Lee, or any deposition testimony, that addresses the substance of any medical or mental health condition, treatment, or assessment, shall be deemed confidential in accordance with the protective order.

Lee shall also answer questions about whether and to whom she has disclosed any confidential documents produced by Delta.

Lee's objections based on the First Amendment are over-ruled. Lee also has not demonstrated any basis for objecting based on or invoking the Fifth Amendment. Accordingly, Lee shall not assert any objections at her deposition based on either the First or Fifth Amendments.

Delta's request that the Court require Plaintiff to pay for the costs for the second day of her deposition is DENIED.

**4. Delta's Application For Costs In Connection With Lee's Failure To Appear At Deposition:** This application is DENIED without prejudice to renew following completion of Lee's second day of deposition.

3

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 145.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: May 13, 2025
      New York, New York

The Court respectfully requests the Clerk of Court to mail a copy of this Order to the pro se Plaintiff:

Erika Lee
20 Confucius Plaza, Apt. 10K
New York, NY 10002