# Morgan Lewis

**Michael F. Fleming**
Associate
+1.212.309.6207
michael.fleming@morganlewis.com

May 21, 2025

**VIA ECF**
Hon. Robert W. Lehrburger, USMJ
United States District Court for the Southern District of New York
500 Pearl St., Courtroom 1960
New York, NY 10007-1312

Re:   <u>*Lee v. Delta Air Lines, Inc.*</u>**, Case No. 1:22-cv-08618-DEH-RWL**

Your Honor:

We represent Defendant Delta Air Lines, Inc. ("Delta") in the above-referenced action. We write regarding Plaintiff's ongoing failure to comply with the Court's April 17, 2025 Order ("April 17 Order; Dkt. 144) and May 12, 2025 Order ("May 12 Order"; Dkt. 148) relating to her April 4, 2025 medical appointment which Plaintiff claims is the reason she failed to appear at her noticed deposition—which Plaintiff agreed to over a month in advance—on that the same day.

In its April 17 Order, the Court directed Plaintiff to "produce to Delta's counsel all documents (including but not limited to email and other electronic information) concerning her April 4 appointment, including but not limited to the April 3 email Plaintiff found in her spam folder." Plaintiff subsequently provided only a cropped screenshot of an email dated March 30, 2025 at 8:02 a.m., reminding her of an upcoming appointment on April 4, 2025. (A copy of that screenshot is attached as Exhibit A.) During her deposition, Plaintiff confirmed that that the screenshot had been cropped and that additional information regarding her appointment—including the time the appointment was scheduled for—was provided in a separate communication that was linked to the email. (*See* Dkt. 146-1, Dep. Tr. 369:2-9 ("Q. If you click this button here, does it link you to another communication from your doctor? A. Objection, HIPAA. It does. You know it does.")).

During her deposition, Plaintiff also claimed that she was first advised of the appointment during a call from her doctor's office that was made "not too long before" the March 30 email regarding the same appointment.[1] (*See* Dkt. 146-1, Dep. Tr. 370:12-15.) As the Court is aware, Plaintiff has refused to provide Delta with her phone records and Delta is in the process of trying to obtain those records directly from Plaintiff's phone service provider via subpoena. As the Court also is aware, Plaintiff's medical provider previously advised

---

[1] Plaintiff previously represented that she was not aware of the appointment until April 3, 2025 when she claimed she found the March 30 email in her spam mailbox.

<u>Lee v. Delta Air Lines, Inc.</u>, **Case No. 1:22-cv-08618-DEH-RWL**
May 21, 2025
Page 2

Delta's counsel that the April 4 appointment was made on February 14, 2025.

On May 16, 2025, Plaintiff provided Delta with a second screenshot, which she represented was an "uncropped" version of the March 30 email. (*See* Second Screenshot, attached as Exhibit B; *see also* Email exchange between Plaintiff and Delta's Counsel, dated May 16, 2025 through May 19, 2025, attached as Exhibit C.) Notably, this screenshot differs from the original screenshot in several ways, including reflecting that it was received at 11:02 a.m., not 8:02 a.m., and that it was not forwarded to another party (*compare* subject line of original screenshot ("→ Prepare for Your Upcoming Visit") *with* subject line from second screenshot ("Prepare for Your Upcoming Visit"). The second screenshot also reflects that, at the time it was taken, Plaintiff (or whomever was taking the screenshot) had been on a telephone call for 15 minutes and 33 seconds. The second screenshot notably does not provide any information regarding when the appointment was made or what time the appointment was for.

Unsurprisingly and despite Plaintiff's emphatic representation at her deposition that she has access to additional information regarding her April 4 appointment that she has not produced, Plaintiff now claims that she does "not have any additional communications" relating to Plaintiff's purported appointment. (*See* Ex. C.) While Delta has attempted to resolve these issues with Plaintiff without the need for additional Court intervention (*see id.*), Plaintiff has continued to engage in bad faith conduct and has impeded Delta's efforts at every turn by continuing to provide incomplete and inconsistent information regarding the scheduling and timing of her purported April 4 appointment. Given Plaintiff's continued evasive behavior and refusal to comply with Court orders, Delta respectfully requests that the Court order Plaintiff to provide a HIPAA release authorizing Delta to access all records relating to the April 4 appointment.

In order to allow Delta sufficient time to obtain Plaintiff's medical records related to her April 4 appointment prior to deposing Plaintiff pursuant to the Court's May 12 Order, Delta further requests that the Court extend the June 13 deadline for Delta to complete its discovery of Plaintiff to July 18, 2025.

Finally, Delta has repeatedly asked Plaintiff to provide her availability in June to appear for the second day of her deposition. (*See* Ex. C.) However, Plaintiff has ignored these requests. (*See id.*) Accordingly, Delta requests that the Court order Plaintiff to appear for her deposition on June 26, 2025 at 9:30 a.m. at the office of Delta's undersigned counsel.

\*   \*   \*

<u>*Lee v. Delta Air Lines, Inc.*</u>**, Case No. 1:22-cv-08618-DEH-RWL**
May 21, 2025
Page 3

We thank the Court in advance for its consideration of Delta's requests and are available at the Court's convenience to conference further on these matters should the Court require.

Respectfully submitted,

*/s/ Michael F. Fleming*

Michael F. Fleming

C: Plaintiff (via ECF; email)

Enclosures