Erika Lee
20 Confucius Plaza #10K
New York, NY, 10002
646-552-8394. Email: leeerikalatise@gmail.com
ERIKA LEE, PRO SE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **ERIKA LEE** | <u>CASE:1:22-cv-08618-DEH-RWL</u> |
| Plaintiff, Pro Se | **PLAINTIFF'S REPLY IN OPPOSITION TO & OBJECTIONS TO DEFENDANT'S "LETTER MOTION FOR DISCOVERY" IN ECF#149 FOR LACK OF SUBJECT MATTER JURISDICTION** |
| -against- | |
| **DELTA AIR LINES, INC., DAVID NEEDHAM & JOSE ROSADO** | |
| Defendants | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

PLAINTIFF'S RESPONSE TO ECF#149

Dear Honorable Magistrate Judge,

    As initial matter, Plaintiff complied with all Court orders and has provided Opposing Counsel with all written communications regarding the April 4, 2025 appointment that Plaintiff is in possession of. Let's be rationale and reasonable here, most people don't have any other written communication more than either an appointment card or an email regarding a doctor's appointment. What other written communications regarding a simple doctor's appointment could a patient, such as Plaintiff, potentially ever be in possession of? In this case, Plaintiff only possess the March 30, 2025 email or written communication, and Plaintiff produced the cropped and un-cropped versions, and complied with all Court orders. The only things Plaintiff allegedly possesses besides this 1 email are nothing more than figments of Opposing Counsel's wild imagination. Opposing Counsel is intentionally misstating the record and deposition transcript, which Plaintiff has yet to correct the deposition transcript for errors, simply to deflect, distract, and to litigate satellite issues which are irrelevant to this case, and which this Court has no subject matter jurisdiction to adjudicate.Moreover, Opposing Counsel should be sanctioned under Rule 11, Court's own inherent powers and under 1927 for forcing Plaintiff and the Court to relitigate issues already ruled on and attempting to take "a second bite" at the apple. In any event, Defendant does not meet the legal standard, thus all of Defendant's requests, which Defendant is relitigating must be summarily denied as "A motion for reconsideration should be granted only when the [movant] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). This standard is "strict," and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995). "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

    Before the Court addresses any substantive questions, it must address the legal deficiencies in Defendants' motion(essentially requesting reconsideration and relitigating the same issues all over again- extension of discovery, access to Plaintiff's entire medical records, and for Plaintiff to produce documents Plaintiff does not possess and has never possessed, as no documents exist outside of Opposing Counsel's delusional brain.)and Defendants failure to Local Civil Rule 6.3. First, the "letter-motion," which is a Motion for Reconsideration does not comply with Local Civil Rule 6.3. Defendant did not submit an affidavit or certified statement with their motion. They also have not offered the Court new facts or circumstances that were not presented in their prior motions for discovery, requesting the same relief, which was already granted and/or denied and/or decided by the Court. Instead, Opposing Counsel offers no explanation for needing not follow Local Civil Rule 6.3., doesn't argue manifest injustice, judicial error, or any legal reason to support the Court's reconsideration of these already litigated issues.Second, Defendant's motion simply restates the same arguments previously presented to and rejected by this Court. "A motion for reconsideration is not an opportunity to renew arguments considered and rejected by the court, nor is it an opportunity for a party to re-argue a motion because it is dissatisfied with the original outcome." Devinsky v. Kingsford, 2008 WL 2704338, at *2 (S.D.N.Y. 2008). A court need not consider a motion for reconsideration relying on arguments previously made and ruled on. See, e.g., Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004); Strato v. Ashcroft, 388 F. 3d 651, 655 (8th Cir. 2004); Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003); Sithon Maritime Co. v. Holiday Mansion, 177

PLAINTIFF'S RESPONSE TO ECF#149

F.R.D. 504, 505 (D.Kan. 1998). Thus, it is proper for this Court to summarily reject Defendants' motion without further comment on the substance of Defendant's requests, as Defendant's have no legal or factual basis to relitigate the same issues that the Court already ruled on, without filing a procedurally proper Motion for Reconsideration under Rule 54. A motion for reconsideration is not specifically provided for in the rules of civil procedure, and Defendant does not state the rule upon which it is moving for reconsideration.However, under Rule 54(b) of the Federal Rules of Civil Procedure, "any order ... that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties … may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).Motions for reconsideration are commonly considered pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, which authorizes a motion to alter or amend a judgment, or Rule 60(b), which allows motions for relief from a final judgment, order or proceeding. "A Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence." Phelps v. Hamilton, 122 F.3d 1309, 1324(10th Cir. 1997).Thus, the scope of Rule 59(e) is quite limited: A party should not use a motion for reconsideration to reargue the motion or present evidence that should have been raised before. ***Moreover, a party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.***When a motion for reconsideration raises only a party's disagreement with a decision of the Court, that dispute "should be dealt with in the normal appellate process, not on a motion for reargument under" [Rule 59(e)].NL Indus., Inc. v. Commercial Union Ins. Cos., 938 F. Supp. 248, 249-50 (D.N.J. 1996); Resolution Trust Corp. v. Greif, 906 F. Supp. 1446, 1456-57 (D. Kan. 1995)("A party cannot invoke Rule 59(e) to raise arguments or present evidence that should have been raised in the first instance or to rehash arguments previously considered and rejected by the court."). In this case, there is no new evidence, new facts asserted and no arguments that were not available to Defendant when Defendant brought its initial letter-motion for its first extension of discovery, its first request to access all of Plaintiff's privileged, HIPAA protected medical records, and its first request to depose Plaintiff a second time.If Defendant's motion is considered under Rule 60(b) of the Federal Rules of Civil Procedure, Defendant must demonstrate exceptional circumstances. Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10* Cir. 1999) (explaining relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances); Van Skiver v. United Stated, 952 F.2d 1241, 1243 (10th Cir. 1992). In deciding the motion, the court does not revisit the propriety of the underlying judgment or order. LeFleur v. Teen Help, 342 F.3d 1145, 1153 (10* Cir 2003). A motion for reconsideration is an "inappropriate vehicle to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances, ... the basis for the second motion must not have been available at the time the first motion was filed." Servants of the Paracletes v. Does, 204 F.3d 1005, 1012 (10* Cir. 2000). Here, Defendant's motion merely raises issues already dealt with in Court's previous Order. Motions for reconsideration are not appropriate merely because a party disagrees with the Court's decision. Defendant failed to argue that there were any manifest errors of law or that the Court misunderstood Defendant's arguments. Defendant, as a matter of law,must show more than a disagreement with the Court's decision. Defendant's recapitulation of its arguments already considered by the Court before rendering its original decision fails to carry Defendant's burden on a motion to reconsider.Accordingly, the Court must summarily deny Defendant's "letter-motion for discovery," as it is simply a "Motion for Reconsideration," without meeting the proper legal standard to be granted relief under a Motion for Reconsideration.

PLAINTIFF'S RESPONSE TO ECF#149

In any event, Plaintiff objects to all of Defendant's frivolous arguments, all of Defendant's intentional misstatements of facts , and all of Defendant's requests including but not excluded limited to a " Court ordering  Plaintiff to provide a HIPAA release authorizing Delta to access all records relating to the April 4 appointment" and 2) an "order to allow Delta sufficient time to obtain Plaintiff's medical records related to her April 4 appointment prior to deposing Plaintiff pursuant to the Court's May 12 Order," and 3) a "Court extending the June 13 deadline for Delta to complete its discovery of Plaintiff to July 18, 2025."Firstly, the Court already ruled on the scope of Defendant's frivolous, meritless intrusion into Plaintiff HIPAA protected medical records which are irrelevant to this case and which violate Rule 26. Delta is not allowed to go on fishing expedition while violating plaintiff's privileged and protected medical rights.  Here, Defendant is committing fraud on the court by intentionally misstating alleged facts to get the Court to overrule its previous order and decision on the scope of Defendant's frivolous and meritless intrusion into Plaintiff privileged and HIPAA protected medical records. As a procedural matter,  Defendant is using the wrong vehicle (a letter motion) and would procedurally be required to file some type of  Motion for Reconsideration for the Court to even reconsider its previous order and decision, as Defendant presented no new facts, no new evidence, no affidavit, irrespective of the new alleged facts Opposing Counsel is fraudulently attempting to create.  For example, Opposing Counsel, acting as a witness and not an attorney , is now fraudulently alleging that Opposing Counsel, as an alleged witness in this case with personal knowledge of alleged facts, alleged that he spoke with "Plaintiff's medical provider previously" who "advised Delta's counsel that the April 4 appointment was made on February 14, 2025" & that "Plaintiff's medical provider previously advised Delta's counsel that the April 4 appointment was made on February 14, 2025." In fact, Plaintiff's "medical provider" informed Plaintiff that Opposing Counsel is intentional lying (committing fraud on the Court) as Plaintiff's "medical provider" never communicated with "Delta's counsel" at any time and would never divulge any details about any patients, such as Plaintiff , to any random Tom, Dick, and Harry without Plaintiff's consent and without a signed HIPAA release form and doesn't give out privileged medical information over the phone to random strangers. Now seriously, does this even sound plausible or logical or believable in any possible way???  It does not!  Of course it doesn't, Opposing Counsel won't even name who he allegedly spoke to or the alleged "medical provider" and state when, and how(phone , email , in person) Opposing Counsel allegedly committed these illegal , fraudulent acts to illegally access Plaintiff's medical records without Plaintiff's consent, knowing Plaintiff never consented. As the Court is aware and the record reflects, Plaintiff never consented to Opposing Counsel or Defendant accessing plaintiff medical records regarding April 4, 2025 appointment and/or with this "medical provider" and/or anything not related to Plaintiff's emotional damages. Plaintiff objects again to all Defendant's requests.

## COURT MUST LIMIT DEFENDANT'S SCOPE OF DISCOVERY

As a legal matter(law of the case doctrine, etc, and failure to meet legal standard for Motion for Reconsideration) and a Rule 11 and 1927 violation,  Plaintiff shouldn't be forced to reargue that Defendant is not entitled to discovery on and/or to be granted "a HIPAA release authorizing Delta to access all records relating to the April 4 appointment."*(THIS WAS ALREADY LITIGATED PREVIOUSLY*). **Irrespective of the fact that the Court already denied Delta's previous request for "a HIPAA release authorizing Delta to access all records relating to the April 4 appointment,"***the Court also has no subject matter jurisdiction over this satellite issue to even grant Delta"a HIPAA release authorizing Delta to access all records relating to the April 4 appointment,"*

PLAINTIFF'S RESPONSE TO ECF#149

*as Delta has no standing to litigate this satellite issue*. Nevertheless, and even on its own initiative, assuming the Court ever had subject matter jurisdiction over Delta's manufactured satellite issue, the Court must limit the frequency or extent of proposed discovery that is irrelevant or disproportional to the needs of the case. Fed. R. Civ. P. 26(b)(2)(C)(iii). Parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Assuming there were subject matter jurisdiction, **Opposing Counsel failed to meet the legal standard to seek discovery into Plaintiff's privileged medical records as Plaintiff's medical treatment on 4/4/25 and records of treatment are not discoverable.** Parties may only obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Defendant has no legal or factual basis or reason to go on a general 'fishing expedition" into Plaintiff's protected, privileged medical records, as these medical records are not "relevant to any party's claim or defense and proportional to the needs of the case."See Nixon, 418 U.S. at 699-700; accord Bowman Dairy, 341 U.S. at 219-22. Finally , the Court has no subject matter jurisdiction to litigate Defendant's manufactured satellite issue (4/4/25 medical appointment which would allow the Court to grant order releasing HIPAA privileged medical records.) see Lightfoot v. Cendant Mortg. Corp., 137 S. Ct. 553, 562 (2017) ("A court must have the power to decide the claim before it (subject-matter jurisdiction) and the power over the parties before it (personal jurisdiction) before it can resolve a case."); V. L. v. E. L., 136 S. Ct. 1017, 1020-21 (2016); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 90 (1998); Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365 (1978).This Court has no subject matter jurisdiction to even entertain Defendant's requests as they don't relate the merits or "matter in issue before it."A federal court lacks jurisdiction "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue before it." Church of Scientology v. United States, 506 U.S. 9, 12 (1992);*Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1531 (2013). Costello v. United States, 365 U.S. 265, 285 (1961) (noting the "fundamental jurisdictional defects which render a judgment void . . . such as lack of jurisdiction over the person or subject matter"); Thomas P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica, 614 F.2d 1247, 1255 (9th Cir. 1980) ("It is well-established that a judgment entered without personal jurisdiction over the parties is void."). See, e.g., Phillips Petro. Co. v. Shutts, 472 U.S. 797, 805 (1985) ("[A] judgment issued without proper personal jurisdiction over an absent party is not entitled to full faith and credit elsewhere and thus has no res judicata effect as to that party."); See, e.g., Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430–31 (2007) ("Steel Co. v. Citizens for Better Environment, 523 U.S. 83 (1998), clarified that a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction). See id. at 93–102. 'Without jurisdiction the court cannot proceed at all in any cause'; it may not assume jurisdiction for the purpose of deciding the merits of the case. Id. at 94."). What claim

or defense is Defendant litigating ?  What claim or federal statute is Defendant presumptively attempting to litigate here regarding April 4 medical records?   Defendant has the burden of proving the Court has subject matter jurisdiction over this satellite issue Defendant is litigating and Defendant failed to meet their burden in establishing subject matter jurisdiction over this satellite issue. Federal courts are presumptively without jurisdiction over all civil actions, especially -all non Federal claims and statutes not authorized by Congress. Kokkonen v. Guardian Life Ins. 13 Co., 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994) . Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases authorized by the United States Constitution and Congress. Generally, those cases involve diversity of citizenship or a federal question, or cases in which the United States is a party. Kokkonen v. Guardian Life Ins.Co., 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994); Finley v. United States, 490 U.S. 545, 109 S.Ct.2003, 2008 (1989).  Defendant has not met its burden in establishing subject matter jurisdiction over April 4, 2025 medical appointment for the Court to have jurisdiction over this issue and Defendant has not established how April 4 Medical records are relevant to this case, to any claims or defenses in this case, and what federal statute is involved for the Court to have subject matter jurisdiction. Plaintiff has no obligation to be harassed with the constant re-litigation of these same redundant, frivolous , meritless satellite issues, which Court has no jurisdiction over. Why are we only litigating April 4 medical appointment? How did this case all of sudden transform solely into a case about some unknown claim regarding Plaintiff's April 4 medical appointment?

## CONCLUSION

For the reasons stated above, the Court must deny all of Defendant's old requests(____which are rendered moot as per the Court's previous orders, which the Court never amended)and the Court must deny all of Defendant's new requests(….).  Once again, the Court has no subject matter jurisdiction to entertain Defendant's litigation of Plaintiff's privileged & confidential April 4, 2025 medical treatment procedure with her doctor, as Delta and/or all Defendants have NO STANDING to litigate any claims and/or defenses relating to Plaintiff's April 4, 2025 medical appointments, medical treatments & procedures. Respectfully submitted,
Date: 5/25/2025                                        _____/s/ _____

ERIKA L. LEE, the PLAINTIFF(proceeding as PRO SE)

**AFFIRMATION OF SERVICE**

I, Erika L. Lee, declare under penalty of perjury that on 05/25/2025, I served a copy of the attached:

"PLAINTIFF'S REPLY…to ECF#149" upon all other parties in this case by email to

Michael.fleming@morganlewis.com and by USPS mail to the following person: MICHAEL

FLEMING,  c/o MORGAN LEWIS LAW FIRM, 101 Park Ave, New York, NY 10178-0060. Date:

5/25/2025               _____/s/_____

ERIKA L. LEE, the PLAINTIFF(proceeding as PRO SE

PLAINTIFF'S RESPONSE TO ECF#149