Erika Lee
20 Confucius Plaza #10K
New York, NY, 10002
646-552-8394. Email: leeerikalatise@gmail.com
ERIKA LEE, PRO SE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **ERIKA LEE** | <u>CASE:1:22-cv-08618-DEH-RWL</u> |
| Plaintiff, Pro Se | **RESPONSE & OBJECTION TO DELTA'S LETTER-MOTION in ECF#152; REQUEST TO RE-OPEN DISCOVERY REQUEST FOR LEAVE TO FILE RULE 55 MOTION AGAINST NON-APPEARING DEFENDANTS** |
| -against | |
| **DELTA AIR LINES, INC., DAVID NEEDHAM & JOSE ROSADO** | |
| Defendants | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**RESPONSE & OBJECTIONS TO ECF#152**



Dear Honorable Judge Ho,

Plaintiff opposes and objects Delta's letter-motion request in ECF#152, filed on 07/18/2025 to file a Motion for Summary Judgment within 30 days since Delta, on the **VERY SAME DAY** of 07/18/2025, served Plaintiff with **Amended Initial Disclosures**, whereby Delta added brand **new, additional witnesses** to this case, which Plaintiff never knew of and never had any opportunity to seek any discovery on any alleged dispositive facts pertaining to these new alleged witnesses. Plaintiff attached, as Exhibit A, a copy of Delta's 07/18/2025 Amended Initial Disclosures, which establishes the legal standard of good cause, for Plaintiff's request to re-open discovery. Moreover, Plaintiff amended her initial disclosures to add Dr. Robins, who Delta was aware of at all times and should've had medical records from Dr. Robins. Thus, Delta may also want to re-open discovery to potentially seek discovery on Dr. Robins.

"A party seeking to reopen discovery bears the burden of establishing good cause and discovery should not be extended when there was ample opportunity to pursue the evidence during discovery." Moroughan v. County of Suffolk, 320 F. Supp. 3d 511, 514 (E.D.N.Y. 2018) (internal quotation marks and citations omitted). "[W]here there has been 'a fully adequate opportunity for discovery' [the trial court] may consider whether additional discovery would produce dispositive evidence." Jacobs v. N.Y. City Dept. of Educ., No. 11-CV-5058 (MKB) (RML), 2015 WL 7568642, at *3 (E.D.N.Y. Nov. 24, 2015) (emphasis added) (quoting Trebor Sportswear Co., Inc. v. The Limited Stores, Inc., 865 F.2d 506, 511-12 (2d Cir. 1989)). Courts apply a six-part test when faced with an eleventh-hour request like this one to re-open discovery: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." Moroughan, 320 F. Supp. 3d at 515; United States v. Prevezon Holding, Ltd., 236 F. Supp. 3d 871, 873 (S.D.N.Y. 2017). Here, there has never been any ample opportunity for discovery on these new witnessed before trial. Because on 07/18/2025, Delta added last minute, brand new witnesses in their Initial Disclosures and never gave Plaintiff "ample opportunity to pursue the evidence during discovery," Plaintiff has established the requisite good cause to reopen discovery at this late stage. Furthermore, these new witnesses Delta added will be submitting dispositive evidence in Declarations in Delta's

**RESPONSE & OBJECTIONS TO ECF#152**

Motion for Summary Judgment, which Plaintiff never had any discovery, which yield dispositive warrants re-opening discovery on Delta's brand new witnesses. . (See **Exhibit A** attached which is Delta's 07/18/2025 Amended Disclosures). In sum, new alleged dispositive facts from new alleged witnesses has arisen by Delta that justifies re-opening discovery solely for discovery on these new witnesses and all alleged facts pertaining to these new witnesses. Weighing the relevant factors and Delta's own newly amended Initial Disclosures on 07/18/2025(*see Exhibit A*), the Court must re-open discovery in the interests of justice.

### REQUEST TO FILE RULE 55 MOTION FOR DEFAULT JUDGMENT AGAINST PROPERLY SERVED BUT NON-APPEARING DEFENDANTS ROSADO & NEEDHAM

Plaintiff seeks leave to file a Rule 55 Default Judgment against non-appearing Defendants Rosado & Needham, who were properly served summons and complaint, were served all discovery, but failed at all time to defend all claims against them and Delta's attorneys stated on the record that Delta is NOT INDEMNIFYING Defendants Rosado and Needham. The record is undisputed that these 2 defendants were served and these 2 Defendants are currently in default in this case, as these 2 defendants do not deny they were served and signed affidavits that they were properly served.(See ECF#70, 71, 72). At this point, discovery has closed and Plaintiff now seeks leave to file a Rule 55 default motions for these 2 defendants who were served and failed to defend all claims against them. see *Ming v. 2317 Omiya Sushi, Inc*., No. 19-CV-298-FB-SJB (E.D.N.Y. Apr. 5, 2021): *Gesualdi v. MMK Trucking, Inc*., No. 09-CV-1484, 2010 WL 3619569, at *5 (E.D.N.Y. Aug. 24, 2010).

### CONCLUSION

For the reasons set forth above, the Court must deny without prejudice Delta's request to file a Motion for Summary Judgment at this time, as Delta concedes in Delta's own newly amended Initial Disclosures on 07/18/2025(see Exhibit A attached) that there are new alleged dispositive facts and new alleged witnesses which Plaintiff never had any opportunity to seek discovery on. Thus, the most grant Plaintiff's request to re-open discovery. The Court must also grant Plaintiff's request to file a Rule 55 Motion for Default Judgment on the Non-Appearing Defendants(Rosado & Needham).

Date: 7/20/2025                     _____/s/_____

ERIKA L. LEE, the PLAINTIFF(proceeding as PRO SE)

**RESPONSE & OBJECTIONS TO ECF#152**





IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIKA LEE, <br><br> Plaintiff, <br><br> v. <br><br> DELTA AIR LINES, INC., DAVID NEEDHAM & JOSE ROSADO, <br><br> Defendants. | Civil Action No.: 1:22-cv-8618-DEH-RWL |

## DEFENDANT'S AMENDED RULE 26(a)(1) INITIAL DISCLOSURES

Defendant Delta Air Lines, Inc. ("Defendant" or "Delta"), by and through their undersigned counsel, Morgan, Lewis & Bockius LLP, hereby provide amended initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Defendant's disclosures are based on their investigation and discovery to date of facts and circumstances related to the allegations in this action. Defendant reserves the right to amend, supplement, or modify these disclosures as their investigation continues.

## GENERAL STATEMENT

1. By providing information pursuant to any provision of Fed. R. Civ. P. 26(a)(1), Defendant does not concede the materiality of the subject to which they refer. Defendant's disclosures are made expressly subject to, and without waiving or intending to waive, any questions or objections as to the competency, relevancy, materiality, privilege, or admissibility as

1

Scanned with CamScanner

    2.      Danielle Kruit. General Manager, Human Resources, East Region. Ms. Kruit is likely to have discoverable information regarding the allegations of the SAC and Delta's defenses to Plaintiff's allegations and claims, including information related to Plaintiff's alleged internal complaints of discrimination and harassment and Plaintiff's alleged requests for accommodation.

    3.      Kelly Nabors. Manager, Equal Opportunity Department. Ms. Nabors is likely to have discoverable information regarding the allegations of the SAC and Delta's defenses to Plaintiff's allegations and claims, including information related to Plaintiff's alleged internal complaints of discrimination and harassment and Plaintiff's alleged requests for accommodation.

    4.      Henrietta Archie. Lead Program Manager, Equal Opportunity Department. Ms. Archie is likely to have discoverable information regarding the allegations of the SAC and Delta's defenses to Plaintiff's allegations and claims, including information related to Plaintiff's alleged internal complaints of discrimination and harassment, Plaintiff's alleged requests for accommodation, and Plaintiff's alleged suspension in or around April 2019.

Defendant's investigation continues. Defendant reserves the right to identify additional potential witnesses and supplement its disclosures pursuant to Fed. R. Civ. P. 26(e)(1).

**B.**    <u>**DOCUMENTS DEFENDANT MAY USE TO SUPPORT ITS DEFENSES**</u>

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), Defendant has identified the following categories of non-privileged documents, electronically stored information, and/or tangible things in the possession, custody, or control of Defendant that it may use to support its defenses to Plaintiff's claims:

    1.    All pleadings on file with the Court in connection with this action;

    2.    Non-privileged documents relating to Plaintiff's employment with Delta, including her personnel file, attendance, leave, and payroll records;



evidence or for any other purpose, of any of the information produced or identified, in any proceeding including the trial of this action or any subsequent proceeding.

2.      Defendant objects to the provisions of Fed. R. Civ. P. 26(a)(1) to the extent that they demand information or documents that are protected from disclosure under the attorney-client privilege or work-product doctrine.

3.      Identification of any document that is privileged or is otherwise immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of Defendant's rights to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4.      Defendant is continuing to search for documents and information relevant to this litigation and therefore reserve the right to amend, supplement, or modify its responses to each provision of Fed. R. Civ. P. 26(a)(1), if necessary. Defendant also reserves the right to object to the future disclosure of any such documents and/or information.

A. **INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION THAT DEFENDANT MAY USE TO SUPPORT ITS DEFENSES**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), Defendant has identified the following individuals, aside from Plaintiff Erika Lee ("Plaintiff"), who are reasonably likely to have discoverable information that Defendant may use to support its defenses and who, along with all other witnesses employed by Defendant, may be contacted through undersigned counsel:

1.      Bernadette Tamasi. Red Coat, Sky Club, LaGuardia International Airport ("LGA"). Ms. Tamasi is likely to have discoverable information regarding the allegations of the SAC and Delta's defenses to Plaintiff's allegations and claims, including information related to Plaintiff's employment in New York.

3. Non-privileged documents relating to any investigation of complaints made by or against Plaintiff;

4. Non-privileged documents relating to Plaintiff's termination from Delta;

5. Relevant Delta policies and procedures;

6. Non-privileged documents relating to Plaintiff's alleged damages, including compensation and benefits documents;

7. Documents filed by Plaintiff in the action previously pending in the United States District Court for the Central District of California, captioned *Erika L. Lee v. Delta Air Lines, Inc., et al.*, Case No. 2:20-cv-08754-CBM-JEM; and

8. Any documents disclosed through discovery or through filings of the Parties.

Defendant's investigation continues. Defendant reserves the right to identify additional potential categories of documents, electronically stored information, and/or tangible things and supplement its disclosures pursuant to Fed. R. Civ. P. 26(e)(1).

C. **DAMAGES**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii), Defendant responds that it does not claim damages in this action, but it reserves the right to seek attorney's fees, costs, and expenses incurred in defending this matter to the extent that it prevails on some or all claims.

D. **INSURANCE**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iv), Defendant does not believe that based upon the facts alleged, there is a policy under which it would submit this action.

In accordance with Federal Rule of Civil Procedure 26(e), Defendant will supplement or correct the above disclosures to include information subsequently acquired if, based on that information, it is determined that the above-disclosed information is incomplete or incorrect in


Scanned with CamScanner

some material respect and if the additional or correct information is not otherwise made known to Plaintiff during the discovery process or in writing.

E. **SUPPLEMENTATION**

In accordance with Rule 26(e) of the FRCP, Defendant will supplement or correct the above disclosures to include information subsequently acquired if, based on that information, it is determined that the above-disclosed information is incomplete or incorrect in some material respect and if the additional or correct information is not otherwise made known to Plaintiff during the discovery process or in writing.

Dated: July 18, 2025

**MORGAN LEWIS & BOCKIUS LLP**

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Ira G. Rosenstein*
Ira G. Rosenstein
Michael F. Fleming
101 Park Avenue
New York, NY 10178
Tel: 212.309.6000
ira.rosenstein@morganlewis.com
michael.fleming@morganlewis.com

*Counsel for Defendant Delta Air Lines, Inc.*



## AFFIRMATION OF SERVICE

I, Erika L. Lee, declare under penalty of perjury that on 7/20/2025, I served a copy of the attached: ***"RESPONSE & OBJECTION TO DELTA'S LETTER-MOTION in ECF#152; REQUEST TO RE-OPEN DISCOVERY REQUEST FOR LEAVE TO FILE RULE 55 MOTION AGAINST NON-APPEARING DEFENDANTS"*** upon all other parties in this case by email to michael.fleming@morganlewis.com and by USPS mail to the following persons: MICHAEL FLEMING, c/o MORGAN LEWIS LAW FIRM, 101 Park Ave, New York, NY 10178-0060.

Date: 7/20/2025                    _____/s/_____

ERIKA L. LEE, the PLAINTIFF(proceeding as PRO SE)

