## Morgan Lewis

**Michael F. Fleming**
Associate
+1.212.309.6207
michael.fleming@morganlewis.com

July 24, 2025

**VIA ECF**

Hon. Robert W. Lehrburger, USMJ
United States District Court for the Southern District of New York
500 Pearl St., Courtroom 1960
New York, NY 10007-1312

Re:   *Lee v. Delta Air Lines, Inc.*, **Case No. 1:22-cv-08618-DEH-RWL**

Your Honor:

We represent Defendant Delta Air Lines, Inc. ("Delta") in the above-referenced action. We write in response to Plaintiff's submission of July 21, 2025 ("Plaintiff's Letter"; Dkt. 152) wherein Plaintiff purports to respond to Delta's letter, dated July 18, 2025, notifying the Court of its intention to file a motion for summary judgment ("Delta's Letter"; Dkt. 151). Plaintiff's Letter also requests that the Court (A) re-open discovery—which closed for Plaintiff on April 15, 2025, i.e., three months ago—to take unspecified discovery regarding an individual who has been known to Plaintiff since she was employed by Delta; and (B) grant her leave to file a motion pursuant to Federal Rule of Civil Procedure ("Rule") 55 for default judgment against former Delta employees and purported individual defendants, Jose Rosado and David Needham, whom Plaintiff never properly served in this Action. For the reasons detailed herein, such relief is unwarranted. Further, as detailed herein, Plaintiff's continued discovery misconduct warrants sanctions from the Court.

I.   **Plaintiff's Request to Re-open Discovery Should Be Denied.**

In the course of preparing its anticipated Motion for Summary Judgment, on July 18, 2025, Delta identified Delta employee Henrietta Archie as an individual whom Delta may use to support its defenses in this action. Upon identifying Ms. Archie, Delta promptly served amended initial disclosures upon Plaintiff in accordance with its continuing obligations under Rule 26(e). Plaintiff's Letter now requests that the Court re-open discovery on the grounds that Delta has "added brand new additional witnesses to this case, which Plaintiff never knew of and never had any opportunity to seek any discovery on any alleged dispositive facts pertaining to these new alleged witnesses." Plaintiff's Letter at 2. Besides this gross misstatement of the facts, Plaintiff provides no basis for her requested relief and such relief is plainly unwarranted.

Contrary to Plaintiff's representation, Delta's recent and only amendment to its initial disclosures was solely to identify Ms. Archie, of whom Plaintiff has *at all times* been aware. During discovery, Delta produced a number of emails between Plaintiff and Ms. Archie. In her Interrogatory Responses, Plaintiff identified Ms. Archie as an individual whom Plaintiff: (1) believes possessed information relevant to this Action; (2) has obtained, will obtain, or has sought to obtain a written statement from; and (3) may call as a witness at trial. *See* Exhibit A. Critically, Plaintiff testified at length during her deposition regarding Ms. Archie's purported knowledge of Plaintiff's internal complaints of discrimination and alleged adverse actions directed toward Plaintiff. *See, e.g.*, Ex.

*Lee v. Delta Air Lines, Inc.*
July 24, 2025
Page 2

B at 252:13-15 ("[Ms. Archie] said Erika, you're being suspended because you are reporting workplace, hostile workplace, sex race discrimination and hostile work environment."); *see also, e.g.*, *id.* at 126:16-128:21, 250:24-254:11. Indeed, Ms. Archie's name was mentioned a total of ninety-one times during Plaintiff's deposition, which was not completed until June 26, 2025. It was not until after Delta understood the scope of Plaintiff's allegations about Ms. Archie that it could assess whether Ms. Archie's testimony would be needed to present Delta's defenses. Once Delta made that determination, it identified Ms. Archie on its Rule 26(a) disclosures. There is plainly no merit to Plaintiff's contention that "there has never been any ample opportunity for discovery on these new witnessed [sic] before trial," and Plaintiff's Letter is devoid of any plausible explanation as to what additional discovery she now intends to seek from Delta or why she failed to seek this discovery previously. Plaintiff's Letter at 2. Plaintiff had every opportunity to seek discovery regarding Ms. Archie – or any other individual witness she so desired – and she chose not to do so. Plaintiff's request to re-open discovery at this late stage is unavailing and should be denied.

## II.     Plaintiff's Request for Leave to Seek a Default Judgment Should Be Denied.[1]

Plaintiff's Letter also seeks leave to file a motion for default judgment against purported Individual Defendants Mr. Rosado and Mr. Needham for failure to appear. However, Mr. Rosado and Mr. Needham were never properly served with the summons and complaint in this Action and are thus not proper defendants over whom this Court has personal jurisdiction. Plaintiff's service was insufficient because Plaintiff never requested that the Court issue summons as to Mr. Rosado or Mr. Needham. As a result, the summonses purportedly served upon these individuals were not signed by the clerk and do not bear the Court's seal, in clear violation of Rule 4(F) and (G). (*See* Dkt. 71 at 6; Dkt. 72 at 6). Plaintiff cannot feign ignorance to the Federal Rules, "having been chastised many times for violations in her previous case in federal Court in California, which was dismissed for failing to comply with such rules." (Dkt. 89). Moreover, Delta identified this specific defect in its July 26, 2023 submission to the Court, immediately prior to Plaintiff's second attempts at service of process on Mr. Needham and Mr. Rosado. (Dkt. 64 (noting that "the Court has not issued summonses as to either Mr. Needham or Mr. Rosado" (emphasis in original)); *see also* Dkt. 73 and 74). Given Plaintiff's failure to properly effect service upon Mr. Rosado and Mr. Needham, and the resulting lack of personal jurisdiction, the Court should deny Plaintiff leave to file a motion for default judgment. *See BASF Corp. v. Original Fender Mender, Inc.*, No. 23-cv-2796, 2023 WL 8853704, at *5 (E.D.N.Y. Dec. 22, 2023), *R&R adopted* (Jan. 9, 2024) ("A court may not enter default judgment 'unless it has jurisdiction over the person of the party against whom the judgment is sought, which also means that he must have been effectively served with process.'").

## III.     Plaintiff's Continued Discovery Misconduct Warrants Sanction.

On Sunday, July 20, 2025, Plaintiff emailed Delta purported "amended" initial disclosures, "amended" responses to Delta's interrogatories, and "amended" responses to Delta's requests for production of documents. In these amended disclosures, and in her cover email, Plaintiff purported to identify new medical providers, "Dr. Robbins" or "Robins" and "Antonella," whom she claims treated her in connection with her alleged emotional distress. *See* Exs. C, D, E, F. Specifically,

---

[1] Counsel for Delta does not and has never represented Mr. Rosado or Mr. Needham in relation to this Action. Nonetheless, Delta addresses this issue for clarity of the matter.

**Lee v. Delta Air Lines, Inc.**
July 24, 2025
Page 3

Plaintiff further claims she intends to "us[e] [Plaintiff's] testimony and medical records from Dr. Robins in this case." *See* Ex. C. Plaintiff's Letter additionally suggests that "Delta may also want to re-open discovery to potentially seek discovery from Dr. Robins." Plaintiff's Letter at 2. The Court has made clear to Plaintiff that, "[t]o the extent [she is] claiming any injuries or harm, either mentally or physically, [she] need[s] to identify any of the medical professionals or health professionals [she] ha[s] gone to about those concerns[.]" Dkt. 138 ("The Court: Do you understand that? Ms. Lee: Yes, Your Honor."). The Court also ordered Plaintiff to provide Delta with a verified amended interrogatory response that either "(a) confirms that the only medical provider from whom Plaintiff sought treatment, either physical or psychological, in connection with her claims in the instant action from January 13, 2017, to the present is Dr. Mark Michaels or Dr. Mark Michael; or (b) identifies all such medical providers in addition to Dr. Mark Michael(s)[.]" (Dkt. 137). The Court further advised Plaintiff that, "[f]ailure to comply with the foregoing *will result in sanctions*, which may include adverse inferences, dismissal of her case, or any other sanctions that are warranted under the circumstances." *Id.* (emphasis added).

In contravention of this Court's orders and the Federal Rules, Plaintiff has repeatedly misrepresented in correspondence with counsel for Delta and in sworn submissions and testimony before this Court that she has fully disclosed all relevant treating medical providers. *See, e.g.*, Ex. B at 355:13-20 ("Q: Did you seek treatment from any doctors for the alleged emotional distress? A: Objection. I am, I have. Q: Which doctors? A: I have seen Dr. Shah and I've seen Dr. Michaels. Q: Any other doctor? A: Objection. No."); Ex. H at 28:5-11(Q: "Have you ever received treatment from a medical provider for the alleged emotional distress?" A: Yes, I have. Dr. Shah and Dr. Michaels, you have my medical records from them. Q: Any other doctors? A: No."); Ex. I ("There are no other doctors who treated me for any injuries for any claims that are currently proceeding through discovery in this case."); Ex. J ("All of my interrogatory responses were complete and I gave you all potential witness names . . . I will get my HIPAA medical release for my one and only doctor notarized. THERE ARE NO OTHER DOCTORS RELEVANT!" (emphasis in original)).

Delta has been exceedingly diligent in pursuing information from Plaintiff regarding all doctors from which she received medical care relating to her claims for emotional distress damages. Delta's efforts have been repeatedly impeded by Plaintiff's sustained evasive behavior throughout the discovery process, particularly regarding the disclosure of medical information. Despite Delta's diligence, Plaintiff appears to have taken affirmative steps to conceal until after the close of discovery the name of a doctor for whom she now claims treated her for mental disabilities from 2018-2021 and from whom she intends to introduce evidence to support her claims in this Action. *See* Ex. C. Plaintiff's inexcusable failure to comply with the Court's February 4, 2025 Order, and with her obligations under the Federal Rules is only the latest example of a litany of discovery misconduct by Plaintiff and comes after repeated warnings from the Court regarding the consequences of such misconduct. *See, e.g.,* Dkt. 89 ("In short, Plaintiff has shown no respect for the rules imposed in federal courts, including before this Court."); Dkt. 93 (noting "Plaintiff's blatant and repeated violation of the Court's rules," and "flagrant defiance of the Court's rules and orders."); *id.* ("Plaintiff is warned that further vexatious conduct and violation of court rules may result in sanctions, including dismissal of the case with prejudice."); *see also supra* at 3 (quoting Feb. 4, 2025 Order). Based on this misconduct, Delta respectfully requests that the Court dismiss Plaintiff's case, with prejudice, given her continued willful non-compliance with this Court's orders and the Federal Rules. Alternatively, Delta requests that the Court prohibit Plaintiff from

**Lee v. Delta Air Lines, Inc.**
July 24, 2025
Page 4

seeking any emotional distress damages in this Action due to her behavior relating to the disclosure of healthcare provider information relevant to such damages. Fed. R. Civ. P. 37(b) (authorizing sanctions for failure to comply with a discovery order); Fed. R. Civ. P. 37(c) (authorizing sanctions for failure to disclose, supplement disclosures, or admit).

*   *   *

Delta respectfully requests a conference regarding the matters addressed herein. We thank the Court in advance for its consideration of Delta's submission.

Respectfully submitted,

*/s/ Michael F. Fleming*

Michael F. Fleming

C: Plaintiff (via ECF; email)

Enclosures