# EXHIBIT A

Erika Lee
20 Confucius Plaza #10K
New York, NY, 10002
646-552-8394. Email: leeerikalatise@gmail.com
ERIKA LEE, PRO SE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **ERIKA LEE** | <u>CASE:1:22-cv-08618-DEH-RWL</u> |
| Plaintiff, Pro Se | **PLAINTIFF'S SECOND AMENDED VERIFIED OBJECTIONS & RESPONSES TO DEFENDANT'S INTERROGATORIES(SET 1)** |
| -against | |
| **DELTA AIR LINES, INC., DAVID NEEDHAM & JOSE ROSADO** | |
| Defendants | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

### RESPONSE TO FEBRUARY 4, 2025 COURT ORDER

PLAINTIFF IS NOT SUING FOR "PHYSICAL" INJURIES. ALSO, THE COURT DISMISSED PLAINTIFF'S NEGLIGENCE CLAIM.

    1. The only medical provider from whom Plaintiff sought psychological treatment n connection with her claims in the instant action from January 13, 2017, to the present is "Dr. Mark Michaels at Premier Psychological, 5500 E Atherton St Long Beach, California 90815, (562) 212-6500 and Dr. Nimish Shah, 21520 Pioneer Blvd, #202, Hawaiian Gardens, CA, 98716. (562) 482-2811.

    2.. (a)Plaintiff applied to jobs at Delta in 2021, but Plaintiff does not currently have any documents and communications relating to the applications for employment she has submitted to Delta rom May 1, 2021, to the present.
(b) Plaintiff has not received any "income" from any other source since May 1, 2021.

### AMENDED VERIFIED RESPONSES TO DELTA'S INTERROGATORIES

it would cost to procure and produce these documents, and the parties can agree on the cost of such a production.

47. Plaintiff objects to these interrogatories and/or Requests for Production because they are so broad, uncertain, and unintelligible that the plaintiff cannot determine the nature of the information sought. Therefore, plaintiff cannot provide an answer.

48. Plaintiff objects to these interrogatories and/or Requests for Production because they call for pure conjecture and speculation.

49. Plaintiff objects to these interrogatories and/or Requests for Production because they call for plaintiff to make a legal conclusion.

50. Plaintiff objects to these interrogatories and/or Requests for Production because they are vague, ambiguous, argumentative, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

## PLAINTIFF'S AMENDED OBJECTIONS & RESPONSES TO DEFENDANT'S INTERROGATORIES(SET 1)

**DEFENDANT DELTA'S INTERROGATORY NO. 1:**

Identify each person who is known, or believed by you, to possess knowledge or information that is or may be relevant to this Action, including any claims or defenses asserted by the parties in the Action.

**PLAINTIFF'S OBJECTIONS & RESPONSES TO DEFENDANT DELTA'S INTERROGATORY NO. 1:**

In addition to the foregoing General Objections stated above and incorporated herein, Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks irrelevant information and Defendant is going on a fishing expedition. Plaintiff further objects to this Request on the grounds that it is imprecise and/or lacking sufficient particularity. Plaintiff further objects to this Request on the grounds that it is disproportional to the needs of the case such that the burden and expense of responding outweigh the likely benefit. Plaintiff further objects to this Request on the grounds that it seeks documents that are not in Plaintiff's possession, custody and/or control. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client, attorney work product and/or other applicable privileges. Defendant further objects to this Request on the grounds that it is not reasonably limited in temporal scope. Plaintiff further object to this Request on the grounds that it seeks confidential, proprietary, or business information about Plaintiff. Plaintiff further objects to this Request on the grounds that it seeks confidential information regarding individuals who are not parties to this action, the disclosure of which would violate the privacy interests of such individuals. Plaintiff further objects to this Request on the grounds that it is vague, speculative, premature, conclusory, and ambiguous in its use of the terms "Identify each person who is known, or believed by you, to possess knowledge or information that is or may be relevant to this Action, including any claims or defenses asserted by the parties in the Action," as Plaintiff already identified all individuals and Defendants have not specifically listed, named, stated, articulated their affirmative defenses."

**AMENDED VERIFIED RESPONSES TO DELTA'S INTERROGATORIES**

Subject to and without waiving the foregoing General and specific objections, and subject to a Protective Order that will be entered by the Court, Plaintiff lists Dr. Michael's and Dr. Michael's office, Bernadette Tamasi, allegedly Jose Rosado, Ashely Rangel, Kelly Nabors, Danielle Kruit, Mayra Amezquita(witness), "Dr. Mark Michaels at Premier Psychological, 5500 E Atherton St Long Beach, California 90815, (562) 212-6500 and Dr. Nimish Shah, 21520 Pioneer Blvd, #202, Hawaiian Gardens,CA, 98716. (562) 482-2811, perhaps Aasir Azzarmi, perhaps unknown Doe Delta employees, Henrietta in EO and/or Delta EO representatives in HR who Plaintiff made a complaint to on the approximate April 19, 2019 scheduled phone call. After a reasonable diligent search, no other individual have been found that have not already been produced by Plaintiff to Defendant. Additionally,. Plaintiff further objects to this request on the grounds that it is not reasonably limited in temporal or geographic scope. Plaintiff further objects to this Interrogatory on the grounds that it calls for a legal conclusion and for an answer that is outside the scope of appropriate factual inquiry. Plaintiff further objects to this request to the extent it seeks information that is neither relevant to the claims and defenses of this matter nor proportional to the needs of the case. Plaintiff further objects to this Request on the grounds that it is irrelevant insofar as it relates to claims in this Action that have been dismissed. Plaintiff further objects to this Interrogatory on the grounds that the Interrogatory seeks confidential information regarding individuals who are not parties to this action, the disclosure of which would violate the privacy interests of such individuals. Plaintiff further objects to this Interrogatory to the extent it seeks information protected by the attorney-client, attorney work product and/or other applicable privileges, and/or doctor-patient privilege.

**DEFENDANT DELTA'S INTERROGATORY NO. 2:**
Identify all facts supporting the allegations in your Complaint that Delta subjected you to sexual harassment and/or a hostile work environment based on your sex and/or gender.

**PLAINTIFF'S OBJECTIONS & RESPONSES TO DEFENDANT DELTA'S INTERROGATORY NO. 2:**
In addition to the foregoing General Objections stated above and incorporated herein, Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks irrelevant information. Plaintiff further objects to this Request on the grounds that it is imprecise and/or lacking sufficient particularity. Plaintiff further objects to this Request on the grounds that it is disproportional to the needs of the case such that the burden and expense of responding outweigh the likely benefit. Plaintiff further objects to this Request on the grounds that it seeks documents that are not in Plaintiff's possession, custody and/or control. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client, attorney work product and/or other applicable privileges. Defendant further objects to this Request on the grounds that it is not reasonably limited in temporal scope. Plaintiff further object to this Request on the grounds that it seeks confidential, proprietary, or business information about Plaintiff. Plaintiff further objects to this Request on the grounds

**AMENDED VERIFIED RESPONSES TO DELTA'S INTERROGATORIES**

In addition to the foregoing General Objections stated above and incorporated herein, Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks irrelevant information. Plaintiff further objects to this Request on the grounds that it is imprecise and/or lacking sufficient particularity and damages are continual in nature and unable to be completely ascertained at this time. Plaintiff further objects to this Request on the grounds that it is disproportional to the needs of the case such that the burden and expense of responding outweigh the likely benefit. Plaintiff further objects to this Request on the grounds that it seeks documents that are not in Plaintiff's possession, custody and/or control, but that are in the possession of Defendant and equally available to Defendant. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client, attorney work product and/or other applicable privileges. Plaintiff further objects to this Request on the grounds that it is not reasonably limited in temporal scope. Plaintiff further object to this Request on the grounds that it seeks confidential, proprietary, or business information about Plaintiff. Plaintiff further objects to this Request on the grounds that it seeks confidential information regarding individuals who are not parties to this action, the disclosure of which would violate the privacy interests of such individuals. Plaintiff further objects to this Request on the grounds that it is vague, speculative, premature, conclusory, and ambiguous in its use of the terms "With respect to the relief you seek in your Complaint, provide the following information: a. b. c. The types and amounts of all monetary recoveries you are seeking;The manner in which you calculated such claimed entitlements to relief; Identify each document that supports, relates, or refers in any way to your requests for relief, or upon which you have relied in calculating your requested relief,"as Defendant is requesting Plaintiff provide legal conclusions. Subject to and without waiving the foregoing General and specific objections, and subject to a Protective Order that will be entered by the Court, Plaintiff will not respond. Plaintiff further objects to this Interrogatory on the grounds that it calls for a legal conclusion and for an answer that is outside the scope of appropriate factual inquiry. Plaintiff further objects to this request to the extent it seeks information that is neither relevant to the claims and defenses of this matter nor proportional to the needs of the case. Plaintiff further objects to this Request on the grounds that it is irrelevant insofar as it relates to claims in this Action that have been dismissed. Plaintiff further objects to this Interrogatory on the grounds that the Interrogatory seeks confidential information regarding individuals who are not parties to this action, the disclosure of which would violate the privacy interests of such individuals. Plaintiff further objects to this Interrogatory to the extent it seeks information protected by the attorney-client, attorney work product and/or other applicable privileges, and/or doctor-patient privilege.

**DEFENDANT DELTA'S INTERROGATORY NO. 12:**

Identify each person from whom you have obtained, will obtain, or sought to obtain a written statement concerning the facts of this Action and identify each written statement.

**AMENDED VERIFIED RESPONSES TO DELTA'S INTERROGATORIES**

**PLAINTIFF'S OBJECTIONS & RESPONSES TO DEFENDANT DELTA'S INTERROGATORY NO. 12:**

In addition to the foregoing General Objections stated above and incorporated herein, Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks irrelevant information. Plaintiff further objects to this Request on the grounds that it is imprecise and/or lacking sufficient particularity. Plaintiff further objects to this Request on the grounds that it is disproportional to the needs of the case such that the burden and expense of responding outweigh the likely benefit. Plaintiff further objects to this Request on the grounds that it seeks documents that are not in Plaintiff's possession, custody and/or control. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client, attorney work product and/or other applicable privileges. Plaintiff further object to this Request on the grounds that it seeks confidential, proprietary, or business information about Plaintiff. Plaintiff further objects to this Request on the grounds that it seeks confidential information regarding individuals who are not parties to this action, the disclosure of which would violate the privacy interests of such individuals. Plaintiff further objects to this Request on the grounds that it is vague, speculative, premature, conclusory, and ambiguous in its use of the terms "Identify each person from whom you have obtained, will obtain, or sought to obtain a written statement concerning the facts of this Action and identify each written statement," as Plaintiff can not speculate about what Plainitff "will" do in the future. laintiff further objects since Defendant alleges to be aware of and/or is already in possession of any of all of the current statements from third parties.Subject to and without waiving the foregoing General and specific objections, and subject to a Protective Order that will be entered by the Court, Plaintiff responds: Dr. Michael's and Dr. Michael's office, Bernadette Tamasi, allegedly Jose Rosado, Ashely Rangel, Kelly Nabors, Danielle Kruit, Mayra Amezquita(witness), Delta EO representative in HR who Plaintiff made a complaint to on the approximate April 19, 2019 scheduled phone call. Plaintiff received a previous statement from Mayra Amezquita, "Dr. Mark Michaels at Premier Psychological, 5500 E Atherton St Long Beach, California 90815, (562) 212-6500 and Dr. Nimish Shah, 21520 Pioneer Blvd, #202, Hawaiian Gardens,CA, 98716. (562) 482-2811, Henrietta in Delta EO, perhaps Aasir Azzarmi, perhaps currently unknown Doe Delta employees. Plaintiff further objects to this Interrogatory on the grounds that it calls for a legal conclusion and for an answer that is outside the scope of appropriate factual inquiry. Plaintiff further objects to this request to the extent it seeks information that is neither relevant to the claims and defenses of this matter nor proportional to the needs of the case. Plaintiff further objects to this Request on the grounds that it is irrelevant insofar as it relates to claims in this Action that have been dismissed. Plaintiff further objects to this Interrogatory on the grounds that the Interrogatory seeks confidential information regarding individuals who are not parties to this action, the disclosure of which would violate the privacy interests of such individuals. Plaintiff further objects to this Interrogatory to the extent it seeks information protected by the attorney-client, attorney work product and/or other applicable privileges, and/or doctor-patient privilege.

**AMENDED VERIFIED RESPONSES TO DELTA'S INTERROGATORIES**

of responding outweigh the likely benefit. Plaintiff further objects to this Request on the grounds that it seeks documents that are not in Plaintiff's possession, custody and/or control. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client, attorney work product and/or other applicable privileges. Plaintiff further object to this Request on the grounds that it seeks confidential, proprietary, or business information about Plaintiff. Plaintiff further objects to this Request on the grounds that it seeks confidential information regarding individuals who are not parties to this action, the disclosure of which would violate the privacy interests of such individuals. Plaintiff further objects to this Request on the grounds that it is vague, speculative, premature, conclusory, and ambiguous in its use of the terms "Identify any lawsuits (other than this lawsuit), claims, grievances, administrative actions, or charges brought by or against you or on your behalf or in which you testified, including, but not limited to, any criminal proceedings, bankruptcy proceedings, administrative proceedings or appeals, claims for workers' compensation or unemployment compensation, or other claims against any other person or entity. In your answer, please identify each, the name and location of the court, agency, or tribunal; the charge, case, file, or court file number; the date on which the administrative or legal proceedings commenced; the names and addresses of each party and their attorneys, and any designation of whether the party was a plaintiff, defendant, respondent, accused, victim, or other role; the nature of the charge, report, complaint, and/or defense; the present status; and if concluded, the final result, and the amount of any settlement or award.," as this is an invasion of privacy and violation of Plaintiff's HIPAA rights.  Subject to and without waiving the foregoing General and specific objections, and subject to a Protective Order that will be entered by the Court, Plaintiff responds that Plaintiff will not respond. Plaintiff further responds that Plaintiff is not aware of any at the moment which Plaintiff can name, besides 1 lawsuit in California against Delta Air Lines, which Delta is already aware of and which Delta filed a motion to dismiss for res judicata. Plaintiff further objects to this Interrogatory on the grounds that it calls for a legal conclusion and for an answer that is outside the scope of appropriate factual inquiry. Plaintiff further objects to this request to the extent it seeks information that is neither relevant to the claims and defenses of this matter nor proportional to the needs of the case. Plaintiff further objects to this Request on the grounds that it is irrelevant insofar as it relates to claims in this Action that have been dismissed. Plaintiff further objects to this Interrogatory on the grounds that the Interrogatory seeks confidential information regarding  Plaintiff and individuals who are not parties to this action, the disclosure of which would violate the privacy interests of such individuals, including Plaintiff. Plaintiff further objects to this Interrogatory to the extent it seeks information protected by the attorney-client, attorney work product and/or other applicable privileges, and/or doctor-patient privilege.

**DEFENDANT DELTA'S INTERROGATORY  NO. 19:**

Identify all persons who you believe you may call as a witness in the trial of this Action.

**AMENDED VERIFIED RESPONSES TO DELTA'S INTERROGATORIES**

**PLAINTIFF'S OBJECTIONS & RESPONSES TO DEFENDANT DELTA'S INTERROGATORY NO. 19:**

In addition to the foregoing General Objections stated above and incorporated herein, Plaintiff objects to this Request on the grounds that it is overbroad, speculative, unduly burdensome, and seeks irrelevant information. Plaintiff further objects to this Request on the grounds that it is imprecise and/or lacking sufficient particularity. Plaintiff further objects to this Request on the grounds that it is disproportional to the needs of the case such that the burden and expense of responding outweigh the likely benefit. Plaintiff further objects to this Request on the grounds that it seeks documents that are not in Plaintiff's possession, custody and/or control. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client, attorney work product and/or other applicable privileges. Plaintiff further object to this Request on the grounds that it seeks confidential, proprietary, or business information about Plaintiff. Plaintiff further objects to this Request on the grounds that it seeks confidential information regarding individuals who are not parties to this action, the disclosure of which would violate the privacy interests of such individuals. Plaintiff further objects to this Request on the grounds that it is vague, speculative, premature, conclusory, and ambiguous in its use of the terms "Identify all persons who you believe you may call as a witness in the trial of this Action," as this is speculative, as Plaintiff does not know what or who Plaintiff will call as a witness in the trial of this action. Subject to and without waiving the foregoing General and specific objections, and subject to a Protective Order that will be entered by the Court, Plaintiff responds that all of the individuals named in the complaint may be called as a witness to trial. Plaintiff responds: Dr. Michael's and Dr. Michael's office, Bernadette Tamasi, allegedly Jose Rosado, Ashely Rangel, Kelly Nabors, Danielle Kruit, Mayra Amezquita(witness), Henrietta in Delta's EO department and/or the Delta EO representative in HR who Plaintiff made a complaint to on the approximate April 19, 2019 scheduled phone call, perhaps Aasir Azzarmi, perhaps unknown Doe Delta employees, and/or Doe Delta passengers. Plaintiff further objects to this Interrogatory on the grounds that it calls for a legal conclusion and for an answer that is outside the scope of appropriate factual inquiry. Plaintiff further objects to this request to the extent it seeks information that is neither relevant to the claims and defenses of this matter nor proportional to the needs of the case. Plaintiff further objects to this Request on the grounds that it is irrelevant insofar as it relates to claims in this Action that have been dismissed. Plaintiff further objects to this Interrogatory on the grounds that the Interrogatory seeks confidential information regarding Plaintiff and individuals who are not parties to this action, the disclosure of which would violate the privacy interests of such individuals, including Plaintiff. Plaintiff further objects to this Interrogatory to the extent it seeks information protected by the attorney-client, attorney work product and/or other applicable privileges, and/or doctor-patient privilege.

**DEFENDANT DELTA'S INTERROGATORY NO. 20:**

Identify each expert who you believe you may call to testify at trial in this lawsuit.

**AMENDED VERIFIED RESPONSES TO DELTA'S INTERROGATORIES**

**PLAINTIFF'S OBJECTIONS & RESPONSES TO DEFENDANT DELTA'S INTERROGATORY NO. 20:**

In addition to the foregoing General Objections stated above and incorporated herein, Plaintiff objects to this Request on the grounds that it is overbroad, speculative, unduly burdensome, and seeks irrelevant information. Plaintiff further objects to this Request on the grounds that it is imprecise and/or lacking sufficient particularity. Plaintiff further objects to this Request on the grounds that it is disproportional to the needs of the case such that the burden and expense of responding outweigh the likely benefit. Plaintiff further objects to this Request on the grounds that it seeks documents that are not in Plaintiff's possession, custody and/or control. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client, attorney work product and/or other applicable privileges. Plaintiff further object to this Request on the grounds that it seeks confidential, proprietary, or business information about Plaintiff. Plaintiff further objects to this Request on the grounds that it seeks confidential information regarding individuals who are not parties to this action, the disclosure of which would violate the privacy interests of such individuals. Plaintiff further objects to this Request on the grounds that it is vague, speculative, premature, conclusory, and ambiguous in its use of the terms "Identify each expert who you believe you may call to testify at trial in this lawsuit." as this is speculative, as Plaintiff does not know what or who Plaintiff will call as a witness in the trial of this action. Subject to and without waiving the foregoing General and specific objections, and subject to a Protective Order that will be entered by the Court, Plaintiff responds that all of the individuals named in the complaint may be called as a witness to trial, and at this time Plaintiff does not believe she will have any experts. Plaintiff further objects to this Interrogatory on the grounds that it calls for a legal conclusion and for an answer that is outside the scope of appropriate factual inquiry. Plaintiff further objects to this request to the extent it seeks information that is neither relevant to the claims and defenses of this matter nor proportional to the needs of the case. Plaintiff further objects to this Request on the grounds that it is irrelevant insofar as it relates to claims in this Action that have been dismissed. Plaintiff further objects to this Interrogatory on the grounds that the Interrogatory seeks confidential information regarding Plaintiff and individuals who are not parties to this action, the disclosure of which would violate the privacy interests of such individuals, including Plaintiff. Plaintiff further objects to this Interrogatory to the extent it seeks information protected by the attorney-client, attorney work product and/or other applicable privileges, and/or doctor-patient privilege.

"I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on 2/10/2025.

Date: 2/10/2025              _____/s/_____
                    ERIKA L. LEE, the PLAINTIFF(proceeding as PRO SE)

**AMENDED VERIFIED RESPONSES TO DELTA'S INTERROGATORIES**