# EXHIBIT D

Erika Lee
20 Confucius Plaza #10K
New York, NY, 10002
646-552-8394. Email: leeerikalatise@gmail.com
ERIKA LEE, PRO SE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **ERIKA LEE** | <u>CASE:1:22-cv-08618-DEH-RWL</u> |
| Plaintiff, Pro Se | **PLAINTIFF'S Fed. R. Civ. P. 26(a)(1)INITIAL DISCLOSURES** AMENDED |
| -against- | |
| **DELTA AIR LINES, INC., DAVID NEEDHAM & JOSE ROSADO** | |
| Defendants | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Plaintiff hereby provide her initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Plaintiff's disclosures are based on her investigation and discovery to date of facts and circumstances related to the allegations in this action. Plaintiff reserves the right to amend, supplement, or modify these disclosures as her investigation continues.

**GENERAL STATEMENT**

1. By providing information pursuant to any provision of Fed. R. Civ. P. 26(a)(1), Plaintiff does not concede the materiality of the subject to which they refer. Plaintiff's disclosures are made expressly subject to, and without waiving or intending to waive, any questions or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the information produced or identified, in any proceeding including the trial of this action or any subsequent proceeding.

PLAINTIFF'S INITIAL DISCLOSURES page 1

2. Plaintiff objects to the provisions of Fed. R. Civ. P. 26(a)(1) to the extent that they demand information or documents that are protected from disclosure under the attorney-client privilege or work-product doctrine.

3. Identification of any document that is privileged or is otherwise immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of Plaintiff's rights to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4. Plaintiff is continuing to search for documents and information relevant to this litigation and therefore reserve the right to amend, supplement, or modify its responses to each provision of Fed. R. Civ. P. 26(a)(1), if necessary. Plaintiff also reserves the right to object to the future disclosure of any such documents and/or information.

**A. INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION THAT PLAINTIFF MAY USE TO SUPPORT HER CLAIMS**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), Plaintiff has identified the following individuals, aside from Plaintiff Erika Lee ("Plaintiff"), who are reasonably likely to have discoverable information that Plaintiff may use to support her claims: [handwritten: Dr. Robbins, Antonella]

1. Bernadette Tamasi. Red Coat, Sky Club, LaGuardia International Airport ("LGA"). Ms. Tamasi is likely to have discoverable information regarding the allegations of the SAC.
2. Danielle Kruit. General Manager, Human Resources, East Region. Ms. Kruit is likely to have discoverable information regarding the allegations of the SAC, including information related to Plaintiff's internal complaints of discrimination and harassment and Plaintiff's requests for accommodation.
3. Kelly Nabors. Manager, Equal Opportunity Department. Ms. Nabors is likely to have discoverable information regarding the allegations of the SAC, including information related to Plaintiff's internal complaints of discrimination and harassment and Plaintiff's requests for accommodation. Plaintiff's investigation continues. Plaintiff reserves the right to identify additional potential witnesses and supplement its disclosures pursuant to Fed. R. Civ. P. 26(e)(1).

**B. DOCUMENTS PLAINTIFF MAY USE TO SUPPORT HER CLAIMS**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), Plaintiff has identified the following categories of alleged "privileged" and non-privileged documents, electronically stored information, and/or tangible things in the possession, custody, or control of Defendants that she may use to support her claims:

1. All pleadings on file with the Court in connection with this action;
2. "Privileged" and Non-privileged documents relating to Plaintiff's employment with Delta, including her personnel file, attendance, leave, and payroll records;
3. "Privileged" and Non-privileged documents relating to any investigation of complaints made by or against Plaintiff;
4. "Privileged" and Non-privileged documents relating to Plaintiff's termination from Delta;
5. Relevant Delta policies and procedures;
6. "Privileged" and Non-privileged documents relating to Plaintiff's alleged damages, including compensation and benefits documents;
7. Any documents disclosed through discovery or through filings of the Parties.
8. Plaintiff's investigation continues. Plaintiff reserves the right to identify additional potential categories of documents, electronically stored information, and/or tangible things and supplement its disclosures pursuant to Fed. R. Civ. P. 26(e)(1).
9. 30(b)(6) deposition transcripts taken of Defendant's 30(b)(6) deponent.
10. Declarations, Affidavits, testimony from other Delta employees (former and/or current).

11. Individuals who may have discoverable information relevant to disputed facts alleged with particularity in the pleadings.All the individuals whose names were mentioned in the operative complaint may have discoverable information relevant to disputed facts alleged with particularity in the pleadings.These disclosures do not include the names of any potential experts. Plaintiff will produce information relating to experts as may be appropriate under Federal Rule of Civil Procedure 26(a)(2) at the times provided by that Rule or any supervening order of the Court. These disclosures do not constitute waiver of any privileges or objections and are without prejudice to any other issue or argument.

12. .All documents attached to operative complaint, all documents, communications, emails with Plaintiff's name on it that are in the possession of Delta Air Lines, Inc., all emails mentioning Erika Lee to and from all Defendants and/or from any and/or all Delta employees, managers, agents, Sedgwick CMS, etc., including but not limited to all Defendants, Kelly Nabors, all documents relating to Plaintiff's hiring, all documents relating to all adverse employment actions, all documents relating to suspensions in 2021, all documents relating to Plaintiff's termination, all documents relating to Plaintiff's COVID leave, workers compensation leaves, disability leaves, all documents relating to Plaintiff's promotion to full time employee in July 2021, all documents relating to EEOC discrimination complaints, all documents relating to any complaints Plaintiff made to all Defendants, all documents relating to Sedgwick CMS, all documents relating to Plaintiff's workers comp injuries, all documents relating to Plaintiff's requests for reasonable accommodation for Plaintiff's disability, all documents relating to Plaintiff's complaints of discrimination to Delta Air Lines, Inc. and/or any government agencies and/or First Amendment petitioning activity, all documents attached to operative complaint.

C. DAMAGES
Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii), Plaintiff seeks damages of $20,000,000.00.  Plaintiff objects to Defendant alleged "right to seek attorney's fees, costs, and expenses incurred in defending this matter to the extent that it prevails on some or all claims," as this is a civil rights case.

D. INSURANCE
Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iv), Plaintiff  asserts that Defendants are "self insured" and has no third party insurance policy for workers compensation or anything involving employees(STD & LTD).

E. SUPPLEMENTATION
In accordance with Rule 26(e) of the FRCP, Plaintiff will supplement or correct the
above disclosures to include information subsequently acquired if, based on that information, it is determined that the above-disclosed information is incomplete or incorrect in some material respect and if the additional or correct information is not otherwise made known to Defendant during the discovery process or in writing.

Date: 1/1/2025                          _____/s/_____
                                ERIKA L. LEE, the PLAINTIFF(proceeding as PRO SE)

PLAINTIFF'S INITIAL DISCLOSURES page 3

# AFFIRMATION OF SERVICE

I, Erika L. Lee, declare under penalty of perjury that on 7/20/25 I served a copy of the attached: "PLAINTIFF'S Fed. R. Civ. P. 26(a)(1) INITIAL AMENDED DISCLOSURES " upon all other parties in this case by email to ira.rosenstein@morganlewis.com and by USPS mail to the following persons: IRA ROSENSTEIN, c/o MORGAN LEWIS LAW FIRM, 101 Park Ave, New York, NY, 10178-0060.

Date: 7/20/25  _____/s/_____

ERIKA L. LEE, the PLAINTIFF(proceeding as PRO SE)

PLAINTIFF'S INITIAL DISCLOSURES page 4