Erika Lee
20 Confucius Plaza #10K
New York, NY, 10002
646-552-8394. Email: leeerikalatise@gmail.com
ERIKA LEE, PRO SE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **ERIKA LEE** | CASE:1:22-cv-08618-DEH-RWL |
| Plaintiff, Pro Se | **RESPONSE & OBJECTION TO DELTA'S LETTER-MOTION in ECF#154; Plaintiff's Letter Motion for Exclusion of Evidence(Henrietta Archie) under Rule 37(c)(1) or, in the alternative, Motion in Limine** |
| -against | |
| **DELTA AIR LINES, INC., DAVID NEEDHAM & JOSE ROSADO** | |
| Defendants | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**RESPONSE & OBJECTIONS TO ECF#154; Rule 37(c)(1); Motion in Limine**

Dear Honorable Magistrate Judge,

 Plaintiff opposes and objects Delta's letter-motion request in ECF#154, filed on 07/18/2025 to file a Motion for Summary Judgment within 30 days since Delta, on the **VERY SAME DAY** of 07/18/2025, served Plaintiff with **Amended Initial Disclosures**, whereby Delta added brand **new, additional witnesses** to this case, which Plaintiff never knew of and never had any opportunity to seek any discovery on any alleged dispositive facts pertaining to these new alleged witnesses. Plaintiff attached, as Exhibit A, a copy of Delta's 07/18/2025 Amended Initial Disclosures, which establishes the legal standard of good cause, for Plaintiff's request to re-open discovery. Moreover, Plaintiff amended her initial disclosures to add Dr. Robins, who Delta was aware of at all times and should've had medical records from Dr. Robins. However, according to Delta's response in ECF#154, Delta concedes that Delta does not want any further discovery on Dr. Robbins, as Delta already has all the medical records from Dr. Robbins and Plaintiff testified, which will be reflected on final, signed, authenticated 6/26/25 deposition transcript, that Dr. Robbins was Plaintiff's doctor in 2019 & 2020. Thus, Delta does not want and is now not entitled to any more discovery on Dr. Robins, as Delta concedes Delta is satisfied with Plaintiff's deposition testimony. (Please see the currently UNRELEASED 6/26/2025 deposition transcript which will be available shortly and which Delta does not have a signed, final, authentic copy of yet. On the other hand, since Delta is arguing against re-opening discovery to allow Plaintiff to seek discovery on Delta's new witness, Henrietta Archie, Plaintiff moves the Court, under Rule 37(c)(1), for an order to Exclude any and all evidence or testimony from Delta's newly added witness, Henrietta Archie and/or in the alternative, a motion in limine to exclude any testimony from Henrietta Archie since Delta admit and concedes it's failure under Rule 26 to disclose Henrietta Archie at all times during discovery process and waited until 07/18/25 to do so. To be clear, Plaintiff only re-quests to re-open discovery shall the Court not grant Plaintiff's Rule 37(c)(1) motion to exclude testimony from Archie and/or motion in limine.

## LEGAL STANDARD

Rule 26(a) requires parties to provide without awaiting a discovery request . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.Fed. R. Civ. P. 26(a)(1)(A). Furthermore, Rule 26(e) "also contains a duty to supplement discovery responses if it later becomes known that a response is incorrect or incomplete, unless the information has otherwise been made known to the party during the discovery process." *Bynum v. Metro. Transp. Auth.*, No. 01-CV-7945 (CLP), 2006 WL 6555106, at *1 (E.D.N.Y. Nov. 21, 2006) (citing Fed. R. Civ. P. 26(e)).Pursuant to Rule 37 of the Federal Rules of Civil Procedure, "[a] party that fails to disclose information pursuant to Rule 26(a) or 26(e)(1) or that fails to amend a previous response pursuant to Rule 26(e)(2) is not permitted to use such information as evidence, unless there is substantial justification provided for the failure and such failure is harmless." *Id*. (citing Fed. R. Civ. P. 37(c)(1)). "A failure to disclose can be considered harmless, *so long as the opposing party has an opportunity to depose the witness before trial.*" *Id*. at *2 (citing *L-3 Commc'ns Corp. v. OSI Sys.,Inc.*, No. 02-CV-9144 (PAC), 2006 WL 988143, at *4 (S.D.N.Y. Apr. 13, 2006))."In determining whether evidence should be precluded, a court should consider: (1) the party's explanation for the failure to disclose, (2) the importance of the evidence to be precluded,(3) the prejudice

**RESPONSE & OBJECTIONS TO ECF#154; Rule 37(c)(1); Motion in Limine**

suffered by the opposing party if the evidence were not precluded, and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006)).

Here, Delta admits it failed to update its Initial Disclosures until after discovery closed and Delta did not provide any valid explanation for failing to disclose. Plaintiff will suffer prejudice if Archie's testimony is not precluded based on Delta's failure to timely disclose see *Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 74 (E.D.N.Y. 2012) ("Even if the [witnesses] were contacted solely for rebuttal purposes, this does not vitiate defendants' obligation to supplement their Rule 26(a) disclosures by timely informing plaintiffs . . . that they intended to rely on these witnesses.").See *Okeke v. N.Y. & Presbyterian Hosp.*, No. 16-CV-570 (CM), 2017 WL 2484200, at *1 (S.D.N.Y. June 6, 2017) (holding that three undisclosed witnesses "will not be permitted to testify except as rebuttal witnesses"); *Bynum*, 2006 WL 6555106, at *7 (holding that if a previously undisclosed witness was not made available for deposition prior to trial, the party would not be able to call the witness "except as a limited rebuttal witness"). As a matter of law and Delta's own judicial admissions in ECF#154, Plaintiff is entitled to a motion in limine and/or Rule 37 sanctions precluding Henrietta Archie from providing any testimony in this case based on Delta's failure to timely disclose Archie as having personal knowledge of any relevant facts in this case. see *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 297 (2d Cir. 2006);*Mirkin v. XOOM Energy, LLC*, 2024 WL 4143376. *13 (EDNY Sept. 2024);*Exist, Inc. v. Tokio Marine Am. Ins. Co.*, 2023 WL 7117369, at *3 (S.D.N.Y. Oct. 5, 2023)

## RESPONSE TO ECF#154

**I. Plaintiff's Request to Re-open Discovery Should NOT Be Denied.**

Delta admitted in its letter motion that **"**discovery—… closed for Plaintiff on April 15, 2025," yet for the first time on 07/18/2025, "In the course of preparing its anticipated Motion for Summary Judgment, on July 18, 2025, Delta identified Delta employee Henrietta Archie as an individual whom Delta may use to support its defenses in this action" and " served amended initial disclosures upon Plaintiff in accordance with its continuing obligations under Rule 26(e)."Therefore , Plaintiff provided a valid basis for her requested relief and such relief is plainly warranted, as Delta updated its Initial Disclosures to add a new witness after discovery closed for Plaintiff for Delta's purpose of filing sham affidavits in support of their motion for summary judgment. At no time during discovery has Delta ever identified Delta employee Henrietta Archie as being a witness in this case or as someone who has any information related to this case. This warrants re-opening of discovery as Delta previously alleged that Henrietta Archie was not a witness and had no personal knowledge of any facts in this case. Plaintiff should now be allowed to serve Interrogatories to discover what alleged facts Archie has personal knowledge of as Plaintiff never had any opportunity to seek discovery regarding Ms. Archie. Opposing Counsel was required to make reasonable inquiry and provide all potential witnesses during discovery, not after discovery closed. See *Stark-Romero v. Nat'l R.R. Passenger (AMTRAK)*, 275 F.R.D. at 558; *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.*, 174 F.R.D. 38, 43 (S.D.N.Y. 1997)(Katz, M.J.)("'Reasonable inquiry includes investigation and inquiry of any of defendant's officers, administrators, agents, employees, servants, enlisted or other personnel, who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response.'" (quoting *Herrera v. Scully*,

**RESPONSE & OBJECTIONS TO ECF#154; Rule 37(c)(1); Motion in Limine**

143 F.R.D. 545, 548 (S.D.N.Y. 1992)(Sweet, J.))). Plaintiff is entitled to mutual knowledge of all alleged facts that Archie all of a sudden obtained on July 18, 2025. See Hickman v. Taylor, 329 U.S. 495, 501, 507 (1947) ("Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation."). Thus , Archie's personal knowledge of all facts is "relevant" as Opposing Counsel updated Initial Disclosures and made her a new individual with new personal knowledge after discovery closed.  See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) ("Consistently with the notice-pleading system established by the Rules, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues… The court should and ordinarily does interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation."). Plaintiff's request to re-open discovery at this late stage is warranted, as a matter law ,  since Delta added new witness on 7/18/25 after discovery closed and Plaintiff's request should not be denied. In the alternative, Plaintiff requests the Court sanction Defendant under Rule 37 and grant Evidence Preclusion by refusing to allow Delta to submit sham affidavits from Henrietta Archie at summary judgment since Delta refused to disclose Archie until after discovery closed.

**II. Plaintiff's Request for Leave to Seek a Default Judgment Should NOT Be Denied.**

      First of all, Opposing Counsel waived and forfeited any alleged jurisdictional, improper service issues by never raising these jurisdiction or improper service issues in a formal 12(b)(2), 12(b)(4), or 12(b)(5) motion to dismiss. See LoSacco v. City of Middletown, 71 F.3d 88 (2d Cir. 1995). Because Opposing Counsel and Defendant failed to argue and cite binding legal authority as to how Opposing Counsel and Defendant having legal standing  to make arguments for Defendants Mr. Rosado and Mr. Needham, when Opposing Counsel and Defendant failed to indemnify and/or enter any appearances for Defendants Mr. Rosado and Mr. Needham. Therefore, these skeletal arguments must be deemed waived and /or "abandoned" and/or waived. See Wood v. Milyard, 132 S. Ct. 1826, 1832 (2012) ("A waived claim or defense is one that a party has knowingly and intelligently relinquished;) '"Contentions supported neither by argument nor by citation of authority are deemed to be without foundation, and to have been abandoned."See, e.g., United States v. Olano, 507 U.S. 725, 733 (1993) (quoting Johnson v. Zerbst, 304 U.S. 658, 646) (1938)). These issues weren't sufficiently raised, briefed or argued by the parties and thus are waived, forfeited, and and conceded. See Inglewood Tolbert v. Queens Coll., 242 F.3d 58, 75 (2d Cir. 2001);("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived… A contention is not sufficiently presented for appeal if it is conclusorily asserted only in a footnote. *See, e.g., United States v. Restrepo,* 986 F.2d 1462, 1463 (2d Cir.), *cert. denied,* 510 U.S. 843, 114 S.Ct. 130, 126 L.Ed.2d 94 (1993); *cf. Cooper v. Parsky,* 140 F.3d 433, 441 (2d Cir. 1998). See Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

      Opposing Counsel made judicial admission in 2023 by telling the Court in 2023, at a conference, that Delta was not indemnifying Defendants Mr. Rosado and Mr. Needham and that Opposing Counsel was not legally representing Defendants Mr. Rosado and Mr. Needham. Thus,

**RESPONSE & OBJECTIONS TO ECF#154; Rule 37(c)(1); Motion in Limine**

Delta is now bound by Opposing Counsel's judicial admissions. See Jones v. Morehead, 68 U.S. 155, 165 (1835) (holding that despite evidence to the contrary, a client is bound by his counsel's statements).Facts admitted by a party "are judicial admissions that bind th[at] [party] throughout th[e] litigation." Gibbs ex rel. Estate of Gibbs v. CIGNA Corp., 440 F.3d 571, 578 (2d Cir. 2006); see also Oscanyan v. Arms Co., 103 U.S. 261, 263, 26 L.Ed. 539 (1881) ("The power of the court to act in the disposition of a trial upon facts conceded by counsel is as plain as its power to act upon the evidence produced."); 2 McCormick on Evid. § 254 (6th ed. 2006) ("Judicial admissions are not evidence at all. Rather, they are formal concessions in the pleadings in the case or stipulations by a party or counsel that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact. Thus, a judicial admission, unless allowed by the court to be withdrawn, is conclusive in the case. . . .").Admissions by parties are not subject to judicial scrutiny to ensure that the admissions are fully supported by the underlying record. Cf. Gibbs, 440 F.3d at 578 ("Having agreed on a set of facts, the parties who adopted the stipulation, and this Court, must be bound by them; we are not free to pick and choose at will." Hoodho v. Holder, 558 F.3d 184 (2d Cir. 2009)See Ali v. Reno, 22 F.3d 442 (2d Cir. 1994)("Absent egregious circumstances, a distinct and formal admission made before, during, or even after a proceeding by an attorney acting in his professional capacity binds his client as a judicial admission."); Roman v. Mukasey, 553 F.3d 184, 186-87 (2d Cir. 2009) (per curiam) (same); Purgess v. Sharrock, 33 F.3d 134, 144 (2d Cir.1994); Bergerson v. New York State Office of Mental Health, 652 F.3d 277, 289 (2d Cir. 2011) ("[A]ll litigants are bound by the concessions of freely retained counsel." (internal quotation marks omitted)); Haywood v. Bureau of Immigration, 372 Fed.Appx. 122, 124 (2d Cir.2010)("[A]bsent egregious circumstances, a distinct and formal admission made before, during, or even after a proceeding by an attorney acting in his professional capacity binds his client as a judicial admission."); and Bellefonte Re Ins. Co. v. Argonaut Ins. Co., 757 F.2d 523, 528-29 (2d Cir. 1985) ("A party's assertion of fact zzz s a judicial admission by which it normally is bound throughout the course of the proceeding.").

Therefore, the Court has no jurisdiction to entertain any arguments by Opposing Counsel and Delta on behalf of Defendants Mr. Rosado and Mr. Needham, as Opposing Counsel and Delta **<u>NEVER ENTERED AN APPEARANCE FOR Defendants Mr. Rosado and Mr. Needham</u>**. Because Opposing Counsel never filed a motion to dismiss for improper service at any time and specifically made binding judicial admissions to the Court in August 2023 that Opposing Counsel was not representing Defendants, Opposing Counsel has no legal right to make any legal arguments for Defendants Mr. Rosado and Mr. Needham who Opposing Counsel has no attorney client relationship with.  Opposing Counsel's *judicial admissions on the record in open court in August 2023 are binding* and the record clearly shows that Opposing Counsel never entered any attorney appearances for Defendants Mr. Rosado and Mr. Needham. See  Oscanyan v. Arms Co., 103 U.S. 261, 26 L.Ed. 539 (1880)(admission by counsel in open court is binding).Thus, as a matter of law and as the docket reflects, the Court must disregard any and all legal arguments that Opposing Counsel is attempting to now make, when Opposing Counsel refused at all times to make an appearance on the record for Defendants Mr. Rosado and Mr. Needham.  Furthermore, even if, assuming arguendo Opposing

**RESPONSE & OBJECTIONS TO ECF#154; Rule 37(c)(1); Motion in Limine**

Counsel and Delta were allowed to make legal arguments for defendants with whom they refused to indemnify and also refused to make an attorney appearance for, Opposing Counsel and Delta forfeited, waived and conceded any alleged jurisdictional and insufficient service arguments by never making formal, proper Rule 12 motions to dismiss for these defendants, who Opposing Counsel does not have any attorney client relationship with.

**III. Plaintiff DID NOT COMMIT ANY "Discovery Misconduct" TO Warrant ANY Sanction**

Federal Rule of Civil Procedure 37 allows a district court to dismiss an action if a party fails **[*2]** to obey a discovery order or otherwise meet its discovery obligations. Fed. R. Civ. P. 37(b)(2) ("If a party . . . ***fails to obey an order to provide or permit discovery*** . . . the court where the action is pending may issue further just orders. They may include . . . dismissing the action or proceeding in whole or in part . . . ."). **"We review a district court's imposition of sanctions under Rule 37, including dismissal, for abuse of discretion**." *Agiwal v. Mid Island Mortg. Corp*., 555 F.3d 298, 302 (2d Cir. 2009). Under Fed. R. Civ. P. 37(b)(2), Plaintiff provided and permitted discovery, in deposition, about Dr. Robbins before discovery closed for Defendant. Thus, not court order or ruled was violated.Firstly, Delta does not meet the legal standard to be granted Rule 37 sanctions, as Delta can not show prejudice, as Delta admits Delta is not prejudiced and Delta argues against re-opening discovery, as Delta is satisfied with the discovery Delta received on Dr. Robbins and does not want to seek any further discovery on Dr. Robins. Prior to imposing harsh sanctions, such as dismissal, many courts require a showing of prejudice. See Hillig v. Commissioner, 916 F. 2d 171, 174 (4th Cir. 1990) (a showing of prejudice is required before dismissal). Therefore, Delta is not prejudiced, did not ask for motion in limine and/or exclusion sanction under Rule 37(c)(1). Delta simply just fraudulently manufactured this issue to seek a non-merits dismissal, which has no legal or factual basis. Delta can not point to a specific, raid discovery order the Court made or rule that Plaintiff willingly, intentionally violated in bad faith which prejudiced Delta to be granted sanction of dismissal, as Rule 37 ONLY authorizes the court to impose sanctions when a litigant or attorney fails to comply with discovery rules or orders. Rule 37 must be read in conjunction with Rule 26. Because Plaintiff timely and voluntarily disclosed all her medical providers in deposition transcript, Plaintiff did not violate any orders or rules. The rules overlap to an extent and Rule 37 only permits the courts to impose sanctions for five specified categories of misconduct noncompliance with a discovery order (Rule37 (b));failure to admit in response to a Rule 36 request (Rule 37(c)); specified misconduct in connection with depositions, interrogatories and requests for inspection (Rule 37(d));failure to participate in framing a Rule 27(f) discovery plan (Rule 37(g));failure to make Rule 26(a) or 26(e)(1) disclosure (Rue 37(c)). Because Plaintiff timely made all disclosures about Dr. Robbins, when Plaintiff ***TIMELY and voluntarily testified*** about Dr. Robbins as reflected in unreleased transcript when Plaintiff remembered as discovery is ongoing and a deposition is still discovery and the appropriate place to make disclosures or clarify that Dr. Robbins was part of her psych team with Dr. Shah, and they should've been considered as one unit.        Secondly, Opposing Counsel is intentionally and fraudulently misstating the record and intentionally misleading the Court, as Opposing Counsel has never showed the Court the actual real (and signed$ deposition transcript

**RESPONSE & OBJECTIONS TO ECF#154; Rule 37(c)(1); Motion in Limine**

where Plaintiff testified that Dr. Robbins and Antonella were Plaintiff's doctors, counselors in 2019 and 2020.   Dr. Robbins and Antonella were part of Plaintiff's psychiatric team in Plaintiff's workers compensation case against Delta and Sedgwick , who are managing this case and Delta, at all times, had these medical records from Dr. Robbins and Antonella. It is undisputed that a Deposition is part of discovery process and Plaintiff VOLUNTARILY testified, without a court order,  about Dr. Robbins, as reflected in unreleased deposition transcript. Delta admits Delta is not prejudiced and Delta does not want any further discovery on Dr. Robins.   The fact that Plaintiff recalled later in this case (at her deposition) that Dr. Robbins and Antonella were plaintiff's doctors, counselors in 2019 and 2020 is not Sanctionable as Plaintiff updated her deposition testimony when plaintiff remembered that  Dr. Robbins and Antonella were plaintiff's doctors, counselors in 2019 and 2020.  This is what discovery is for. However, Delta had these medical records at all time, so Delta was not harmed.  In any event,  plaintiff's deposition transcript will show that plaintiff testified  The Court further advised Plaintiff that Dr. Robbins and Antonella were plaintiff's doctors, counselors in 2019 and 2020.  Therefore, plaintiff can not be sanctioned under Rule 37 for suddenly remembering later in litigation (at deposition) about this 1 doctor who was in fact part of the same psychiatrist team with Dr. Shah and which Delta had the medical records.  Delta is fraudulently attempting to manufacture an issue which is not an issue, as Delta was in possession of these medical records and knew about Dr. Robbins at all times.  Plaintiff did not "fail  to comply with the foregoing" *and was not* "in contravention of this Court's orders and the Federal Rules" for remembering Dr. Robbins at deposition and then  fully disclosing  all relevant treating medical providers at deposition and then updating Initial Disclosures as required.  The alleged testimony Opposing Counsel cities is not accurate and doesn't reflect the final deposition transcript.  Plaintiff has never taken "affirmative steps to conceal until after the close of discovery the name of a doctor for whom she now claims treated her for mental disabilities from 2018-2021 and from whom she intends to introduce evidence to support her claims in this Action. ". Plaintiff complied with the Court's February 4, 2025 Order, and with her obligations under the Federal Rules." The Court can not dismiss Plaintiff's case, with prejudice, as plaintiff complied with Court's orders and the Federal Rules. The Court must also not  prohibit Plaintiff from seeking any emotional distress damages in this Action disclosed the
relevant  healthcare provider information relevant to such damages and testified to this at deposition as the Court will see in the final signed deposition transcript which is not even available yet.

   Finally, Delta failed to make any valid arguments or meet their burden in proving any of the legal elements to be granted dismissal under Rule 37, as there has been no willfulness since Plaintiff disclosed Dr. Robbins at deposition which occurred during discovery , no lesser sanctions argued, there has been no duration of non-compliance, and Plaintiff as not been warned of the consequences of forgetting to disclose and then remembering at deposition and testifying and disclosing before discovery closed. see *S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (" We evaluate a district court's dismissal by examining the following non-exclusive factors: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party

**RESPONSE & OBJECTIONS TO ECF#154; Rule 37(c)(1); Motion in Limine**

had been warned of the consequences of . . . noncompliance.") "[D]ismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault" on the part of the party. *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990)

## CONCLUSION

For the reasons set forth above, the Court must GRANT Plaintiff's Rule 37(c)(1) motion to exclude testimony from Delta manager Henrietta Archie and/or motion in limine, or in the alternative, the Court must re-open discovery to allow Plaintiff to seek discovery on Delta manager Henrietta Archie. The Court must GRANT Plaintiff's request to file a Rule 55 Motion for Default Judgment on the Non-Appearing Defendants(Rosado & Needham) and ignore Opposing Counsel's frivolous arguments as Opposing Counsel has no legal standing to make arguments for Rosado & Needham. The Court must DENY Delta's Motion for dismissal under Rule 37 as Delta failed to meet its' legal burden. The Court doesn't need a conference regarding Delta's frivolous and fraudulent issues because the Court has not yet seen the real, final, authenticated deposition transcript yet, as Delta is only manufacturing this issue to seek a non- merits dismissal. The Court should at least wait until the actual, real, final, authenticated and signed deposition transcript from the court reporter is available, which will conclusively show that Opposing Counsel is frivolously and fraudulently manufacturing an issue, which will be controverted by the soon to be released deposition transcript.

Date: 7/28/2025   _____/s/_____

ERIKA L. LEE, the PLAINTIFF(proceeding as PRO SE)

## AFFIRMATION OF SERVICE

I, Erika L. Lee, declare under penalty of perjury that on 7/28/2025, I served a copy of the attached: ***"RESPONSE & OBJECTION TO DELTA'S LETTER-MOTION in ECF#154;Plaintiff's Letter Motion for Exclusion of Evidence(Henrietta Archie) under Rule 37(c)(1) or, in the alternative, Motion in Limine"*** upon all other parties in this case by email to michael.fleming@morganlewis.com and by USPS mail to the following persons: MICHAEL FLEMING, c/o MORGAN LEWIS LAW FIRM, 101 Park Ave, New York, NY 10178-0060.

Date: 7/28/2025   _____/s/_____

ERIKA L. LEE, the PLAINTIFF(proceeding as PRO SE)

**RESPONSE & OBJECTIONS TO ECF#154; Rule 37(c)(1); Motion in Limine**