UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ERIKA LEE,

                Plaintiff,                22-CV-8618 (DEH) (RWL)

      - against -

                                        **ORDER**

DELTA AIR LINES, INC. et al.,

                Defendants.
------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

On August 4, 2025, the Court issued an order imposing discovery sanctions on Plaintiff pursuant to Federal Rule of Civil Procedure 37 precluding her from introducing evidence from any medical professionals concerning her emotional distress (the "Order"). (Dkt. 158.)  On August 21, 2025, Plaintiff filed a motion for reconsideration, which motion was dated that same day.[1] (Dkt. 159.)  The motion is denied both as untimely and lacking merit.

---

[1] Plaintiff also invokes Federal Rules of Civil Procedure 54, 59(e) and 60, none of which are apt.  Rule 54 applies only to final judgments or decrees "from which an appeal lies," Fed. R. Civ. P. 54(a), and "Rule 59(e) governs motions to alter or amend a judgment; it does not apply to orders." *Amelio v. Houri*, No. 22-CV-975, 2025 WL 1126117, at *1 (S.D.N.Y. Apr. 16, 2025).  Similarly, Rule 60(b) governs a "final judgment, order, and proceeding." Fed. R. Civ. P. 60(b); *see Williams v. County of Nassau*, 779 F. Supp.2d 276, 280, n.2 (E.D.N.Y. 2011) ("Rule 60(b) exclusively governs final judgments"), *aff'd*, 581 F. App'x 56 (2d Cir. 2014) (summary order).  Even if Rule 60(b) were applicable, Plaintiff has not demonstrated any of the bases for relief denoted therein, such as "mistake," "newly discovered evidence," or "fraud," Fed. R. Civ. P. 60(b)(1)-(3), nor any "intervening change in controlling law … or the need to correct a clear error or prevent manifest injustice."  *In re Facebook, Inc. IPO Securities & Derivative Litigation*, 43 F. Supp.3d 369, 373 (S.D.N.Y. 2014), *aff'd sub nom.*, *Lowinger v. Morgan Stanley & Co.*, 841 F.3d 122 (2d Cir. 2016).  And, while Rule 60(a) is not limited to final judgments or orders, Plaintiff has not demonstrated any "clerical" error, mistake, oversight or omission warranting a different outcome.  Fed. R. Civ. P. 60(a).

The motion is untimely because Lee did not file it within 14 days of entry of the Order as required by Rule 6.3 of the Local Civil Rules for the Southern District of New York. Plaintiff's motion is denied on this basis alone. *See Harris v. City of New York*, No. 23-CV-6344, 2023 WL 7474419, at *2 (S.D.N.Y. Oct. 12, 2023) ("Failure to adhere to Local Rule 6.3's time limitations is in and of itself a sufficient reason to deny a motion for reconsideration"); *McGraw-Hill Global Education Holdings, LLC v. Mathrani*, 293 F. Supp.3d 394, 397 (S.D.N.Y. 2018) ("As numerous cases from this Circuit have held, the untimeliness of a motion for reconsideration is reason enough to deny the motion") (collecting cases).

The motion lacks merit because Plaintiff has not met the requirements for reconsideration. "The standard for granting a motion for reconsideration is 'strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Lask v. Rhee-Karn*, No. 24-CV-2666, 2025 WL 1591615, at *1 (S.D.N.Y. June 5, 2025) (quoting *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Plaintiff argues that the Court "overlooked the facts and previous evidence as the Court Reporting company … made errors and did not correct the transcript and/or did not include or attach the errata before 08/20/2025." (Dkt. 159 at ECF 2.) Not so. As explained in the Order, in response to interrogatories, deposition questions, and the Court's orders, Plaintiff unequivocally and repeatedly identified only Drs. Michaels and Shah and affirmatively represented that she saw no other doctors or health care providers for her emotional distress. (Dkt. 158 at 10-13.) The first time she ever disclosed additional providers was on July 20, 2025, in

supplemental disclosures served weeks after the second day of her deposition had concluded on June 26, 2025. (*Id.* at 13.) Plaintiff then signed the errata sheet on July 20, 2025, changing numerous answers to refer to additional providers never previously mentioned or disclosed. (*Id.* at 14-15.) As the Court found, Plaintiff's extensive changes were bad-faith, belated disclosures that contradicted repeated representations to the contrary. (*Id.* at 15.)

The Court thus both had before it and did consider Plaintiff's proffered errata in determining the Order. To the extent Plaintiff has now provided a fuller version of her errata, as compared to the excerpts presented by Delta (*see* Dkt. 159 at ECF 18-23), nothing has changed. To the contrary, Plaintiff's submission of the errata in their entirety only further demonstrates the bad-faith attempt to revise the discovery record.

Plaintiff also asserts that Delta already had possession of records relating to the additional healthcare providers (*Id.* at ECF 2-3), thus suggesting there is no unfair surprise or prejudice. But Plaintiff has provided no proof whatsoever to back up her assertion.

Accordingly, Plaintiff's motion is denied. To the extent not addressed above, the Court has considered all of Plaintiff's arguments and determined them to be either moot or without merit.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 159.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:   August 27, 2025
         New York, New York

The Court respectfully requests the Clerk of Court to mail a copy of this Order to the pro se Plaintiff:

Erika Lee
20 Confucius Plaza, Apt. 10K
New York, NY 10002

4