## Morgan Lewis

**Imani D. Gunn**
Associate
212.223.6325
imani.gunn@morganlewis.com

October 2, 2025

**VIA ECF**

Hon. Robert W. Lehrburger, USMJ
United States District Court
Southern District of New York
500 Pearl Street, Room 1960
New York, NY 10007-1312

Re:   <u>*Lee v. Delta Air Lines, Inc.* **Case No 1:22-cv-08618-DEH-RWL**</u>

Your Honor:

We represent Defendant Delta Air Lines, Inc. ("Delta") in the above-referenced action. We write to briefly address the unfounded allegations and legal assertions included in Plaintiff's recently filed "Response and Objections to Defendant's Letter in ECF #173" ("Plaintiff's Response"; Dkt. 174).

As has been her consistent pattern, Plaintiff does not identify any specific materials or the names of any witnesses which have not been produced or disclosed to her, because there are no such materials or individuals.  *See* Plaintiff's Response at 7.  In so doing, Plaintiff yet again refuses to acknowledge or abide by the authority of this Court which has already considered this issue and rejected Plaintiff's position.  *See* Delta Letter Response (Dkt. 146); May 13, 2025 Order (Dkt. 148).

Plaintiff attempts to use an unsolicited letter to the Court to try to "cure" her own failure to produce information during discovery, which flaunted basic discovery rules.  Her effort not only lacks facial credibility, but the information and witnesses which she now proffers are a classic example of "sandbagging", which Rule 37(c)(1) is specifically intended to prevent. *See* Fed. R. Civ. P. 37(c)(1) ("A party that without substantial justification fails to disclose information required by Rule 26(a) or 26 (e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."); *Pace v. Air & Liquid Sys. Corp.*, 171 F. Supp. 3d 254, 265 (S.D.N.Y. 2016) ("The intention of this preclusionary measure is to prevent the practice of 'sandbagging' an opposing party with new evidence, and it applies on motions for summary judgment.").  Besides her unfounded allegations that Delta has somehow presented all new information in its Motion, Plaintiff has offered absolutely no excuse for her own failure to timely disclose the information she now includes for the first time in opposition to Plaintiff's Motion.  Any such information and witness testimony should be precluded.

Delta continues to maintain that Plaintiff's behavior, including her misrepresentations to the Court and to Delta and her continued disregard of relevant rules warrants extraordinary relief from the Court, up to and including the dismissal of her claims, with prejudice.  We also respectfully request

the Court's guidance as to whether it would like further briefing on Plaintiff's untimely cross-motion.

We thank the Court in advance for its consideration.

Respectfully submitted,

*/s/ Imani D. Gunn*
Imani D. Gunn
*Attorney for Delta Air Lines, Inc.*

cc: Plaintiff (via ECF; email)