UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ERIKA LEE,                                                              :
                                                                                    :       22-CV-8618 (DEH) (RWL)
                                            Plaintiff,              :
                                                                                    :       **ORDER**
                   - against -                                          :
                                                                                    :
DELTA AIR LINES, INC. et al.,                              :
                                                                                    :
                                            Defendants.         :
-----------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order resolves the issues raised by Defendant Delta in its letter motion dated September 26, 2025, at Dkt. 173, and by Defendant Lee in her responding letter of September 27, 2025, at Dkt. 174, concerning documents filed by Plaintiff Lee in response to Delta's motion for summary judgment.

1. The Court deems Lee's operative response to Delta's summary judgment motion to be the amended document filed at Dkt. 172; the document at Dkt. 171 will be disregarded and is superseded by Dkt. 172.

2. Lee's purported cross-motion for partial summary judgment violates the orders concerning filing of summary judgment motions at Dkt. 113 and in Item 12 of the Civil Case Management Plan and Scheduling Order at Dkt. 23.  Lee never provided notice of her intent to move summary judgment, and she never requested that cross-motion filings be included in the order scheduling briefing for summary judgment, which provides only for briefing of Delta's summary judgment motion. Lee's response to Delta's letter offers no reason, let alone a legitimate reason, for failing to do so.  This Court, and a federal district court in California, have repeatedly admonished Lee for violating and disregarding

1

court rules and orders, yet Lee continues to disregard them. (*See, e.g.*, Dkts. 89, 158.) The Court would be well within its authority to strike Lee's cross-motion. That said, any prejudice to Delta is minimal. Delta has not yet filed a reply in support of its own motion, and has the opportunity to respond to Lee's motion without the need for undue delay. Further, whether or not Lee has a meritorious cross-motion, consideration of it along with Delta's motion will be most efficient. The Court therefore will not strike Lee's cross-motion for partial summary judgment.

   3. The Court does, however, grant in part Delta's request, pursuant to Federal Rule of Civil Procedure 37(c)(1), to preclude Lee from relying on (both in opposition to Delta's motion and in support of her own motion) (i) documents that she did not previously produce in this case; (ii) affidavits of witnesses she did not previously disclose in this case as witnesses on whom she may rely; and (iii) deposition testimony from other cases of witnesses she did not previously disclose in this case as witnesses on whom she may rely. Lee's failure to disclose is not accidental or inadvertent. To the contrary, the Court has warned Lee multiple times of her obligations to disclose all evidence on which she may rely (*see, e.g.*, Dkt. 138 at 7; Dkt. 144), and she has repeatedly represented to the Court that she produced everything there is. Lee has offered no excuse for not previously disclosing the undisclosed materials.

   That said, some of the undisclosed material consists of deposition testimony of Delta employees from other employment cases in which Delta was a defendant. Delta thus is no stranger to that testimony. The Court will not categorically exclude this subset of materials but will instead consider their admissibility in the context of resolving summary judgment. For instance, much or all of the deposition testimony appears to be

inadmissible hearsay and therefore will be excluded absent an applicable exception permitting its consideration. Lee's reliance on Fed. R. Civ. P. 32(a)(8) is misplaced. That provision allows use of depositions from an earlier action to be used in a later action "involving the same subject matter between the same parties." The earlier actions, such as *Watts-Lynch v. Delta* and *Lewis v. Delta*, were not actions between Lee and Delta and therefore do not qualify.

4. Lee's opposition to Delta's application is vexatious. It well exceeds by more than double the length permitted by the Court's individual rules of practice for letter responses to letter motions – yet again flouting the Court's rules. And, it calls for striking Delta's motion for summary judgment on the basis that Delta supposedly provided Lee no notice of any of the issues, facts, witnesses, or documents in Delta's summary judgment motion. (Dkt. 174 *passim.*) Yet Lee fails to identify any such issue, fact, witness or document, instead making entirely conclusory statements that have no basis.

Accordingly, Delta's letter motion at Dkt. 173 (and reply at Dkt. 175) is granted in part to the extent set forth above and is otherwise denied. The relief requested by Lee in her responding letter at Dkt. 174 is denied in its entirety.

The Clerk of Court is respectfully directed to terminate the letter motion at Dkt. 173.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: October 3, 2025
New York, New York

Copies transmitted electronically this date to all parties.

3