IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIKA LEE,<br><br>                    Plaintiff,<br><br>     v.<br><br>DELTA AIR LINES, INC.,<br><br>                    Defendant. | Civil Action No. 1:22-cv-8618-DEH-RWL |

## **DECLARATION OF IMANI D. GUNN**

I, Imani D. Gunn, do hereby declare that the following is true and correct:

1. I am over the age of 18. I am an attorney at the law firm of Morgan, Lewis & Bockius LLP ("Morgan Lewis"), counsel for Defendant Delta Air Lines, Inc. ("Delta") in this matter.

2. The facts and matters stated in this declaration are based on my own personal knowledge of the factual information stated in this declaration or by virtue of review of records produced in the course of discovery or maintained by Morgan Lewis in the normal course of business. I submit this declaration in further support of Delta's Motion for Summary Judgment.

3. Attached hereto as Exhibit A is a true and correct copy of excerpts of the transcript of the deposition of Plaintiff Erika Lee ("Plaintiff"), taken on April 29, 2025, as received by Morgan Lewis from the court reporters in attendance at the deposition.

4. On October 3, 2025, the Court issued an Order precluding Plaintiff "from relying on (both in opposition to Delta's motion and in support of her own motion)" three categories of documents, including "(i) documents that [Plaintiff] did not previously produce in this case; (ii) affidavits of witnesses [Plaintiff] did not previously disclose in this case as witnesses on whom she may rely; and (iii) deposition testimony from other cases of witnesses [Plaintiff] did not previously disclose in this case as witnesses on whom she may rely." October 3, 2025 Order (Dkt.

1

177) ¶ 3.

5. Plaintiff did not mark any documents produced during discovery with Bates stamps, however, Morgan Lewis has maintained documents produced by Plaintiff throughout this matter in the normal course of business.

6. Plaintiff (and/or Delta) did not previously produce in this case the following documents which Plaintiff attaches to her brief in opposition and cross-motion for summary judgment and related materials:

    a. Ex. 1 (Dkt. 172-2 at 1-6);

    b. Ex. 2 (Dkt. 172-2 at 7-22);

    c. Ex. 4 (Dkt. 172-2 at 33-37);

    d. Ex. 5 (Dkt. 172-2 at 38-48);

    e. Ex. 12 (Dkt. 172-3 at 9);

    f. Ex. 17 (Dkt. 172-3 at 16-17);

    g. Ex. 18 (Dkt. 172-3 at 18-20);

    h. Ex. 25 (Dkt. 172-3 at 29-31);

    i. Ex. 26 (Dkt 172-3 at 32-37).

7. Plaintiff did not previously disclose in this case the following witnesses upon which she may rely, and for which Plaintiff attaches declarations that Plaintiff (and/or Delta) did not produce during the course of discovery:

    a. Rosonda Brown (*See* Declaration of Rosonda Brown (Dkt. 172-3 at 51-53));

    b. Annelyse Green (*See* Declaration of Annelyse Green and exhibits attached thereto (Ex. 2, Dkt. 172-2 at 7-22));

8. Attached hereto as Exhibit B is a true and correct copy of Plaintiff's Amended Initial Disclosures, provided to Morgan Lewis on July 20, 2025, reflecting the individuals Plaintiff disclosed as individuals on whom she may rely.

9. Attached hereto as Exhibit C is a true and correct copy of excerpts of Plaintiff's Third Amended Responses to Delta's Interrogatories, provided to Morgan Lewis on July 20, 2025,

reflecting Plaintiff's response to Delta's Interrogatory No. 1 requesting that she "[i]dentify each person who is known, or believed by you, to possess knowledge or information that is or may be relevant to this Action, including any claims or defenses asserted by the Parties in this Action." *See* Ex. C at 9-10.

10. Plaintiff further stated in her Third Amended Responses to Delta's Interrogatories that "Plaintiff already provided 'the names of all individuals Plaintiff believes [sic] possess information relevant to her claims in this action' in the last amended verified interrogatories herein, and there are no new individual names to add, except Dr. Nimish Shah, by which Plaintiff now hereby adds herein." *See* Ex. C. at 2 ¶ 3.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF.

Executed on October 21, 2025:     */s/ Imani D. Gunn*
                                  Imani D. Gunn

3