# EXHIBIT C

Erika Lee
20 Confucius Plaza #10K
New York, NY, 10002
646-552-8394. Email: leeerikalatise@gmail.com
ERIKA LEE, PRO SE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **ERIKA LEE** | <u>CASE:1:22-cv-08618-DEH-RWL</u> |
| Plaintiff, Pro Se | PLAINTIFF'S  THIRD  AMENDED VERIFIED OBJECTIONS & RESPONSES TO DEFENDANT'S INTERROGATORIES(SET 1) |
| -against | |
| **DELTA AIR LINES, INC., DAVID NEEDHAM & JOSE ROSADO** | |
| Defendants | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**RESPONSE TO FEBRUARY 4, 2025 COURT ORDER**

PLAINTIFF IS NOT SUING FOR "PHYSICAL" INJURIES. ALSO, THE COURT DISMISSED PLAINTIFF'S NEGLIGENCE CLAIM.

  1. The medical providers from whom Plaintiff sought psychological treatment n connection with her claims in the instant action from January 13, 2017, to the present is "Dr. Mark Michaels at Premier Psychological, 5500 E Atherton St Long Beach, California 90815, (562) 212-6500 and Dr. Nimish Shah, 21520 Pioneer Blvd, #202, Hawaiian Gardens, CA, 98716. (562) 482-2811. Dr. Robbins 6" N 62" NY NY 10017  212-586-3123

  2.. (a)Plaintiff applied to jobs at Delta in 2021, but Plaintiff does not currently have any documents and communications relating to the applications for employment she has submitted to Delta rom May 1, 2021, to the present.
(b) Plaintiff has not received any "income" from any other source since May 1, 2021.

**AMENDED VERIFIED RESPONSES TO DELTA'S INTERROGATORIES**

3. Plaintiff already provided "the names of all individuals Plaintiff believes possess information relevant to her claims in this action" in the last amended verified interrogatories herein, and there are no new individual names to add, except Dr. Nimish Shah, by which Plaintiff now hereby adds herein.

4. Plaintiff shall provide a more detailed specification and computation of damages, breaking out the total amount sought into components for (a) $80,000.00 in back wages from May 1, 2021 through May 1, 2025, which equals $320,000.00; (b)$80,000.00 in front wages from May 1, 2025 for 23 years(retirement age of 65) which equals $1, 840,000.00; (c)$20,000.00 a year in travel benefits for 45 years, which equals $900,000.00; (d) Plaintiff is not suing for physical injuries; (e)Plaintiff is suing for $18,000,000.00 in psychological injuries; and (f) Plaintiff is suing for $20,000,000.00 in punitive damages under NYCHRL and NYSHRL for illegal discrimination and retaliation, and hostile work environment.

**PLAINTIFF'S AMENDED OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES(SET 1)**

Pursuant to Rules 26, 1 and 33 of the Federal Rules of Civil Procedure ("FRCP or Federal Rules") and the Local Rules of the United States District Court for the Southern District of New York ("Local Rules"), Plaintiff hereby provides the following objections and responses to Defendant Delta Air Lines, Inc. ("Defendant" or "Delta"), First Set of INTERROGATORIES. The objections and responses set forth below reflect Plaintiff's present knowledge and are the result of its investigation to date. Plaintiff reserves the right to supplement or amend these objections and responses as may be necessary or appropriate in the future in accordance with the Fed. R. Civ. P.1

PRELIMINARY STATEMENT

1. Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

2. By making the accompanying responses and objections to Defendant's requests for documents and interrogatories Plaintiff does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses and objections herein without in any way implying that she considers the requests and interrogatory, and responses to the requests and interrogatory, to be relevant or material to the subject matter of this action.

3. Plaintiff may and/or could and/or would produce responses and/or responsive documents only to the extent that such responses and/or documents are in the possession, custody, or control of Plaintiff, as set forth in Federal Rules of Civil Procedure.Plaintiff's possession, custody, or control does not include any constructive possession that may be conferred by

**AMENDED VERIFIED RESPONSES TO DELTA'S INTERROGATORIES**

it would cost to procure and produce these documents, and the parties can agree on the cost of such a production.

47. Plaintiff objects to these interrogatories and/or Requests for Production because they are so broad, uncertain, and unintelligible that the plaintiff cannot determine the nature of the information sought. Therefore, plaintiff cannot provide an answer.

48. Plaintiff objects to these interrogatories and/or Requests for Production because they call for pure conjecture and speculation.

49. Plaintiff objects to these interrogatories and/or Requests for Production because they call for plaintiff to make a legal conclusion.

50. Plaintiff objects to these interrogatories and/or Requests for Production because they are vague, ambiguous, argumentative, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**PLAINTIFF'S AMENDED OBJECTIONS & RESPONSES TO DEFENDANT'S INTERROGATORIES(SET 1)**

**DEFENDANT DELTA'S INTERROGATORY NO. 1:**

Identify each person who is known, or believed by you, to possess knowledge or information that is or may be relevant to this Action, including any claims or defenses asserted by the parties in the Action.

**PLAINTIFF'S OBJECTIONS & RESPONSES TO DEFENDANT DELTA'S INTERROGATORY NO. 1:**

In addition to the foregoing General Objections stated above and incorporated herein, Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks irrelevant information and Defendant is going on a fishing expedition. Plaintiff further objects to this Request on the grounds that it is imprecise and/or lacking sufficient particularity. Plaintiff further objects to this Request on the grounds that it is disproportional to the needs of the case such that the burden and expense of responding outweigh the likely benefit. Plaintiff further objects to this Request on the grounds that it seeks documents that are not in Plaintiff's possession, custody and/or control. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client, attorney work product and/or other applicable privileges. Defendant further objects to this Request on the grounds that it is not reasonably limited in temporal scope. Plaintiff further object to this Request on the grounds that it seeks confidential, proprietary, or business information about Plaintiff. Plaintiff further objects to this Request on the grounds that it seeks confidential information regarding individuals who are not parties to this action, the disclosure of which would violate the privacy interests of such individuals. Plaintiff further objects to this Request on the grounds that it is vague, speculative, premature, conclusory, and ambiguous in its use of the terms "Identify each person who is known, or believed by you, to possess knowledge or information that is or may be relevant to this Action, including any claims or defenses asserted by the parties in the Action," as Plaintiff already identified all individuals and Defendants have not specifically listed, named, stated, articulated their affirmative defenses."

**AMENDED VERIFIED RESPONSES TO DELTA'S INTERROGATORIES**

Subject to and without waiving the foregoing General and specific objections, and subject to a Protective Order that will be entered by the Court, Plaintiff lists Dr. Michael's and Dr. Michael's office, Bernadette Tamasi, allegedly Jose Rosado, Ashely Rangel, Kelly Nabors, Danielle Kruit, Mayra Amezquita(witness), "Dr. Mark Michaels at Premier Psychological, 5500 E Atherton St Long Beach, California 90815, (562) 212-6500 and Dr. Nimish Shah, 21520 Pioneer Blvd, #202, Hawaiian Gardens,CA, 98716. (562) 482-2811, perhaps Aasir Azzarmi, perhaps unknown Doe Delta employees, Henrietta in EO and/or Delta EO representatives in HR who Plaintiff made a complaint to on the approximate April 19, 2019 scheduled phone call. After a reasonable diligent search, no other individual have been found that have not already been produced by Plaintiff to Defendant. Additionally,. Plaintiff further objects to this request on the grounds that it is not reasonably limited in temporal or geographic scope. Plaintiff further objects to this Interrogatory on the grounds that it calls for a legal conclusion and for an answer that is outside the scope of appropriate factual inquiry. Plaintiff further objects to this request to the extent it seeks information that is neither relevant to the claims and defenses of this matter nor proportional to the needs of the case. Plaintiff further objects to this Request on the grounds that it is irrelevant insofar as it relates to claims in this Action that have been dismissed. Plaintiff further objects to this Interrogatory on the grounds that the Interrogatory seeks confidential information regarding individuals who are not parties to this action, the disclosure of which would violate the privacy interests of such individuals. Plaintiff further objects to this Interrogatory to the extent it seeks information protected by the attorney-client, attorney work product and/or other applicable privileges, and/or doctor-patient privilege.

**DEFENDANT DELTA'S INTERROGATORY NO. 2:**

Identify all facts supporting the allegations in your Complaint that Delta subjected you to sexual harassment and/or a hostile work environment based on your sex and/or gender.

**PLAINTIFF'S OBJECTIONS & RESPONSES TO DEFENDANT DELTA'S INTERROGATORY NO. 2:**

In addition to the foregoing General Objections stated above and incorporated herein, Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks irrelevant information. Plaintiff further objects to this Request on the grounds that it is imprecise and/or lacking sufficient particularity. Plaintiff further objects to this Request on the grounds that it is disproportional to the needs of the case such that the burden and expense of responding outweigh the likely benefit. Plaintiff further objects to this Request on the grounds that it seeks documents that are not in Plaintiff's possession, custody and/or control. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client, attorney work product and/or other applicable privileges. Defendant further objects to this Request on the grounds that it is not reasonably limited in temporal scope. Plaintiff further object to this Request on the grounds that it seeks confidential, proprietary, or business information about Plaintiff. Plaintiff further objects to this Request on the grounds

**AMENDED VERIFIED RESPONSES TO DELTA'S INTERROGATORIES**