UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ERIKA LEE,

                    Plaintiff,

        v.

DELTA AIR LINES, INC., DAVID NEEDHAM,
and JOSE ROSADO,

                    Defendants.

---

22 Civ. 8618 (DEH)

**MEMORANDUM**
**OPINION AND ORDER**

DALE E. HO, United States District Judge:

Before the Court is an objection to the Report and Recommendation ("the R&R" or "the Report") of Magistrate Judge Lehrburger recommending that Defendant Delta Airlines' Motion for Summary Judgment be granted and Plaintiff Erika Lee's cross-motion be denied. *See* R&R, ECF No. 183. Ms. Lee filed nearly 60 single-spaced pages of objections to the R&R. *See* ECF Nos. 184, 188. Despite the procedural impropriety of Ms. Lee's filings, both on this motion and generally in this case, the Court conducts *de novo* review of the motion for summary judgment in recognition of the special solicitude afforded to pro se plaintiffs. *See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). Upon such review, the Court reaches the same determination as Judge Lehrburger and concludes that Ms. Lee has failed to establish a genuine dispute of material fact with regards to her sexual harassment and retaliation claims. Accordingly, the objections are **OVERRULED**, and the R&R is **ADOPTED IN FULL**.

**LEGAL STANDARDS**

**A. Report and Recommendation**

In reviewing a magistrate judge's report and recommendation, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." 28 U.S.C. § 636(b)(1)(C).  A district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to" by any party.  Fed. R. Civ. P. 72(b)(3).  To warrant *de novo* review, the objections must be "specific" and "address only those portions of the proposed findings to which the party objects." *Pineda v. Masonry Constr., Inc.*, 831 F. Supp. 2d 666, 671 (S.D.N.Y. 2011).[1]

When a party has not properly made objections, for instance, by making "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers, it] will not suffice to invoke *de novo* review." *Owusu v. N.Y. State Ins.*, 655 F. Supp. 2d 308, 313 (S.D.N.Y. 2009).  Rather, if "a party's objections are conclusory or general, or simply reiterate original arguments, the district court reviews [a report and recommendation] for clear error." *Pineda*, 831 F. Supp. 2d at 671; *see also Owusu*, 655 F. Supp. 2d at 313 (explaining that, when a court is considering objections that "merely re-assert arguments already submitted to the Magistrate Judge, this Court need only review the Report and Recommendation for clear error."); *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) ("To the extent, however, that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error. . . . [N]o party [should] be allowed a 'second bite at the apple' by simply relitigating a prior argument."); *Vega v. Artuz*, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (noting that if the district court engaged with objections that are "general and conclusory" this" would reduce the magistrate's work to something akin to a 'meaningless dress rehearsal'").  For those portions to which no such objection

---

[1] All references to Rules are to the Federal Rules of Civil Procedure.  In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

is made, a district court need only satisfy itself that there is no "clear error on the face of the record." *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 121 n.4 (2d Cir. 2022).

**B.  Summary Judgment**

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012).   A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." *Goenaga v. Mar. of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995) (citing *Celotex*, 477 U.S. at 322-23).

In ruling on a motion for summary judgment, the court must view all evidence "in the light most favorable to the non-moving party," *Overton v. N.Y. State Div. of Mil. & Naval Affs.*, 373 F.3d 83, 89 (2d Cir. 2004), and must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson*, 680 F.3d at 236.  But the non-moving party must advance more than a "scintilla of evidence," *Anderson*, 477 U.S. at 252, and demonstrate more than "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The non-moving party "cannot defeat the motion by relying on the allegations in [its] pleading or on conclusory statements." *Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518 (2d Cir. 1996).  "Affidavits submitted in support of or in opposition to the summary judgment motion must 'be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show

3

affirmatively that the affiant is competent to testify to the matters stated therein.'" *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004) (quoting Fed. R. Civ. P. 56(e)). The Court cannot rely on inadmissible hearsay in finding a dispute of fact. *See Abdel-Karim v. EgyptAir Airlines*, 116 F. Supp. 3d 389, 409 (S.D.N.Y. 2015), *aff'd sub nom, Abdel-Karim v. Egyptair Holding Co.,* 649 F. App'x 5 (2d Cir. 2016).

"'[I]n the rare circumstance where the plaintiff relies almost exclusively on her own testimony, much of which is contradictory and incomplete', to establish a triable issue of fact, it may well be impossible for the court to 'determine whether the jury could reasonably find for the plaintiff, and thus whether there are any genuine issues of material fact, without making some assessment of the plaintiff's account.'" *Bentley v. AutoZoners, LLC*, 935 F.3d 76, 86 (2d Cir. 2019) (quoting *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005)). At the same time, however, as the Second Circuit recently reiterated, a plaintiff's testimony, standing alone, may be independently sufficient to raise a genuine issue of material facts. *See Knox v. CRC Mgmt. Co., LLC*, 134 F.4th 39, 49 (2d Cir. 2025). While credibility assessments are typically the province of the jury, "a party's affidavit may not create an issue of fact by 'contradict[ing] the affiant's previous deposition testimony.'" *Maxwell v. City of New York*, 380 F.3d 106, 109 (2d Cir. 2004) (quoting *Hayes v. New York City Dep't of Corrections,* 84 F.3d 614, 619 (2d Cir. 1996)), *supplemented*, 108 F. App'x 10 (2d Cir. 2004). Nor can a party rely on their "testimony to raise a genuine issue of fact" if "that testimony is inescapably and unequivocally contradicted by [his] own sworn and written statements" and where he "offers no plausible explanation for the multitude of contradictions." *Bentley*, 935 F.3d at 88; *see also Aziz Zarif Shabazz v. Pico*, 994 F. Supp. 460, 470 (S.D.N.Y. 1998). However, the threshold for a Court to disregard a Plaintiff's testimony is quite high: the Court must find the record contradictions "inescapable and unequivocal" to find

that her testimony raised only "a sham issue of fact." *Fosamax Prods. Liability Litig.*, 707 F.3d 189, 194 (2d Cir. 2013).

## DISCUSSION

The Court assumes familiarity with the facts of this matter as thoroughly described in Judge Lehrburger's Report and Recommendation. *See* R&R at 10-26. Judge Lehrburger began with an analysis of Ms. Lee's Rule 56.1 Counterstatement of Material Facts, concluding that Ms. Lee's blanket objections unsupported by any specific evidence were insufficient to establish a genuine dispute as to any of the material facts. *Id*. at 1-10. Nonetheless, Judge Lehrburger then analyzed Ms. Lee's two remaining claims, concluding that, even taking into account Ms. Lee's 56.1 statement, the rampant contradictions in Ms. Lee's story of events "transcend credibility concerns" and fail to support claims of sexual harassment or retaliation. *Id*. at 5. Ms. Lee objects to all of Judge Lehrburger's conclusions and claims that the Report amounted to a denial of due process by a "corrupt" judge. *See generally* ECF No. 184 (objecting to the Magistrate Judge's entire R&R); *see generally* ECF No. 188 (reiterating objections and accusing Judge Lehrburger of corruption). The Court concludes that Judge Lehrburger's analysis was proper and, upon de novo review, awards summary judgment to Delta.

### I.    Sexual Harassment

"A plaintiff seeking relief against an employer for sexual harassment in the work place can proceed under two theories: quid pro quo harassment and a hostile work environment." *Distasio v. Perkin Elmer Corp.*, 157 F.3d 55, 62 (2d Cir. 1998) (citing *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 64-65 (1986)). Quid pro quo sexual harassment "occurs when an employer alters an employee's job conditions or withholds an economic benefit because the employee refuses to submit to sexual demands," while hostile work environment harassment "occurs when an employer's conduct has the purpose or effect of unreasonably interfering with an individual's work

5

performance or creating an intimidating, hostile, or offensive working environment." *Bermudez v. City of New York*, 783 F. Supp.2d 560, 579 (S.D.N.Y. 2011) (internal quotation marks omitted) (quoting *Carrero v. New York City Housing Authority*, 890 F.2d 569, 577 (2d Cir.1989)).

To state a sexual harassment claim under the NYCHRL, a plaintiff need only demonstrate "'that she has been treated less well than other employees because of her gender.'" *McHenry v. Fox News Network*, LLC, 510 F. Supp.3d 51, 66 (S.D.N.Y. 2020) (quoting *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013)). Or, put differently, that she "was subjected to 'unwanted gender-based conduct.'" *Id.* (quoting *Erasmus v. Deutsche Bank Americas Holding Corp.*, No. 15 Civ. 1398, 2015 WL 7736554, at *7 (S.D.N.Y. Nov. 30, 2015)). A plaintiff need not establish that discriminatory animus was the but-for cause or even the primary motivation of their alleged mistreatment, only that they were "'treated less well at least in part because of [their] gender.'" *Delo v. Paul Taylor Dance Found., Inc.*, 685 F. Supp.3d 173, 182-83 (S.D.N.Y. 2023) (quoting *Mihalik*, 715 F.3d at 110). Unlike federal law under Title VII, actionable conduct under the NYCHRL need not be severe or pervasive. *See Mihalik*, 715 F.3d at 114-15 (reversing dismissal of NYCHRL claim because district court applied Title VII standards). The standard under NYSHRL is similar. *See* N.Y. Exec. Law § 296(1)(h) (requiring that employee was subjected "to inferior terms, conditions or privileges of employment because of [the employee's] membership in one or more … protected categories"); *see Wheeler v. Praxair Surface Techs., Inc.*, 694 F.Supp.3d 432, 451 (S.D.N.Y. 2023) (recognizing that current NYSHRL standard "brings state law closer to the standard to establish a hostile work environment claim under the [NYCHRL], under which a plaintiff need only show that he was treated less well than other employees because of their protected class").

As Judge Lehrburger explained, Ms. Lee alleges in vague and conclusory terms unsupported by any external evidence that a coworker, Bernadette Tamasi, "sexually harassed

6

[her] every single day."  Declaration of Michael F. Fleming ("Fleming Decl.") at Ex. A at 304:14-15, ECF No. 165-1; *see also* Declaration of Erika Lee ("Lee Decl.") ¶ 58, ECF Nos. 172-1, 172-2 (stating that Tamasi was "always" sexually harassing Lee).  She also claims that Tamasi demanded that Lee wear heels and forced her to take a photo with the New York Mets' mascot, Mr. Met, to use for Tamasi's "sexual pleasure."  Lee Decl. ¶¶ 61-62.

But, as Judge Lehrburger found, these allegations directly contradict Ms. Lee's prior complaints about Tamasi.  For example, when Ms. Lee complained to her supervisor about Tamasi's conduct on April 6, 2019, and to the EO Director on April 7, 2019, she did not once mention sexual harassment or that Lee had any interaction with Tamasi before April 5, 2019; instead, she raised a separate incident regarding her uniform non-compliant shoes and complained of retaliation for exercising her ADA rights and for racial discrimination. Declaration of Henrietta Archie ("Archie Decl.") Ex. E at 2-3, ECF No. 168-5.  While repeatedly filing complaints about Tamasi, both to Delta and in various other judicial proceedings, Ms. Lee never alleged sexually harassing behavior until she amended her complaint in a California lawsuit in December 2020. Ms. Lee claims that she declined to complain about Tamasi's sexual harassment, at least in part, because Lee "didn't need to spell out sexual harassment . . . because it should've be [sic] understood or inferred that a masculine aggressive lesbian manager was forcing only 1 female subordinate . . . to wear heels and skirts." Lee Decl. ¶ 64.

The same goes for Ms. Lee's allegations about David Needham, Delta's New York HR Manager.  At her deposition in 2025, Lee raised for the first time that Needham made graphic and detailed sexual comments to her in several calls that took place on February 19, 2021. *See* Fleming Decl. Ex. D.  This is despite Ms. Lee having already made complaints about sexual harassment against Tamasi at this point and having had ample opportunity to make further complaints of harassment regarding her employment at Delta.

The Court agrees with Judge Lehrburger that no reasonable jury could believe Ms. Lee's inconsistent and unsupported allegations. Lee's assertions of sexual harassment are exactly the type of "inconsistent and contradictory statements" that "transcend credibility concerns and go to the heart of whether the party has raised genuine issues of material fact to be decided by a jury." *Rojas v. Roman Cath. Diocese of Rochester*, 660 F.3d 98, 106 (2d Cir. 2011); *see also Jeffreys*, 426 F.3d at 555; *Deebs v. Alstom Transp., Inc*, 346 F. App'x 654, 656 (2d Cir. 2009); *McBride v. C&C Apartment Mgmt. LLC*, No. 21 Civ. 2989, 2024 WL 4403701, at *7 (S.D.N.Y. Oct 1, 2024); *Wheeler v. Kolek*, No. 16 Civ. 7441, 2020 WL 6726947, at *8 (S.D.N.Y. Nov. 16, 2020). Ms. Lee's allegations are plainly insufficient to do so here. Accordingly, the Court overrules Plaintiff's objections to Judge Lehrburger's grant of summary judgment on these claims.

## II.    Retaliation

To establish a prima facie retaliation claim under Title VII and NYSHRL, a plaintiff must show, "that (1) she engaged in a protected activity; (2) her employer was aware of this activity; (3) the employer took adverse employment action against her; and (4) a causal connection exists between the alleged adverse action and the protected activity." *Summa v. Hofstra Univ.*, 708 F.3d 115, 125 (2d Cir. 2013). The elements of retaliation under the NYCHRL "differ only in that the plaintiff need not prove any adverse employment action; instead, [she] must prove that [the conduct] would be reasonably likely to deter a person from engaging in protected activity." *Owens v. City of N.Y. Dep't of Educ.*, No. 17 Civ. 519, 2021 WL 3862974 at *15 (S.D.N.Y. Aug. 30, 2021). Once a plaintiff has established a prima facie showing of retaliation, "the burden shifts to the employer to articulate some legitimate, non-retaliatory reason for the employment action." *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 845 (citing *U.S. v. Brennan*, 650 F.3d 65, 93 (2d Cir. 2011)). If the employer articulates a non-retaliatory reason for the adverse employment action, the plaintiff must then show that the defendant's proffered non-retaliatory reason is mere pretext.

8

*See Zann Kwan,* 737 F.3d at 845.  A plaintiff may show that an employer's proffered non-retaliatory explanations are pretextual by "rely[ing] on evidence comprising her prima facie case, including temporal proximity, together with other evidence such as inconsistent employer explanations, to defeat summary judgment." *Zann Kwan*, 737 F.3d at 847.

Ms. Lee alleges she was retaliated against on two occasions for seeking a disability accommodation and for complaining of racial and sexual harassment.  Plaintiff does not meaningfully argue that Delta's justifications are invalid; rather, she argues that they were not the real basis for her placement on leave and termination.  The only source of evidence for pretext is Plaintiff's uncorroborated deposition testimony, some of which constitutes inadmissible hearsay and other parts which contradict her own prior written statements.  The Court concludes that Plaintiff's testimony raises only "a sham issue of fact," and is insufficient to withstand summary judgment. *Fosamax Prods. Liability Litig.*, 707 F.3d 189, 194 (2d Cir. 2013).

### A.  2019 Allegations

With respect to placement on leave in 2019, the record unequivocally supports Delta's version of events.  During the first half of 2019, Ms. Lee supplied information from doctors certifying that she had medical lifting restrictions, which Delta determined prevented Lee from being able to satisfy the essential requirements of her job.  Delta entirely accommodated these restrictions.  Two weeks later, Lee resumed work after providing Delta with an updated certification from her doctor clearing her for work.  According to Lee, however, Delta had, in fact, "suspended" her for two weeks in retaliation for seeking an accommodation and complaining about racial and sexual discrimination.  The only evidence to support this is Plaintiff's deposition testimony in which she states that her supervisor told her that she was "being suspended because you are reporting . . . hostile workplace, sex race discrimination and hostile work environment." Fleming Decl. Ex. A at 252:13-15; *see also* Lee Memorandum at ("Lee Mem.") at 22, ECF 172 at

1-24 (asserting that "[Lee] was informed by Archie that [Lee] was being punished with suspended [sic] without pay for opposing and reporting sex discrimination to Delta and complaining about Tamasi's sexual harassment, sex and race discrimination, retaliatory write up/ and hostile work environment").   The Court agrees with Judge Lehrburger that this inconsistent and contradictory testimony—wholly unsupported by any other evidence in the record—is insufficient to create a dispute of fact with regard to retaliation.[2]

### B.  2021 Allegations

Ms. Lee's claim of retaliation in 2021 also fails for the failure to establish a pretextual reason for her termination.   Delta had a legitimate, non-discriminatory reason for suspending and terminating Lee in 2021, as Delta investigated and determined that Lee had been dishonest in her harassment allegations against Needham and failed to cooperate in Delta's investigation.

As Judge Lehrburger summarized,

> On September 20, 2020, Lee filed the California Action against Delta. (Fleming Decl. Ex. B.) At the time, Lee was on a personal convenience leave of absence and not expected to return until the beginning of May 2021. (Delta 56.1 ¶¶ 79-81.) On December 28, 2020, Lee filed her amended complaint in the California Action, which for the first time made allegations of sexual harassment by Tamasi. (Fleming Decl. Ex. C.) While still on leave, Lee filed complaints with DFEH on February 23, 2021, and again on April 3, 2021. (Fleming Decl. Ex. D; Dkt. 172-2 at ECF 66-68.) In the February 2021 DFEH complaint, Lee alleged she spoke with Needham about Tamasi's sexual harassment. (Fleming Decl. Ex. D at ECF 3-5.) Needham, who was investigating Lee's complaint, notified HR Manager Kruit that Lee's assertions in the DFEH complaint about speaking with Needham were false. (Kruit Decl. Ex. A.)
>
> On March 26, 2021, based on Needham's allegations, Kruit suspended Lee pending further investigation. (Kruit Decl. Ex. C.) Rather than fully cooperate in that investigation, Lee obfuscated. She claimed not to recall answers to basic questions

---

[2] Ms. Lee also asserts, without any evidence, that "Delta and Delta's attorneys are committing fraud on the court" and that "Delta manufactured documents, solely for this motion, to create a new narrative." Lee Decl. ¶¶ 9, 13. Such a "bald assertion of falsified affidavits and exhibits … is insufficient to overcome a motion for summary judgment." *Dixon v. Zenk*, 361 F. App'x 218, 219 (2d Cir. 2010).

and said she needed to review notes that never existed. (Delta 56.1 ¶¶ 98-99; Fleming Decl. Ex. A at 320:6-7.) When Lee asked that Delta provide any questions in writing, Delta did so, but Lee refused to answer them. (Delta 56.1 ¶¶ 102-03; Kruit Decl. ¶ 20 and Exs. D, G at ECF 2-4.) Kruit spoke with other personnel, including Tamasi, and reviewed Tamasi's employment record. (Delta 56.1 ¶¶ 104-07.) Based on Kruit's investigation, Delta determined that Lee failed to fully cooperate in the investigation and had fabricated the alleged conversation with Needham. (Delta 56.1 ¶ 108; Kruit Decl. Ex. G.) Delta then terminated Lee's employment for lack of candor and failure to cooperate in the investigation. (Delta 56.1 ¶ 109; Kruit Decl. ¶¶ 28-29.).

R&R at 44-45.

Ms. Lee does not appear to contest that her concoction of false allegations of harassment provided a non-discriminatory basis to terminate her.  Rather, she argues that the Court should make an inference of racial discrimination because Delta had a practice "of NOT suspending or terminating similarly situated non-black females . . . who intentionally make 100% knowingly false accusations about discrimination, physical assault, and hostile work environment that occurred in the workplace." Lee Mem. at 13.[3]  While true that such a comparator receiving different treatment would allow an inference of pretext, Ms. Lee fails to show that the purported comparators were similar in all material respects.  *See Tenemille v. Town of Ramapo*, No. 18 Civ.724, 2020 WL 5731964, at *16 (S.D.N.Y. Sept. 24, 2020) (dismissing retaliation claim where it could not be reasonably inferred from the factual allegations "that any non-African-American or non-Haitian employee similarly situated to Plaintiff in all material respects was subject to differential treatment by ... Defendants") (brackets omitted); *Henry v. NYC Health & Hosp. Corp.*, 18 F. Supp.3d 396, 408 (S.D.N.Y. 2014) ("A plaintiff may support an inference of race discrimination by demonstrating that similarly situated employees of a different race were treated

---

[3] The purported evidence on this point comes from documents provided by a prolific and repeatedly sanctioned litigant likely to be ghost-litigating this case, described in more detail in the R&R at 8-10; *see also* ECF No. 172-3 at 40-42.

more favorably, but in order to make such a showing, the plaintiff must compare herself to employees who are similarly situated in all material respects"). Most importantly, Ms. Lee's purported comparators did not engage in conduct like Lee's intentionally dishonest and insubordinate behavior. *See Redfern-Wallace v. Buffalo News*, 688 F. App'x 96, 97 (2d Cir. 2017) (summary order) (plaintiff failed to demonstrate that she and comparator were similarly situated in all material respects "because she did not demonstrate that they both engaged in conduct of comparable seriousness"). Accordingly, the Court concludes that, given the absence of any evidence of discriminatory treatment, Ms. Lee's retaliation claim fails. *Willford v. United Airlines, Inc.*, No. 21 Civ. 2483, 2023 WL 309787, at *3 (2d Cir. Jan. 19, 2023) (affirming summary judgment in favor of employer and stating that "our concern is whether [the plaintiff's] firing was the result of illegal discrimination, not whether it was otherwise fair or appropriate"); *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 169 (2d Cir. 2014) (affirming summary judgment in favor of employer and stating that "[w]hile we must ensure that employers do not act in a discriminatory fashion, we do not sit as a super-personnel department that reexamines any entity's business decisions").

## CONCLUSION

For the reasons discussed herein, Defendants' Motion for Summary Judgement is **GRANTED** and Ms. Lee's cross-motion is **DENIED**.

The Clerk of Court is respectfully directed to terminate ECF No. 162, and to close this case.

SO ORDERED.

Dated: June 30, 2026
New York, New York

DALE E. HO
United States District Judge