UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIKA LEE,

Plaintiff,

v.

DELTA AIR LINES, INC., DAVID NEEDHAM, and JOSE ROSADO,

Defendants.

22 Civ. 8618 (DEH)

**MEMORANDUM OPINION AND ORDER**

DALE E. HO, United States District Judge:

Plaintiff Erika Lee moves for reconsideration of the Court's June 30, 2026 Memorandum Opinion and Order (ECF No. 189, "Order") adopting the report and recommendation of Magistrate Judge Lehrburger recommending that Defendant Delta Airlines' Motion for Summary Judgment be granted and Ms. Lee's cross-motion be denied. *See* R&R, ECF No. 183. Because Plaintiff identifies no controlling decision or factual matter the Court overlooked or any other basis for reconsideration, the Motion is **DENIED**.

"A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). "[T]he . . . standard for a district court to grant such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked and might reasonably be expected to alter the conclusion reached by the court." *Smith v. CVS Albany, LLC*, No. 20 Civ. 4000, 2022 WL 3022526, at *1 (2d Cir. Aug. 1, 2022). Courts also grant reconsideration to "correct a clear error or prevent manifest injustice." *Schoolcraft v. City of New York*, 298 F.R.D. 134, 136 (S.D.N.Y. 2014). That said, a motion for reconsideration "is not a

vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *accord Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *11 (S.D.N.Y. Aug. 4, 2021).

In essence, Plaintiff's motion here seeks to relitigate the issue of whether the magistrate judge erred in striking Ms. Lee's Rule 56.1 Counterstatement of Material Facts, concluding that Ms. Lee's blanket objections unsupported by any specific evidence were insufficient to establish a genuine dispute as to any of the material facts. R&R. at 1-10. But as the Court addressed on de novo review, no reasonable jury could believe Ms. Lee's inconsistent and unsupported allegations even if they were properly before the Court. Order at 1, 5-12. Taking Ms. Lee's unsupported assertions as true, these are exactly the type of "inconsistent and contradictory statements" that "transcend credibility concerns and go to the heart of whether the party has raised genuine issues of material fact to be decided by a jury." *Rojas v. Roman Cath. Diocese of Rochester*, 660 F.3d 98, 106 (2d Cir. 2011). Ms. Lee identifies no factual basis or legal authority to disturb this conclusion.

To the extent Ms. Lee does offer something new, it is only that "Corrupt District Judge HO . . . is so corrupt, incompetent[,] and lazy that he made absolutely no effort to address any of Plaintiff's objections." Mot. for Reconsideration at 24, ECF No. 190. Even assuming that Ms. Lee's description of the undersigned is correct, these pejoratives do not form a basis for reconsideration. In any event, as noted above, the Court conducted de novo review Judge Lehrburger's thorough Report and Recommendation, and affirmed its conclusions. *Doe v. Columbia Univ.*, No. 25 Civ. 2132, 2026 WL 1831925, at *1 (S.D.N.Y. June 25, 2026).

For the reasons discussed herein, Ms. Lee's Motion for Reconsideration is **DENIED**. The Clerk of Court is respectfully directed to terminate ECF No. 190.

SO ORDERED.

Dated: August 4, 2026
New York, New York

DALE E. HO
United States District Judge